

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
+1 213 896 6000
+1 213 896 6600 FAX

AMERICA • ASIA PACIFIC • EUROPE

ADEGEN@SIDLEY.COM
+1 213 896 6682

May 3, 2018

**Filed Electronically**

The Honorable Edward M. Chen
U.S. District Court, Northern District of California
Phillip Burton Federal Building and U.S. Courthouse
450 Golden Gate Avenue, Courtroom 5 –17th Floor
San Francisco, California 94102

      Re:    <u>Crista Ramos, et al. v. Kirstjen Nielsen, et al.</u>, Case No. 3:18-cv-01554-EMC

Dear Judge Chen:

      This joint letter brief concerns a discovery dispute. Plaintiffs seek early discovery to support a motion for a preliminary injunction. Fed. R. Civ. P. 26(d)(1). For the reasons explained below, Defendants oppose Plaintiffs' request. On April 26, 2018, the Parties met and conferred telephonically. Plaintiffs provided Defendants with advance draft discovery requests. Plaintiffs also proposed conducting an early Rule 26(f) Conference and postponing the TPS termination dates that necessitate preliminary relief. Defendants did not agree to these proposals, and lead counsel were unable to resolve the dispute despite good faith negotiation.

### I.    Background

      This case concerns a humanitarian relief program called Temporary Protected Status ("TPS"). Plaintiffs are nine individual TPS holders and five U.S. citizen children representing a putative class of American children impacted by the decisions to terminate TPS designations for El Salvador, Haiti, Nicaragua, and Sudan, in violation of the Administrative Procedure Act and the Fifth Amendment. Because of Defendants' actions, the named Plaintiff TPS holders (like approximately 200,000 other individuals) will lose their status and face a risk of deportation unless they leave voluntarily before their TPS end date. In particular, approximately 6,000 Sudanese and Nicaraguan TPS holders face loss of status as soon as November 2, 2018, and January 5, 2019, respectively. Plaintiffs intend to show in their motion for preliminary injunction that families are already suffering irreparable harm as they are forced to plan for the horrific consequences of Defendants' actions. Because significant harms will almost certainly occur before the merits of this case can be resolved, Plaintiffs will seek to preserve the status quo with a preliminary injunction.

### II.    Plaintiffs' Position for Early, Limited Discovery

      "Discovery can begin [before a Rule 26(f) conference] if authorized . . . by local rule, order, or stipulation." Fed. R. Civ. P. 26(d) advisory committee's note to 1993 amendment

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

(citing, as an example, cases involving preliminary injunctions). This Court permits expedited discovery for "good cause"—"where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). District courts commonly consider: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on defendants; and (5) how far in advance of the request was made. *Apple Inc. v. Samsung Elec. Co., Ltd.*, No. 11-cv-01846-LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011) (internal quotation omitted).

All five "good cause" factors favor discovery before the Rule 26(f) conference here. *First*, courts have found good cause even when plaintiffs sought discovery merely to evaluate *whether* to seek a preliminary injunction, whereas Plaintiffs *will* seek one given the timing of the TPS terminations. *Apple*, 2011 WL 1938154, at *2. *Second*, Plaintiffs propose limited discovery: a single interrogatory, two requests for admission, twelve requests for production, and a single deposition. *See* Attachment A. They focus on a limited time period, a limited number of custodians, and information at the core of this lawsuit that Plaintiffs have no other practical means to obtain. *Third*, each discovery request is designed to elicit evidence for the preliminary injunction by exposing, *inter alia*, the arbitrary and racially-motivated nature of Defendants' decision-making. *See Apple*, 2011 WL 1938154, at *2. *Fourth*, there is no unfair burden as Defendants would still have 30 days to respond. *Cf. Gomez v. Sessions*, No. 3:17-cv-03615-VC, Dkt. 47 (N.D. Cal. Sept. 8, 2017) (permitting early discovery in putative class action relating to immigrant children). Defendants can hardly protest responding to a handful of written discovery requests and producing one witness when the constitutional rights of over 200,000 TPS holders and 200,000 U.S. citizen children are at stake. *See Semitool, Inc.*, 208 F.R.D. at 276 (finding "consideration of the administration of justice" outweighed burden objections). *Finally*, Plaintiffs' request comes roughly three weeks before discovery would begin. The last day for the parties to conduct their Rule 26(f) Conference is May 24, 2018. (Dkt. 6 at 1-2.)

