Alycia A. Degen (SBN 211350)
adegen@sidley.com
Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6010
Facsimile: +1 213 896 6600

Ahilan T. Arulanantham (SBN 237841)
aarulanantham@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: +1 213 977 5211
Fax: +1 213 977 5297

Jessica Karp Bansal (SBN 277347)
jbansal@ndlon.org
Emilou MacLean (SBN 319071)
emi@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
674 S. La Fayette Park Place
Los Angeles, CA  90057
Telephone: +1 213 380 2214
Fax: +1 213 380 2787

Attorneys for Plaintiffs
[*Additional Counsel Listed on Next Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| CRISTA RAMOS, *et al.*,<br><br>    Plaintiffs,<br><br>    vs.<br><br>KIRSTJEN NIELSEN, *et al.*,<br><br>    Defendants. | Case No.  3:18-cv-1554-EMC<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date:   June 22, 2018<br>Time:   10:30 a.m.<br>Place:  Courtroom 5, 17th Floor<br><br>Complaint Filed:    March 12, 2018<br>Trial Date:         None set |

*Additional Counsel for Plaintiffs*

William S. Freeman (SBN 82002)
wfreeman@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: +1 415 621 2493
Fax: +1 415 863 7832

Mark E. Haddad (SBN 205945)
markhadd@usc.edu
699 Exposition Boulevard
Los Angeles, CA 90089-0071
Telephone: +1 213 675 5957

Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
Ryan M. Sandrock (SBN 251781)
rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1219
Facsimile: +1 415 772 7400

Amanda Farfel (SBN 288126)
afarfel@sidley.com
Andrew B. Talai (SBN 300053)
atalai@sidley.com
Marisol Ramirez (SBN 307069)
marisol.ramirez@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6640
Facsimile: +1 213 896 6600

Plaintiffs file this "short supplemental brief . . . describing with specificity what jurisdictional discovery they would seek, if granted leave, to prove the existence of Defendants' alleged new rule, should the Court find Defendants' attack on jurisdiction to be factual." Dkt. 20. Further, Plaintiffs clarify their view that Defendants' challenge to subject matter jurisdiction is facial, *not* factual.

## I. PLAINTIFFS' PROPOSED DISCOVERY REQUESTS

To prove the existence of Defendants' "new rule," Compl. ¶¶ 4, 74-88, or "unexplained departure from prior practice," *id.* ¶ 11, Plaintiffs would seek the production of documents and information responsive to the requests listed below, which were made as part of Plaintiffs' request for early discovery, Dkt. 14-1. Plaintiffs would also propound additional, more specific requests identified as part of their ongoing investigation and review of newly available materials. The new requests Plaintiffs can identify as of this time are also listed below.

### A. Existing Discovery Requests

**Special Interrogatory No. 1.**  Identify by title, date of creation, and author all memoranda, directives, guidance, position papers, or statements of policy or practice received, prepared, or considered by DHS since November 8, 2016, *about what factors to consider* when deciding whether to extend or terminate Temporary Protected Status designations—whether formally or informally adopted, and whether the materials received or considered were created prior or subsequent to November 8, 2016.[1] (emphasis added).

**Request for Production 1.**  Produce all documents identified in response to Interrogatory No. 1.

**Request for Production 4.**  Communications since November 8, 2016, between or on behalf of, on the one hand, the secretary, deputy secretary, director, deputy director, commissioner, deputy commissioner, chief of staff, or director of legislative affairs (as to all such positions, whether acting or appointed) of DHS, U.S. Immigration & Customs Enforcement, U.S. Citizenship & Immigration

---

[1] As communicated to Defendants during a June 8, 2018 meet and confer, and subsequent email correspondence, Plaintiffs interpret this Interrogatory to include all memoranda, directives, guidance, position papers, or statements of policy regarding the factors DHS considers when deciding to extend or terminate TPS—regardless of when they were created. In other words, this would include any such documents created since 1990, unless they were abrogated as an official matter before November 8, 2016.

Services, U.S. Customs & Border Protection, and the U.S. Department of State, and, on the other hand, any member of Congress (or their staff), international bodies, or nongovernmental organizations regarding whether to extend or terminate the TPS designations for El Salvador, Haiti, Nicaragua, and/or Sudan.

**Request for Production 6.**  Documents used to prepare then-DHS Secretary Kelly for testimony regarding terminations of TPS designations before the Senate Committee on Homeland Security and Governmental Affairs on June 6, 2017.

**Request for Production 7.**  Documents used to prepare DHS Secretary Nielsen for testimony regarding terminations of TPS designations before the Senate Committee on Homeland Security and Governmental Affairs on January 16, 2018.

**Request for Production 8.**  Documents and communications related to drafts of DHS's press releases or internal memoranda that announced, explained, or implemented the TPS termination decisions, including any memoranda or guidance about how to respond to questions from media or TPS holders.

