Case 3:18-cv-01554-EMC   Document 43-3   Filed 07/17/18   Page 1 of 8

# Exhibit 3

CHAD A. READLER
Acting Assistant Attorney General
Civil Division
JOHN R. TYLER
Assistant Branch Director.
RHETT P. MARTIN
Trial Attorney
DC Bar No. 999272
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 305-7538
Fax: (202) 616-8460
Rhett.martin@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTA RAMOS, *et al.*, | Case No. 3:18-cv-01554-EMC |
| Plaintiffs, | **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SPECIAL INTERROGATORIES** |
| v. | |
| KIRSTJEN NIELSEN, *et al.*, | |
| Defendants. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26 and 33 of the local rules of the United States District Court for the District of California, San Francisco Division, Defendants the United States Department of Homeland Security ("DHS"); Kirstjen Nielsen, Secretary of Homeland Security; Claire M. Grady, Acting Deputy Secretary of Homeland Security,[1] and the United States of America (collectively, "Defendants"), by and through undersigned counsel, hereby respond to Plaintiffs' Special Interrogatory No. 1, as required by the Court in its June 25, 2018 Order and June 25, 2018 Minute Entry (ECF Nos. 34 and 35). In listing the documents responsive to Interrogatory No. 1, Defendants do not waive any privileges that may apply to those documents. Those privileges will be set forth in the privilege log accompanying the administrative records and responses to Requests for Production Nos. 1, 4, 6, and 7.

**GENERAL OBJECTIONS TO INTERROGATORY NO. 1**

1.  Defendants continue to maintain, as discussed in the May 3, 2018 Joint Discovery Letter (ECF No. 14), the May 17, 2018 Joint Case Management Statement (ECF No. 16), and the June 15, 2018 Joint Discovery Letter (ECF No. 28), that this case, to the extent it is allowed to proceed, should be decided on the official administrative record without discovery. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 975 (9th Cir. 2006) (describing limited circumstances in which court may look beyond administrative record). Defendants produced administrative records for the terminations of TPS for Sudan and Nicaragua on July 2, 2018, and will produce the records for Haiti and El Salvador on July 9, 2018.

---

[1] Elaine Duke was originally named in her official capacity as Deputy Secretary. She has since retired, and Claire M. Grady has been substituted under Rule 25(d) of the Federal Rules of Civil Procedure.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION NOS. 1, 4, 6, AND 7
No. 3:18-cv-1554 - 1

## OBJECTIONS AND RESPONSES TO INTERROGATORY NO. 1

**SPECIAL INTERROGATORY NO. 1:** Identify by title, date of creation, and author all memoranda, directives, guidance, position papers, or statements of policy or practice received, prepared, or considered by DHS since November 8, 2016, about what factors to consider when deciding whether to extend or terminate Temporary Protected Status designations—whether formally or informally adopted, and whether the materials received or considered were created prior or subsequent to November 8, 2016.

**OBJECTIONS:** Defendants object to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for "all memoranda, directives, guidance, position papers, or statements of policy or practice received, prepared, or considered by DHS since November 8, 2016, about what factors to consider when deciding whether to extend or terminate Temporary Protected Status designations." "DHS" contains many components and employs approximately 240,000 individuals. *See* https://www.dhs.gov/about-dhs. To the extent that Plaintiffs are requesting these materials from DHS employees other than the DHS Secretaries and the DHS personnel that directly advised them, such a request would be overly broad, unduly burdensome, and disproportionate to the needs of the case. Defendants likewise object on the grounds that the phrase "memoranda, directives, guidance, position papers, or statements of policy or practice" is vague and ambiguous. Defendants also object to this request on the ground that is calls for privileged material, including material protected by the attorney-client privilege, work product doctrine, the deliberative-process privilege, executive privilege, and the law enforcement privilege.

**RESPONSE:** Subject to and without waiving the above objections and privileges, Defendants respond that the following materials are responsive to Special Interrogatory. Defendants reserve the right to supplement this response as their review of potentially responsive documents is ongoing.

