# Exhibit 4

CHAD A. READLER
Acting Assistant Attorney General
Civil Division
JOHN R. TYLER
Assistant Branch Director.
RHETT P. MARTIN
Trial Attorney
DC Bar No. 999272
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 305-7538
Fax: (202) 616-8460
Rhett.martin@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTA RAMOS, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, *et al.*,<br><br>    Defendants. | Case No. 3:18-cv-01554-EMC<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26 and 34 of the local rules of the United States District Court for the District of California San Francisco Division, Defendants the United States Department of Homeland Security ("DHS"); Kirstjen Nielsen, Secretary of Homeland Security; Claire M. Grady, Acting Deputy Secretary of Homeland Security,[1] and the United States of America (collectively, "Defendants"), by and through undersigned counsel, hereby respond to Plaintiffs' Requests for Production Nos. 1, 4, 6, and 7, as required by the Court in its June 25, 2018 Order and June 25, 2018 Minute Entry (ECF Nos. 34 and 35). Defendants are producing non-privileged responsive documents and electronically stored information as indicated below concurrently with this response. Defendants reserve the right to supplement or amend their responses to these requests. Nothing herein shall constitute a waiver of any argument or admission of any fact at issue in the above-captioned litigation.

**OBJECTIONS TO ALL REQUESTS FOR PRODUCTION**

1.　Defendants continue to maintain, as discussed in the May 3, 2018 Joint Discovery Letter (ECF No. 14), the May 17, 2018 Joint Case Management Statement (ECF No. 16), and the June 15, 2018 Joint Discovery Letter (ECF No. 28), that this case, to the extent it is allowed to proceed, should be decided on the official administrative record without discovery. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 975 (9th Cir. 2006) (describing limited circumstances in which court may look beyond administrative record). Defendants produced administrative records for the terminations of TPS for Sudan and Nicaragua on July 2, 2018, and will produce the records for Haiti and El Salvador on July 9, 2018.

---

[1] Elaine Duke was originally named in her official capacity as Deputy Secretary. She has since retired, and Claire M. Grady has been substituted under Rule 25(d) of the Federal Rules of Civil Procedure.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION NOS. 1, 4, 6, AND 7
No. 3:18-cv-1554 - 1

2.     Defendants object to Plaintiffs' contention that the production of all documents responsive to RFP Nos. 1, 4, 6, and 7 be completed by July 6, 2018. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B), Defendants will produce responsive documents on a rolling basis, as they are identified and processed, through reasonable and proportional searches and review. The first such production will occur concurrently with service of this response.

3.     Defendants object to Plaintiffs' requests for production to the extent that they seek information not relevant to the claims or defenses of the parties to this action, and thus are not within the scope of discovery permitted under Federal Rule 26(b)(1).

4.     Defendants object to Plaintiffs' requests for production to the extent that they seek information that is not proportional to the needs of the case, and thus are not within the scope of discovery permitted under Federal Rule 26(b)(1).

5.     Defendants objects to Plaintiffs' requests for production to the extent that they request that Defendants produce documents not in their possession, custody, or control.

6.     Defendants object to Plaintiffs' requests for production to the extent they seek information protected by the attorney-client privilege, the work product doctrine, the deliberative process privilege, executive privilege, the law enforcement privilege, or any other applicable privilege or protection.

7.     Defendants object to Plaintiffs' requests for production to the extent they seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, to include, but is not limited to, information Plaintiffs have or should have, and information that is or will be equally available to Plaintiffs. In this regard, Defendants reserve the right to object to Plaintiffs' requests where they are unduly burdensome in both financial cost and manpower, especially in relation to the relevance of the sought information to Plaintiffs' claims and Defendants' defenses.

8.     A statement that Defendants will produce documents responsive to a particular request indicates that Defendants will conduct a good faith search for such documents and does not constitute a representation that such documents in fact exist.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR
PRODUCTION NOS. 1, 4, 6, AND 7
No. 3:18-cv-1554 - 2

9. The information submitted herewith and any documents produced by Defendants are being provided in accordance with the Federal Rules of Civil Procedure, which generally permit the discovery of matters not privileged that are relevant to the claims or defenses in this action and that are proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Accordingly, by providing such information, Defendants do not waive any objection on the grounds of relevance, proportionality, accessibility, materiality, or any other appropriate ground.

10. Defendants object to Plaintiffs' First RFPs to the extent that they are vague or ambiguous.

11. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or other ground for objection to discovery with respect to that document or any other document, or its subject matter, or the information contained therein during any proceeding in this litigation or otherwise.

