Alycia A. Degen (SBN 211350)
adegen@sidley.com
Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6010
Facsimile: +1 213 896 6600

Ahilan T. Arulanantham (SBN 237841)
aarulanantham@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: +1 213 977 5211
Fax: +1 213 977 5297

Jessica Karp Bansal (SBN 277347)
jbansal@ndlon.org
Emilou MacLean (SBN 319071)
emi@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
674 S. La Fayette Park Place
Los Angeles, CA 90057
Telephone: +1 213 380 2214
Fax: +1 213 380 2787

Attorneys for Plaintiffs
[*Additional Counsel Listed on Next Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| CRISTA RAMOS, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>KIRSTJEN NIELSEN, *et al.*,<br><br>Defendants. | Case No. 3:18-cv-1554-EMC<br><br>**JOINT LETTER BRIEF**<br><br>Magistrate Judge: Honorable Sallie Kim |

*Additional Counsel for Plaintiffs*

William S. Freeman (SBN 82002)
wfreeman@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: +1 415 621 2493
Fax: +1 415 863 7832

Mark E. Haddad (SBN 205945)
markhadd@usc.edu
Part-time Lecturer in Law
USC Gould School of Law*
University of Southern California
699 Exposition Boulevard
Los Angeles, CA 90089-0071
Telephone: +1 213 675 5957

Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
Ryan M. Sandrock (SBN 251781)
rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1219
Facsimile: +1 415 772 7400

Amanda Farfel (SBN 288126)
afarfel@sidley.com
Andrew B. Talai (SBN 300053)
atalai@sidley.com
Marisol Ramirez (SBN 307069)
marisol.ramirez@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6640
Facsimile: +1 213 896 6600

* *Institution listed for identification purposes only*

The undersigned hereby attest that counsel for Plaintiffs and Defendants met and conferred telephonically on July 27, 2018. The parties have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery before filing this joint letter brief.

Dated: July 30, 2018

Respectfully submitted,

UNITED STATES DEPARTMENT OF JUSTICE

By: /s/ *Rhett P. Martin*
Rhett P. Martin
Trial Attorney

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

JOHN R. TYLER
Assistant Branch Director

*Attorneys for Defendants*

SIDLEY AUSTIN LLP

By: /s/ *Sean A. Commons*
Sean A. Commons
Alycia A. Degen
Nicole M. Ryan
Ryan M. Sandrock
Amanda Farfel
Andrew B. Talai
Marisol Ramirez

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

Ahilan T. Arulanantham

ACLU FOUNDATION OF NORTHERN CALIFORNIA

William S. Freeman

NATIONAL DAY LABORER ORGANIZING NETWORK

Jessica Karp Bansal
Emilou MacLean

*Attorneys for Plaintiffs*

July 30, 2018

The Honorable Sallie Kim
United States District Court
Northern District of California
Phillip Burton Federal Building and U.S. Courthouse
450 Golden Gate Avenue, Courtroom A – 15th Floor
San Francisco, California 94102

Dear Judge Kim:

The parties file this written update, as directed by the Court's July 20, 2018 Order. (Dkt. 44.) The parties have narrowed the discovery disputes raised in the last joint letter brief: (1) Defendants have served objections and responses to all of Plaintiffs' first set of RFPs and Interrogatories to Defendant Department of Homeland Security ("DHS"), so Plaintiffs no longer seek a finding of waiver concerning those requests; (2) Defendants agreed to revise privilege logs to address certain non-substantive discrepancies; (3) the parties agreed to postpone initial disclosures; and (4) the parties discussed ESI and subjects discussed at the initial Rule 26(f) conference. Despite good faith efforts, however, lead counsel have been unable to resolve other discovery disputes. (Dkt. 43.)

## I. Plaintiffs' Position

On June 25, 2018, Defendants were ordered to produce the administrative record, including emails and letters considered by the Secretaries and subordinates, and to respond to discovery. (Dkt. 34.) Specifically, Plaintiffs sent discovery beginning in April to ensure that they would receive materials *before* the preliminary injunction briefing, but Defendants (1) have still not committed to a date certain for completing an initial review and production of roughly 22,500 documents[1] before the preliminary injunction briefing; (2) continue to rely on invalid grounds to redact documents, assert improper and overbroad claims of privilege, and have

[1] Plaintiffs previously believed DHS had gathered approximately 35,000 distinct electronic documents. Today, Plaintiffs learned that, applying various deduplication techniques, the number is approximately 22,500. Plaintiffs dispute this contains the universe of responsive documents.

produced insufficiently detailed privilege logs; (3) have used an underinclusive list of search terms and custodians without input from Plaintiffs; and (4) refuse to respond to any discovery directed to Defendant United States.

