

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
+1 213 896 6000
+1 213 896 6600 FAX

AMERICA • ASIA PACIFIC • EUROPE

SCOMMONS@SIDLEY.COM
+1 213 896 6010

August 3, 2018

**Filed Electronically Via CM/ECF**

The Honorable Sallie Kim
United States District Court,
Northern District of California
Phillip Burton Federal Building and U.S. Courthouse
450 Golden Gate Avenue, Courtroom A – 15th Floor
San Francisco, California 94102

      Re:  <u>*Crista Ramos, et al. v. Kirstjen Nielsen, et al.,* Case No. 3:18-cv-01554-EMC</u>

Dear Judge Kim:

      Pursuant to this Court's August 2, 2018 Order (Dkt. 53), Plaintiffs identify ten examples of documents withheld or redacted based on the qualified deliberative process privilege ("DPP").

      The Court does not need to undertake a document-by-document review because the DPP yields in the face of constitutional claims of Government misconduct or discrimination, and the log entries are conclusory. *See N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1123-25 (N.D. Cal. 2003) (Chen, M.J.) (holding DPP applicable, but outweighed in face of alleged equal protection violations and "unavailability of comparable evidence from other sources"); *see also, e.g.*, Dkt. 43, Exs. 7-10; Dkt. 47, Exs. 1-2. Should the Court undertake such a review, Plaintiffs have organized their selections into categories to the best of their ability based on the limited information available. The entries for Plaintiffs' selections are reproduced verbatim[1] in **Exhibit A** and are numbered to match Plaintiffs' selections.

      *First*, Defendants have redacted names and titles of individuals as DPP. *Carlson v. United States Postal Serv.*, 2017 WL 3581136, at \*16 (N.D. Cal. Aug. 18, 2017) (holding names and titles "are not protected from disclosure under the … deliberative process privilege"); *Chrimar Sys. Inc v. Cisco Sys. Inc*, 2016 WL 1595785, at \*7 (N.D. Cal. Apr. 21, 2016) (Chen. J.) (ordering production where log did not identify recipients or senders).

      **No. 1:** USCIS_RFPD_00000055 (May 17, 2017 briefing materials titled "05.19.17 – TPS Briefing – BM.docx."). Redacted version attached as **Exhibit B**.

---

[1] The log descriptions do not always match the dates, times, and other information in the documents.

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

*Second*, Defendants have redacted and withheld data and factual information as DPP. *See Chao v. Mazzola*, 2006 WL 2319721, at *1 (N.D. Cal. Aug. 10, 2006) (Chen, M.J.) ("Defendants are entitled to know what facts the Secretary knew and when she learned of those facts"; "fact intensive inquiries would not implicate the deliberative process privilege").

**No. 2:** DHS_RFPD_00000308 (May 11, 2018 document titled "DHS_S2ECD_PF_00000053.pdf"). Redacted version attached as **Exhibit C**.[2]

**No. 3:** USCIS_RFPD_00000019 (April 8, 2017 briefing materials titled "Attachment 3-Haiti TPS- Country Condition Data.docx."). Withheld in full.

**No. 4:** USCIS_RFPD_00000013 (May 16, 2017 brief materials titled "S2 BM Addendum_TPS Country Background 05-16-17.docx."). Withheld in full.

*Third,* Defendants have withheld post-decision materials—*i.e.*, materials not considered or relied on to terminate TPS designations—such as post-decision drafts of Public Affairs and media materials. *E.g.*, *First Resort, Inc. v. Herrera*, 2014 WL 589054, at *5 (N.D. Cal. Feb. 14, 2014) (holding post-decision talking points for public interview not protected by DPP).

**No. 5:** DHS_RFPD_00001242 (November 20, 2017 Public Affairs Guidance document titled "FINAL Haiti TPS PAG.pdf.pdf."). Withheld in full, though the decision to terminate Haiti's TPS designation necessarily occurred prior to November 20, 2017, which was the day the decision was publicly announced.

*Fourth*, Defendants have withheld information as DPP that are not pre-decisional because the documents memorialize final approvals of TPS decisions.

**No. 6:** AR-NICARAGUA-00000137 (May 11, 2018 memorandum titled "DHS_S2ECD_PF_00000057.pdf."). Redacted version attached as **Exhibit D.**

*Fifth*, Defendants appear to have withheld materials that memorialize interpretations of the TPS statute followed or adopted as formal or informal agency policy. Dkt. No. 47 at ECF p. 6 (citing *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C.C. 1980)); *Elec. Frontier Found. v. Dep't of Justice*, 2014 WL 3945646, *7 (N.D. Cal. Aug. 11, 2014) ("[A]n agency is 'required to disclose 'orders and interpretations which it actually applies to cases before it' in order to prevent the development of 'secret law.''").

**No. 7:** DHS_RFPD_00000986 (May 17, 2017 document titled "S2 TPS Briefing_General Overview 05-16-17 (3) (occ-jcc) (OPS) Clean.docx."). Withheld in full.

---

[2] On August 3, 2018, and after Plaintiffs shared their list of ten documents with Defendants, Defendants produced a revised log for certain documents as part of an ongoing meet and confer process. Defendants described the revisions as fixing erroneous bates numbering, "not substantive in nature." The revised log, however, changed the document description and privilege entry for this document, adding a claim of law enforcement privilege.

# SIDLEY

Page 3

**No. 8:** AR-EL_SALVADOR-00000070 (December 29, 2017 document titled "17-6549 USCIS Action Memo TPS El Salvador 12.20.17.pdf."). Withheld in full.

**No. 9:** DHS_RFPD_00001035 (October 6, 2017 document titled "S1 BM - TPS Meeting (PLCY final) 10_6_17.docx."). Withheld in full.

**No. 10:** AR-EL_SALVADOR-00000041 (October 31, 2017 Memorandum for the Deputy Chief of Staff re "TPS Recommendations for El Salvador, Honduras, and Nicaragua."). Redacted version attached as **Exhibit E**.

\* \* \*

These represent a small fraction of documents redacted or withheld in full as DPP that appear to contain information relevant to the upcoming preliminary injunction motion. In light of the significant volume of materials, Plaintiffs respectfully request a further hearing on DPP after the Court has had an opportunity to conduct its *in camera* review.

Very truly yours,

/s/ *Sean A. Commons*
Sean A. Commons