

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
+1 213 896 6000
+1 213 896 6600 FAX

AMERICA • ASIA PACIFIC • EUROPE

SCOMMONS@SIDLEY.COM
+1 213 896 6010

August 6, 2018

**Filed Electronically Via CM/ECF**

The Honorable Sallie Kim
United States District Court,
Northern District of California
Phillip Burton Federal Building and U.S. Courthouse
450 Golden Gate Avenue, Courtroom A – 15th Floor
San Francisco, California 94102

Re:  <u>Crista Ramos, et al. v. Kirstjen Nielsen, et al.,</u> Case No. 3:18-cv-01554-EMC

Dear Judge Kim:

Pursuant to the Court's August 2, 2018 Order (Dkt. 53), Plaintiffs identify and rank seven critical custodian positions. Based on the limited discovery received to date, Plaintiffs believe these custodians are highly likely to have unique and responsive documents. Moreover, Defendants should have gathered documents for these custodians to comply with the District Court's discovery order. (Dkt. 34; *see also* Dkt. 28 at 8.)

1. **Robert Law** (*Senior Policy Advisor to the Chief of Office of Policy and Strategy, USCIS, October 2017-present*) – Mr. Law is a senior advisor to Kathy Nuebel Kovarik, Chief of Office of Policy and Strategy and the first 30(b)(6) deponent in this case. Before joining USCIS in October 2017, Mr. Law worked as the Government Relations Director for the Federation for American Immigration Reform (FAIR)—an organization known for advocating anti-immigrant views and termination of TPS designations.[1] Mr. Law (1) played a material role in drafting and substantially revising TPS decision memoranda and Federal Register notices; (2) has participated in weekly senior meetings within USCIS and monthly interagency meetings with the White House on immigration issues; and (3) serves as a central contact for the general counsel and the State Department on

---

[1] *See* Erik Hananoki, "An anti-immigrant hate group lobbying director is now a senior adviser at U.S. Citizenship and Immigration Services," Media Matters, Mar. 7, 2018; Tess Owen, "Six Top Trump Advisers Have Ties to FAIR, a Radical Anti-Immigrant Group," Vice News, May 3, 2017. Mr. Law was the primary author of the FAIR "Special Report" on Immigration Priorities for the 2017 Presidential Transition, which includes specific recommendations for limiting TPS.  *See* FAIR, "Immigration Priorities for the 2017 Presidential Transition," at https://www.fairus.org/sites/default/files/2017-08/FAIR_2017TransitionDocument.pdf, 14, 15-16 ("The Secretary of Homeland Security must revoke TPS for any country that has received more than two renewals.").

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

> TPS issues. *See* Nuebel Kovarik Dep. (rough transcript of 08/03/2018) ("Kovarik Rough Tr.") 47:9-13, 48:13-20, 49:9-13, 51:7-10, 55:2-10, 61:7-63:13, 101:2-104:16, 109:7-23, 119:413, 121:8-21, 128:17-129:19, 131:11-22.[2]

2. **Laurence Levine** (*Senior Policy Advisor to the Chief of Office of Policy and Strategy, USCIS, before October 2017; Senior Advisor, External Affairs Directorate, USCIS, October 2017-present*) – Mr. Levine was Ms. Nuebel Kovarik's Senior Advisor before Mr. Law, and also served as Senior Policy Advisor to the USCIS Chief of Office of Policy and Strategy in the prior administration. *See* Kovarik Rough Tr. 48:5-12, 49:14-16. Based on available information, Mr. Levine (1) played a material role in drafting, reviewing, and advising on TPS decision memoranda and Federal Register notices; and (2) served as Acting Chief of the Office of Policy and Strategy, a role currently filled by Ms. Nuebel Kovarik. *Id.* at 49:15-16 48:1-9, 128:17-129:19, 48:1-9.

3. **Brandon Prelogar** (*Chief of the International and Humanitarian Affairs Division, Office of Policy and Strategy, USCIS*) – Mr. Prelogar (1) is a subject matter expert on TPS, who has been responsible for initiating the TPS review process, drafting memoranda and Federal Register notices, communicating with DHS's research units and key stakeholders, engaging with the State Department, and generally overseeing TPS processes; (2) briefs the Chief of the Office of Policy and Strategy on decision memoranda and recommendations; and (3) has worked with DHS since at least 2008 and is sufficiently knowledgeable about matters central to this lawsuit such that Defendants asked him to help prepare Ms. Nuebel Kovarik for her 30(b)(6) deposition. Kovarik Rough Tr. 47:9-13, 48:13-49:3, 13:25-14:9, 14:15-21, 16:1-17:4, 48:13-49:3, 49:17-20, 67:20-68:7, 98:16-101:6, 102:3-104:16, 109:7-23, 128:11-16, 129:20-130:12. Ms. Nuebel Kovarik identified Mr. Prelogar as one of the primary points of contact for TPS issues. *See id.* at 240:3-17.