Defendants' objections are incorrect. Their jurisdictional position is obviously wrong as to the constitutional claims. It is also incorrect as to the APA claim because Plaintiffs do not challenge the TPS terminations themselves under the APA, but rather the adoption of Defendants' new rule barring consideration of other post-designation events. Their discovery position is incorrect as to the APA claim for the same reasons, and would fail in any event for the reasons stated in *Regents of the Univ. of Cal. v. Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2018 WL 1210551, at *2 (N.D. Cal. Mar. 8, 2018). Defendants cannot prevent discovery on constitutional claims. *E.g.*, *Carlsson v. U.S. Citizenship & Immigration Servs.*, No. 2:12–cv–07893–CAS(AGRx), 2015 WL 1467174, at *13-14 (C.D. Cal. Mar. 23, 2015) (authorizing depositions and other discovery because "[a] plaintiff may under some circumstances maintain a constitutional due process claim alongside . . . APA claims, and conduct discovery"). Defendants' scope objection also fails, even as to the APA claim, because the records Plaintiffs seek include "documents and materials directly or indirectly considered by agency decision-makers." *Thompson v. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989).

If the Court does not permit discovery until resolving Defendants' as-yet unfiled motion to dismiss, approximately six thousand TPS holders will lose their status, and their American children will suffer great harm, without the opportunity to present to this Court the critical information they now seek in support of their preliminary injunction.

### III.  Defendants' Position

This Court should preclude discovery of Plaintiffs' statutory claim in this case, where Congress has expressly prohibited the judicial review of TPS determinations. 8 U.S.C. § 1254a(b)(5)(A) ("There is no judicial review of any determination of the [Secretary] with respect to the designation, or termination or extension of a designation, of a foreign state under this subsection."). These determinations are integrally related to foreign relations and to an assessment of country conditions that Congress has vested in the Secretary alone, after consultation with other appropriate agencies.  Congress therefore concluded that they are not suitable for judicial second-guessing. Plaintiffs cannot avoid this clear prohibition by artfully pleading their statutory claim as a challenge to a "new rule barring consideration of other post-designation events."

Even if Section 1254a is not clear enough to entirely preclude petitioners' constitutional claims, *see Webster v. Doe*, 486 U.S. 592, 603-604 (1988), those claims must nevertheless proceed under the APA and therefore are not subject to discovery. "When reviewing an agency decision, 'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006) (citing Camp v. Pitts, 411 U.S. 138, 142 (1973)). This rule applies equally to cases involving constitutional claims. *See* 5 U.S.C. § 706(2)(B); *Chiayu Chang v. United States Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017) (collecting cases from several jurisdictions). Allowing discovery here would "incentivize every unsuccessful party to agency action to allege . . . constitutional violations in order to trade in the APA's restrictive procedures for the . . . ones of the Federal Rules of Civil Procedure." *Chiayu Chang*, 254 F. Supp. at 162 (quotation omitted). The limitations on civil discovery should apply with particular force here, and it would be perverse to permit greater intrusion into the agency procedures than otherwise provided by the APA given Congress's attempt to shield these determinations from judicial review. This is particularly true here, where the Supreme Court has established a "particularly demanding" standard for showing animus that requires "clear evidence" of "outrageous" discrimination before courts can second guess the Secretary's decisions with respect to immigration. *Reno v. Am.–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 488-491 (1999) (recognizing the complex considerations, including foreign policy implications, involved in the enforcement of immigration laws).

If the Court were to allow Plaintiffs to take discovery in this case, Defendants nevertheless oppose their instant request to take early discovery before Defendants' anticipated dispositive motion has been resolved. "The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Furthermore, the early discovery requests are not limited in scope as Plaintiffs claim, but seek full-fledged discovery into every aspect of the TPS decision-making process. It would be inappropriate to allow such discovery now before the Court has ruled on the legal sufficiency of their allegations.

Finally, if the Court permits early discovery, Defendants also request that the time for responding to Plaintiffs' discovery requests not commence until the Court has ruled on the instant motion.

Respectfully submitted,

| | |
|---|---|
| */s/ Alycia A. Degen* | */s/ Rhett Martin* |
| Alycia A. Degen | Rhett Martin |
| Sidley Austin LLP | U.S. Department of Justice, Civil Division |
| adegen@sidley.com | Rhett.Martin@usdoj.gov |
| *Attorney for Plaintiffs* | *Attorney for Defendants* |

## Attestation Pursuant to Civil Local Rule 5-1(i)(3)

      I, Alycia A. Degen, attest that concurrence in the filing of this joint letter regarding disputed discovery matters has been obtained from the other signatory, Rhett Martin. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 3rd Day of May, 2018, in Los Angeles, California.


                                        */s/ Alycia A. Degen*
                                        Alycia A. Degen
                                        Sidley Austin LLP