**Request for Production 12.**  Produce the administrative record, if any, that was before DHS pertaining to the decision to interpret the TPS statute to require that the Secretary focus only on the "originating condition" when determining whether to extend or terminate a TPS designation. [[Add 30b6 depo]]

**B.**     **Supplemental Discovery Requests**

**Supplemental Request for Production 1.**[2]  USCIS "Decision" memoranda, and accompanying documents, concerning TPS determinations for El Salvador, Haiti, Honduras, Nicaragua and Sudan since January 1, 2014.

**Supplemental Request for Production 2.**  All USCIS "TPS Considerations" memoranda, and accompanying documents, concerning TPS determinations for El Salvador, Haiti, Honduras, Nicaragua and Sudan since January 1, 2014.

---

[2] All Requests referencing positions (such as Secretary or Director) include acting or appointed.

**Supplemental Request for Production 3.**  All communications concerning USCIS Decision Memoranda and USCIS TPS Considerations Memoranda, and accompanying enclosures, related to TPS determinations for El Salvador, Haiti, Honduras, Nicaragua and Sudan since January 1, 2014.

**Supplemental Request for Production 4.**  All documents and communications discussing the "Action Memo" from the Acting Assistant Secretary for the Bureau of Population, Refugees, and Migration and the Acting Assistant Secretary for the Bureau of Western Hemisphere Affairs to the Secretary of State regarding temporary protected status for Honduras, Nicaragua, Haiti, and El Salvador.

**Supplemental Request for Production 5.** All communications between the Secretary of Homeland Security and the Director of USCIS regarding TPS determinations for El Salvador, Haiti, Honduras, Nicaragua and Sudan since January 1, 2014.

**Supplemental Request for Production 6.** All communications between Kathy Nuebel Kovarik and anyone in the Department of Homeland Security concerning TPS.

**Supplemental Request for Production 7.** All communications between Brian Hook and individuals in the Department of State's Bureau of Population, Refugees, and Migration or Bureau of Western Hemisphere Affairs regarding TPS.

**Supplemental Request for Production 8.**  All communications between Taryn Frideres and individuals in the Department of State's Bureau of Population, Refugees, and Migration or Bureau of Western Hemisphere Affairs regarding TPS.

**Supplemental Request for Production Request 9.**  All communications between Brian Hook and Taryn Frideres regarding TPS.

**Supplemental Request for Production 10.**  All communications between White House personnel affiliated with the Domestic Policy Council, including but not limited to Stephen Miller and Andrew Veprek, and individuals in the Department of State's Office of Policy and Planning, Bureau of Population, Refugees, and Migration, and Bureau of Western Hemisphere Affairs regarding TPS since November 8, 2016.

**Supplemental Request for Production 11**.  All communications between Gene Hamilton and individuals in the Department of Homeland Security and/or White House regarding TPS.

**Supplemental Request for Production 12.** All communications between the Secretary of State and the Secretary of Homeland Security regarding the decision to extend or terminate TPS for any country since November 8, 2012, including but not limited to the letter from Secretary Tillerson to Acting Secretary Duke dated October 31, 2017 and accompanying enclosures.

**Supplemental Request for Production 13.** All memoranda, directives, guidance, position papers, or statements of policy or practice, and accompanying enclosures, prepared by the DHS Office of General Counsel regarding TPS extension and termination decisions.

**Supplemental Request for Production 14.** All memoranda, directives, guidance, position papers, or statements of policy or practice, and accompanying enclosures, prepared by the USCIS Office of the Chief Counsel regarding TPS extension and termination decisions.

**Supplemental Request for Production 15.** All memoranda, directives, guidance, position papers, or statements of policy or practice prepared by the Department of State's Office of the Legal Adviser regarding TPS extension and termination decisions.

**Supplemental Request for Production 16.** Documents used to prepare DHS Secretary Nielsen for testimony regarding terminations of TPS designations before the House Appropriations Committee, Homeland Security Subcommittee on April 11, 2018.

**Supplemental Request for Production 17.** Documents used to prepare DHS Secretary Nielsen for testimony regarding TPS before the Senate Judiciary Committee on January 16, 2018.

**Supplemental Request for Production 18.** Documents within DHS concerning, analyzing, or communicating about legislative proposals concerning TPS since November 8, 2016, including HR 2604 (TPS Reform Act) and HR 5496 (TPS Process Reform Act).

**Supplemental Request for Production 19.** The "Action Memos" from the Acting Assistant Secretary for the Bureau of Population, Refugees, and Migration and the Acting Assistant Secretary for the Bureau of Western Hemisphere Affairs to the Secretary of State regarding temporary protected status for Honduras, Nicaragua, Haiti, and El Salvador, and accompanying documents, since January 1, 2014.