Defendants list the following materials responsive to Special Interrogatory No. 1:

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR
PRODUCTION NOS. 1, 4, 6, AND 7
No. 3:18-cv-1554 - 2

1. U.S.C.I.S. Memorandum Re: Sudan's Designation for Temporary Protected Status (with attachments), August 17, 2017, from James w. McCament;

2. U.S.C.I.S. Memorandum Re: Sudan's Designation for Temporary Protected Status, August 28, 2017, from James w. McCament;

3. U.S.C.I.S. Memorandum Re: Sudan's Designation for Temporary Protected Status, August 30, 2017, from James w. McCament;

4. U.S.C.I.S. Memorandum Re: Sudan's Designation for Temporary Protected Status, September 1, 2017, from James w. McCament;

5. U.S.C.I.S. Memorandum Re: Sudan's Designation for Temporary Protected Status, September 1, 2017, from James w. McCament;

6. Memorandum for the Acting Secretary Re: Sudan's Designation for Temporary Protected Status (with attachments), August 31, 2017, from Joseph B. Maher, Acting General Counsel of U.S. Department of Homeland Security;

7. State Department Cover Letter and Department of State Recommendation Regarding Extension of Temporary Protected Status (TPS) For the Republic of Sudan, September 1, 2017, from Deputy Secretary of State John Sullivan and State Department Staff;

8. Memorandum for the Acting Secretary Re: Designation of Temporary Protected Status for Honduras, Nicaragua, and El Salvador, October 31, 2017, from James D. Nealon;

9. U.S.C.I.S. Decision Memorandum for the Acting Secretary Re: Nicaragua's Designation for Temporary Protected Status, October 26, 2017, from L. Francis Cissna (with attachment: Temporary Protected Status Considerations: Nicaragua, April 2017, U.S. Department of Homeland Security, Refugee, Asylum, International Operations);

10. Memorandum for the Deputy Chief of Staff Re: TPS Recommendations for El Salvador, Honduras, and Nicaragua, October 31, 2017, Scott Krause;

11. Memorandum Re: Nicaragua's Designation for Temporary Protected Status, November 6, 2017, from Acting Secretary Elaine C. Duke;

12. U.S.C.I.S. Memorandum Re: Haiti's Designation for Temporary Protected Status (with attachments), November 3, 2017, from L. Francis Cissna;

13. TPS CONSIDERATIONS: HAITI (OCTOBER 2017) NATURAL DISASTER, October 2017, U.S. Citizenship and Immigration Services;

14. U.S.C.I.S. Decision Memorandum Re: El Salvador's Designation for Temporary Protected Status, October 26, 2017, from L. Francis Cissna;

15. TEMPORARY PROTECTED STATUS CONSIDERATIONS: EL SALVADOR, June 2017, U.S. Citizenship and Immigration Services;

16. DHS Intelligence Assessment for El Salvador, Honduras, Haiti, and Nicaragua, November 2, 2017, DHS Office of Intelligence and Analysis;

17. Intelligence Note, October 19, 2017, U.S. Customs and Border Protection;

18. Temporary Protected Status Meeting Re: Honduras, Nicaragua, and El Salvador, October 13, 2017, author unknown;

19. Secretary of State Letter to Acting Secretary Duke (with attached country conditions reports for El Salvador, Haiti, Honduras, and Nicaragua), October 31, 2017, Secretary of State Rex Tillerson;

20. Discussion Paper on Temporary Protected Status, November 3, 2017, National Security Council;

21. Meaning of Armed Conflict for purposes of Temporary Protected Status, December 20, 2017, Refugee and Asylum Law Division, Office of Chief Counsel, USCIS;

22. How is the Term "Armed Conflict" Defined in International Humanitarian Law?, March 2008, International Committee of the Red Cross (ICRC);

23. Email memorandum discussing legislative history of TPS, January 31, 2018, Refugee and Asylum Law Division, Office of Chief Counsel, USCIS;

24. Temporary Protected Status Briefing, May 19, 2017, Office of Policy and Strategy;

1     25.     Temporary Protected Status Meeting, October 10, 2017, Multiple DHS and USCIS Offices;

2     26.     Temporary Protected Status Designations for Central American Countries, October 10, 2017, Multiple DHS and USCIS Offices;

3     27.     Temporary Protected Status Briefing, May 23, 2017, Multiple DHS and USCIS Offices.

Dated: July 6, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

JOHN R. TYLER
Assistant Branch Director

/s/ *Rhett P. Martin*
RHETT P. MARTIN
Trial Attorney
DC Bar No. 999272
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 305-7538
Fax: (202) 616-8460
Rhett.martin@usdoj.gov

# CERTIFICATION OF

I certify under penalty of perjury that the foregoing response to Special Interrogatory No. 1 are true and correct to the best of my knowledge, information, belief, understanding, and recollection.

Date: July 6, 2018

*[signature]*

David J. Palmer
Chief of Staff, Office of the General Counsel
Department of Homeland Security

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR
PRODUCTION NOS. 1, 4, 6, AND 7
No. 3:18-cv-1554 - 6