**OBJECTIONS AND RESPONSES TO RFP NOS. 1, 4, 6, AND 7**

**REQUEST FOR PRODUCTION NO. 1**: Produce all documents identified in response to Interrogatory No. 1.[2]

**RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it calls for "all memoranda, directives, guidance, position papers, or statements of policy or practice received, prepared, or considered by DHS since November 8, 2016, about what factors to consider when deciding whether to extend or terminate Temporary Protected Status designations." "DHS" contains many components and employs approximately 240,000 individuals. *See* https://www.dhs.gov/about-dhs. To the extent that Plaintiffs are requesting these materials from DHS employees other than

---

[2] Interrogatory No. 1 states: "Identify by title, date of creation, and author all memoranda, directives, guidance, position papers, or statements of policy or practice received, prepared, or considered by DHS since November 8, 2016, about what factors to consider when deciding whether to extend or terminate Temporary Protected Status designations—whether formally or informally adopted, and whether the materials received or considered were created prior or subsequent to November 8, 2016."

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR
PRODUCTION NOS. 1, 4, 6, AND 7
No. 3:18-cv-1554 - 3

1 the DHS Secretaries and the DHS personnel that directly advised them, such a request would be
2 overly broad, unduly burdensome, and disproportionate to the needs of the case. Defendants
3 likewise object on the grounds that the phrase "memoranda, directives, guidance, position
4 papers, or statements of policy or practice" is vague and ambiguous. Defendants also object to
5 this request on the ground that is calls for privileged material, including material protected by the
6 attorney-client privilege, work product doctrine, the deliberative-process privilege, executive
7 privilege, and the law enforcement privilege.

8       Subject to and without waiving these objections and privileges, Defendants are producing
9 concurrently with this response the documents they have currently reviewed and determined to
10 be responsive. Defendants are withholding privileged materials responsive to this request, as
11 identified on the privilege log.

12       **REQUEST FOR PRODUCTION NO. 4:** Communications since November 8, 2016,
13 between or on behalf of, on the one hand, the secretary, deputy secretary, director, deputy
14 director, commissioner, deputy commissioner, chief of staff, or director of legislative affairs (as
15 to all such positions, whether acting or appointed) of DHS, U.S. Immigration & Customs
16 Enforcement, U.S. Citizenship & Immigration Services, U.S. Customs & Border Protection, and
17 the U.S. Department of State, and, on the other hand, any member of Congress (or their staff),
18 international bodies, or nongovernmental organizations regarding whether to extend or terminate
19 the TPS designations for El Salvador, Haiti, Nicaragua, and/or Sudan.

20       **RESPONSE:** Defendants object to this request as overly broad, unduly burdensome, and
21 disproportionate to the needs of the case because it calls for documents from DHS components
22 that are not generally involved in making such communications regarding TPS and therefore are
23 unlikely to have relevant responsive materials. In particular, Defendants object to this request to
24 the extent it calls for documents from U.S. Citizenship & Immigration Services ("ICE") and U.S.
25 Customs & Border Protection ("CBP"). It is Defendants' understanding that Plaintiffs' have
26 agreed to remove ICE and CBP from the scope of this request, at least for the time being. If
27 Plaintiffs should renew their request to search through ICE's and CBP's documents, Defendants

28

would continue to object on the grounds of overbreadth, proportionality, burden, and relevance. It also Defendants' understanding that that request only calls for documents in the custody or control of DHS. If Plaintiffs seek documents not in the custody or control of DHS, Defendants object that such a request would be over broad, unduly burdensome, and disproportionate to the needs of the case.

Subject to and without waiving these objections and privileges, Defendants are producing concurrently with this response the documents they have currently reviewed and determined to be responsive.

**REQUEST FOR PRODUCTION NO. 6:** Documents used to prepare then-DHS Secretary Kelly for testimony regarding terminations of TPS designations before the Senate Committee on Homeland Security and Governmental Affairs on June 6, 2017.

**RESPONSE:** Defendants have searched for documents that Secretary Kelly used to prepare for his congressional testimony on June 6, 2017. To the extent Plaintiffs are requesting documents beyond those used by Secretary Kelly to prepare for this testimony, Defendants object to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to and without waiving these objections, Defendants respond that they have not located any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:** Documents used to prepare DHS Secretary Nielsen for testimony regarding terminations of TPS designations before the Senate Committee on Homeland Security and Governmental Affairs on January 16, 2018.

**RESPONSE:** Defendants have searched for documents that Secretary Nielsen used to prepare for her congressional testimony on January 16, 2018. To the extent Plaintiffs are requesting documents beyond those used by Secretary Nielsen to prepare for this testimony, Defendants object to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case.

Subject to these objections, Defendants will be producing documents responsive to this request.

Dated: July 6, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

JOHN R. TYLER
Assistant Branch Director


/s/ *Rhett P. Martin*
RHETT P. MARTIN
Trial Attorney
DC Bar No. 999272
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 305-7538
Fax: (202) 616-8460
Rhett.martin@usdoj.gov

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION NOS. 1, 4, 6, AND 7
No. 3:18-cv-1554 - 6