***1. The Court should set a date certain for completing critical productions.*** Plaintiffs' preliminary injunction motion is due on August 23rd. Plaintiffs served discovery requests almost three months ago to obtain critical materials for that motion. Apparently, DHS has not completed review and production of even half of the 22,500 documents and will not do so until after Plaintiffs file their opening brief. For the past seven weeks, DHS has produced approximately 114 documents per week, many of which (sometimes 2/3rds) are merely slip sheets for materials withheld in full. The discovery requests are narrowly tailored, and DHS already was specifically ordered to respond by the district court. (Dkt. 34.) Plaintiffs respectfully request DHS be ordered to complete its review and production at least 10-14 days in advance of August 23, 2018.

***2. Defendants have improperly redacted and withheld documents as "non-responsive" or as privileged.***[2] Defendants continue to improperly redact and withhold documents. *First*, they have redacted otherwise responsive documents and withheld attachments to otherwise responsive emails as "non-responsive." This practice is improper. (Dkt. 43 at 3 & n.3) *Second*, Defendants assert the deliberative process privilege, but it cannot bar discovery where, as here, the claim is that decisions were the product of discriminatory intent and violated the law. *In re Sealed Case*, 121 F.3d 729, 746 (D.C. Cir. 1997) (deliberative process privilege "disappears altogether when there is any reason to believe government misconduct occurred."); *Modesto Irrigation Dist. v. Gutierrez*, No. 1:06-cv-00453 OWW DLB, 2007 U.S. Dist. LEXIS 21949, at *33 (E.D. Cal. Mar. 8, 2007) (privilege does not apply "when a complaint alleges that the real motive for a

[2] The prior joint letter brief and this submission are not intended to address all of Plaintiffs' objections and concerns about the privilege log. Plaintiffs have focused on the entries that impact the greatest number of documents.

facially neutral decision was intentional discrimination[] [because] the subjective intent of the decisionmakers is relevant."). Plaintiffs have alleged discriminatory intent, and the Complaint has already survived a Motion to Dismiss.

Even if the deliberative process privilege could apply here, Defendants over-rely on it. Defendants claim they can withhold or redact factual and historical information. "The [deliberative process] privilege does not cover [p]urely factual material that does not reflect the deliberative process." *Desert Survivors v. DOI*, 231 F. Supp. 3d 368, 379 (N.D. Cal. 2017) (internal quotations omitted). Defendants assert privilege over post-decision materials, even if they played no role in policy formation, such as draft press releases. *First Resort, Inc. v. Herrera*, No. CV 11-5534 SBA (KAW), 2014 U.S. Dist. LEXIS 34077, at *12–14 (N.D. Cal. Mar. 10, 2014) (finding privilege did not apply to draft press release or materials that do not shape policy). And Defendants appear to assert privilege over materials "adopted, formally or informally," as agency policy. *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 866 (D.C. Cir. 1980).

Finally, the logs remain conclusory. (Dkt. 34 at 5 (requiring "a detailed privilege log").) Plaintiffs previously noted two examples, which remain unchanged. (Dkt. 34, Ex. 7 ("[d]eliberations regarding the formulation of the policy at issue"); Ex. 8 ("[d]eliberations regarding meeting agenda for TPS decision").) Indeed, Defendants' amended privilege logs contain repetitive boilerplate. (Exs. 1, 2.) "Conclusory statements ... do not suffice," especially where, as here, Defendants withhold entire documents, preventing Plaintiffs from seeing the "subject line" of emails and other non-privileged text that might shed context on the purported grounds for claiming privilege.  Plaintiffs thus renew their request that a sample of documents be reviewed in camera.

***3. Defendants' search terms and selected custodians are underinclusive.*** Defendants unilaterally selected search terms and custodians without consulting Plaintiffs, and refuse to test any changes. *E.g.*, *William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) (holding, consistent with Sedona principles, that "cooperation with opposing counsel in designing search terms or 'keywords'" is expected and required). Defendants' discovery responses, including to RFP No. 1, are incomplete and will miss generic policy documents underlying the claims at issue. (Dkt. 43.) Defendants should be ordered to conduct reasonable searches that include at least 7-10 custodians selected by Plaintiffs, as well as 3-4 search strings proposed by Plaintiffs. In the unlikely case this materially alters the universe of documents by more than 10,000-15,000, the parties promptly can make further adjustments.