4. **Kathryn Anderson** (*Acting Chief of the International and Humanitarian Affairs Division, Office of Policy and Strategy, USCIS*) – Ms. Anderson is a subject matter expert on TPS who is (1) responsible for initiating the TPS review process, drafting memoranda and Federal Register notices, (2) communicating with DHS's research units and key stakeholders, engaging with the State Department, and (3) generally overseeing TPS processes. She is sufficiently knowledgeable about matters central to this lawsuit such that Defendants asked her to help prepare Ms. Nuebel Kovarik for her 30(b)(6) deposition. Kovarik Rough Tr. 13:25-14:14, 14:21-23, 17:5-18:7, 67:20-68:7, 98:16-101:6, 102:3-104:16, 109:7-23, 128:11-16, 129:20-130:12, 140:17-141:5. Ms. Nuebel Kovarik also identified Ms. Anderson as one of the primary points of contact for any TPS issues. *Id.* at 240:3-17.

---

[2] Should the Court want to review the testimony, Plaintiffs can submit excerpts from a final version.

# SIDLEY

Page 3

5. **Lora Ries** (*Acting Associate Director, External Affairs Directorate, March 2017-present & (Permanent) Chief of Staff, USCIS, November 2017-present*) – Ms. Ries (1) revises TPS decision memoranda and Federal Register notices; (2) confers with senior USCIS leadership, including Director Cissna, Ms. Nuebel Kovarik, Mr. Law, and the chief counsel, regarding TPS decisions; (3) leads the division that engages with stakeholders and advocacy groups to receive input regarding TPS decisions; and (4) served as a member of the President's transition team working group, focusing on immigration policy. Kovarik Rough Tr. 55:1-10, 33:16-34:13, 39:14-40:9, 265:1-266:11. Ms. Ries formed part of the current administration's DHS "beachhead" team that started work immediately following the inauguration. *Id.* at 33:16-34:13, 39:14-40:9.

6. **Jennifer Higgins** (*Associate Director, Research, Refugee, Asylum and International Operations Directorate, DHS/USCIS*) – Ms. Higgins is the head of the Refugee, Asylum and International Operations Directorate responsible for providing research on country conditions central to the analysis of TPS renewals or terminations. Kovarik Rough Tr. 139:20-140:16; 99:8-18; 178:19-179:6.

7. **Arex Avanni** (*Senior Advisor to the Deputy Secretary, DHS*) – Based on available information, as a senior advisor in DHS, Mr. Avanni reviews memoranda on TPS determinations and Federal Register notices. Kovarik Rough Tr. 111:16-22, 114:8-19 (discussing DHS "front office" review). Mr. Avanni appears to have been involved, at a minimum, in (1) revisions to Sudan TPS determinations—specifically, in the substitution of one USCIS memo regarding the Sudan TPS determination for another; and (2) an early DHS TPS briefing on May 19, 2017. *Id.* 160:22-166:21; *see also* DHS_RFPD_00001348; DHS_RFPD_00001393; DHS_RFPS_00000986.

Defendants already should have gathered and produced materials for these custodians to comply with the District Court's discovery order, which required "complete[]" responses by July 9th. (Dkt. 34.) Defendants already have acknowledged that their response to RFP 4 will be incomplete, unless they gather documents from "several more custodians from various components within DHS and DHS Headquarters." (*See* Dkt. 28 at 8.) They have never done so. In addition, last Friday the 30(b)(6) deponent selected by Defendants, Ms. Nuebel Kovarik, either did not mention during a detailed overview or did not recognize at least eight (8) of Defendants' twenty (20) custodians as having any meaningful role in TPS decisions. *See* Kovarik Rough Tr. 98:6-149:13, 136:25-137:2, 138:3-4, 10-19.

Accordingly, Plaintiffs respectfully request that documents from at least some of the seven above-identified custodians be gathered and produced sufficiently in advance of Plaintiffs' deadline to file their preliminary injunction motion to respond to the discovery requests as ordered by the District Court and this Court.

**SIDLEY**

Page 4

                                              Respectfully submitted,

                                              /s/ *Sean A. Commons*
                                              Sean A. Commons