## II. DEFENDANTS' JURISDICTIONAL CHALLENGE IS NOT FACTUAL

Plaintiffs also wish to clarify their view that Defendants' challenge to the Court's subject matter jurisdiction is not factual, but rather facial. Plaintiffs raise this point because, if in fact Defendants have made only a facial attack on subject matter jurisdiction, then the rules do not require Plaintiffs to propound *at this time* all the discovery they would seek to prove the existence of the new rule, or unexplained departure, that the complaint alleges. Plaintiffs are entitled to propound that discovery in the normal course of this litigation. In particular, if one witness or set of documents gives rise to further leads, Plaintiffs are entitled to the normal time available to pursue them through additional discovery requests.

As the Court's order recognizes, a "facial" attack on subject matter jurisdiction accepts the truth of plaintiff's allegations, but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). A "factual" challenge, by contrast, "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* If the defendant raises a factual challenge, the plaintiff must support her jurisdictional allegations with "competent proof." *Id.* (quoting *Hertz Corp. v. Friend*, 599 U.S. 77, 96-97 (2010)).

Defendants have not raised a factual attack here. MTD at 2, 20-23; Reply 1-5. Unlike their challenge under Rule 12(b)(6), Defendants' challenge to subject matter jurisdiction does not turn on the "truth of the plaintiff's factual allegations," nor does it rely on extensive "evidence outside the pleadings." *See Leite*, 749 F.3d at 1121.

Plaintiffs ground jurisdiction in the general federal question statute, 28 U.S.C. 1331, and the Administrative Procedure Act, 5 U.S.C. 702. Compl. ¶¶ 12-13. Defendants' challenge to subject matter jurisdiction rests on a stripping provision, 8 U.S.C. 1254a(b)(5)(A), which they maintain "forecloses *all* claims in [federal court] relating to the Secretaries' TPS determinations, constitutional and otherwise." MTD at 21. Plaintiffs respond that Section 1254a(b)(5)(A) only bars review of the Secretary's decision that a country "no longer continues to meet the conditions for designation," *see* Section 1254a(b)(3)(B), because the stripping provision only bars review of "any *determination* of the [Secretary] with respect to the . . . termination or extension of a designation[] of

5

a foreign state *under this subsection*." 8 U.S.C. 1254a(b)(5)(A) (emphases added). Opp. to MTD at 10-13 (citing, *inter alia*, *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 63-64 (1993)).[3]

Resolution of this dispute does not turn on any factual question, including the parties' dispute over whether or not there has been a "new rule," or unexplained departure from prior practice, concerning how TPS determinations are made. Section 1254a(b)(5)(A) either does or does not strip jurisdiction over claims challenging unexplained departures from (or new rules changing) prior TPS decisionmaking practices. If it does, then this Court lacks jurisdiction whether or not such a new rule has been created. If it does not, then this Court has jurisdiction over the APA claim. Defendants' assertion that there has been no change in their policy goes only to their motion to dismiss under Rule 12(b)(6). In sum, the parties' dispute concerns the appropriate construction and application of a jurisdiction-stripping provision—it does not present a dispute over factual allegations that might otherwise provide a basis for, say, removal to federal court.

Defendants' brief appears to implicitly acknowledge this fact, as it discusses the dispute concerning the unexplained departure from prior practice in the sections of their motion and reply papers addressing whether Plaintiffs have stated a claim for relief under the Administrative Procedure Act. MTD at 24-27; Reply 12-14. Plaintiffs maintain they have plausibly alleged that there is a "new rule" for making TPS determinations. Opp. to MTD at 6-10 & n.7. But for purposes of subject matter jurisdiction, the Court need not find that Defendants actually adopted a new rule. It need find only that, *if* Defendants have done so, Section 1254a(b)(5)(A) would not bar a challenge to the adoption of that new rule under the APA.

## CONCLUSION

The Court should deny Defendants' motion to dismiss or, alternatively, order Defendants to respond to additional discovery requests.

/ / /

/ / /

/ / /

/ / /

---

[3] Plaintiffs separately assert Section 1254a cannot bar their constitutional claims. *See* Opp'n at 13-16.

Date: June 21, 2018

Respectfully submitted,

SIDLEY AUSTIN LLP

By: */s/ Alycia A. Degen*

    Alycia A. Degen
    Sean A. Commons
    Nicole M. Ryan
    Ryan M. Sandrock
    Amanda Farfel
    Andrew B. Talai
    Marisol Ramirez

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

    Ahilan T. Arulanantham

ACLU FOUNDATION OF NORTHERN CALIFORNIA

    William S. Freeman

NATIONAL DAY LABORER ORGANIZING NETWORK

    Jessica Karp Bansal
    Emilou MacLean

    *Attorneys for Plaintiffs*