***4. Defendants will not gather or produce documents in response to discovery directed to Defendant United States.*** On July 6, 2018, Plaintiffs served requests for production on Defendant United States that mirrored earlier requests to DHS, to which the district court has ordered DHS to respond. Plaintiffs served essentially identical requests on the United States after learning DHS would take the position that it would not produce responsive materials created by the State Department not within DHS's possession. (Exs. 3, 4.) By statute, the Department of State played a central role in the TPS decisions at issue, and Plaintiffs are entitled to those documents to support their request for a preliminary injunction. While Defendants object to any such discovery as not proportional to the needs of this case, they have not made and cannot make any showing to support this "boilerplate objection." *See Milliner v. Mut. Sec., Inc.*, No. 15-cv-03354-TEH, 2017 WL 6419275, at *3 (N.D. Cal. Mar. 24, 2017). This litigation concerns the constitutional rights of hundreds of thousands of individuals, the volume of documents at issue is relatively small, and Defendants already have had almost three months to gather and produce these materials.

## II. Defendants' Position

***1. Defendants Have Substantially Complied with the Discovery Requests Identified by Plaintiffs as Necessary for Their Preliminary Injunction Motion***. Judge Chen offered Plaintiffs the opportunity to identify what discovery they viewed as necessary to prepare and file their motion for a preliminary injunction, and Defendants have provided, subject to privilege, a substantial amount of that material. Specifically, Defendants have provided Plaintiffs the relevant administrative records, and a significant volume of discovery. In addition, 30(b)(6) depositions have been scheduled, as has Ambassador Nealon's deposition. Defendants continue to move forward in good faith with discovery that is far beyond what is necessary for Plaintiffs' PI motion. Plaintiffs seek to minimize that their mountain of requests comprise full-fledged discovery into five different TPS determinations and ask this Court to compel the Government to compile, review, and produce those records in an unreasonably short period of time. Together, the material produced, as well as the material to be discovered, provides a substantial evidentiary basis from which Plaintiffs can evaluate DHS's decision making and pursue their preliminary injunction motion.

Because additional discovery is not needed at this point to assist the parties with the forthcoming preliminary injunction motion, and because any continued discovery would impose an undue burden on Defendants as they attempt to prepare a robust and thorough response to the preliminary injunction motion, this Court should defer any additional discovery until after it resolves that motion. *See, e.g.*, *E*Trade Fin. Corp. v. Eaton*, 305 F. Supp. 3d 1029, 1039 n.2 (D. Ariz. 2018) (explaining that Court had determined certain discovery "outside the bounds of the discovery ordered" as "a consequence of the matter reaching the Court in the posture of a motion for temporary injunctive relief, wherein the Court attempted to reasonably tailor the scope of discovery to match the preliminary nature of the proceedings and the needs of the case at that

point"). Indeed, Federal Rule of Civil Procedure 26(f)(3)(B) expressly contemplates that discovery may be conducted in "phases."

Against the backdrop of these principles, Defendants further submit that they *cannot* complete all discovery requested by Plaintiffs within 7 to 10 days before August 23: making full production on that timeframe would be impossible.

Finally, Defendants respectfully request that discovery as to other than the first and second requests on DHS be stayed until 14 days after the Court's decision on the preliminary injunction motion. This includes (as explained below) Plaintiffs' request to depose State Department employee Brian Hook.

***2. Defendants Have Properly Applied and Described Privileges with Respect to Plaintiffs' Document Requests***.

First, Defendants have properly withheld non-privileged attachments to emails. Second, Defendants have properly asserted the deliberative process privilege with respect to a subset of all materials that are arguably deliberative, notwithstanding Plaintiffs' claims of intentional discrimination. This is clear in light of the fact that Defendants USCIS and DHS, as well as the Departments of State and Defense have waived privilege, without compulsion, on the operative and most significant records relevant to the TPS determinations. Finally, "[f]actual materials, however, would likewise be exempt from disclosure to the extent that they reveal the mental processes of decisionmakers." *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1119 (9th Cir. 1988) (quotation omitted). "In other words, whenever the unveiling of factual materials would be tantamount to the publication of the evaluation and analysis of the multitudinous facts conducted by the agency, the deliberative process privilege applies." *Id*. Finally, the privilege log adequate describes the withheld material and privileges claimed. *See Competitive Enter. Inst. v. U.S. EPA*, 12 F. Supp. 3d 100, 115 (D.D.C. 2014) (explaining what "repetition provide[s] [an]

efficient vehicle[] by which a court can review withholdings that implicate the same exemption for similar reasons" and that [n]o rule of law precludes [an agency] from treating common documents commonly") (internal quotation marks omitted).

***3. DHS's Search Terms and Custodians Are Sufficient and Fully Responsive to Plaintiffs' Requests***.

Defendants have taken a broad view of what search terms to employ and which custodians to search in their efforts to be fully responsive to Plaintiffs' discovery requests, and Defendants have informed Plaintiffs of this fact on multiple occasions. Yet without any supporting authority, Plaintiffs try to dictate what search terms to use and which custodians to search, even though "the party responding to discovery requests is typically in the best position to know and identify those individuals within its organization likely to have information relevant to the case," *In re EpiPen*, No. 17-md-2785, 2018 WL 1440923 at *1 (D. Kan. Mar. 15, 2018) (stating clearly that "the party responding to discovery requests is typically in the best position to know and identify those individuals within its organization likely to have information relevant to the case" (citing *Enslin v. Coca-Cola Co.*, No. 2:14-CV-6475, 2016 WL 7042206, at *3 (E.D. Pa. June 8, 2016) ("Asking a court to compel a party to search the ESI of additional custodians is similar to asking a court to compel to undertake additional efforts to search for paper documents. In either case, the requesting party is second-guessing the responding party's representation that it conducted a reasonable inquiry for responsive information….")). Defendants employed broader search terms than the ones Plaintiffs previously proposed, and based on its own expertise, DHS identified key custodians, approximately 20 in total, who directly or indirectly advised the Secretary or Acting Secretary. Plaintiffs' proposals would be

duplicative of what is already done or too attenuated to the decisions at issue to be proportional to the needs of the case under Rule 26.

***4. Plaintiffs Seek to Exceed the Scope of Permissible Discovery.***

Last, Plaintiffs seek to exceed the scope of permissible discovery by requesting that Defendants provide discovery from the Department of State ("State"), an agency that is not a named party to this action. The determination of whether a country continues to qualify for TPS status resides with DHS, and Defendants are diligently processing approximately 22,500 documents held by custodians located at that agency. As part of that process, Defendants are producing to Plaintiffs, subject to privilege, materials from State (and other agencies) that were provided to DHS as part of DHS's decision. But Plaintiffs have failed to show that their discovery requests on State—including requests for documents that were never forwarded to DHS and remained wholly internal to State—are relevant to DHS's challenged decision. *See Am. Trucking Associations, Inc. v. City of Los Angeles*, No. CV 08-4920 CAS (CTX), 2009 WL 10672284, at *6 (C.D. Cal. Dec. 21, 2009) (withheld documents are not "relevant to the purpose and intent at issue in this case, because the relevant decisionmaker was BHC, which enacted the Concession agreement provisions, and BHC did not consider the withheld documents prior to enacting the Concession agreement").

Notwithstanding the above, to the extent any discovery from State is permitted, it should be limited to Plaintiffs' already-noticed depositions of Brian Hook. Any discovery beyond that—including Plaintiffs' request for documents that are housed at State or other agencies and that were never provided to DHS—would be overly burdensome and not proportional to the needs of this case. This is particularly the case because apart from Plaintiffs' requests served upon the United States,, Defendants have already produced substantial discovery that Plaintiffs themselves identified as necessary for their preliminary injunction motion, including documents

from State (and other non-party agencies) that were provided to DHS for its decisionmaking process. At a minimum, such irrelevant and burdensome information need not be processed before Plaintiffs' forthcoming preliminary injunction motion.

* * *

Respectfully submitted,

*/s/ Sean Commons*
Sean Commons
Sidley Austin LLP
scommons@sidley.com
*Attorney for Plaintiffs*

*/s/ Rhett Martin*
Rhett Martin
U.S. Department of Justice, Civil Division
Rhett.Martin@usdoj.gov
*Attorney for Defendants*

**Attestation Pursuant to Civil Local Rule 5-1(i)(3)**

Pursuant to Local Rule 5-1(i)(3), regarding signatures, Sean Commons hereby attests that concurrence in the filing of this document has been obtained from counsel for Defendants.

Dated: July 30, 2018                    By:  /s/ *Sean Commons*
                                            Sean Commons
                                            SIDLEY AUSTIN LLP
                                            555 West Fifth Street, Suite 4000
                                            Los Angeles, California 90013
                                            (213) 896-6010
                                            scommons@sidley.com