

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
+1 213 896 6000
+1 213 896 6600 FAX

AMERICA • ASIA PACIFIC • EUROPE

SCOMMONS@SIDLEY.COM
+1 213 896 6010

August 7, 2018

**Filed Electronically Via CM/ECF**

The Honorable Sallie Kim
United States District Court,
Northern District of California
Phillip Burton Federal Building and U.S. Courthouse
450 Golden Gate Avenue, Courtroom A – 15th Floor
San Francisco, California 94102

      Re:  *Crista Ramos, et al. v. Kirstjen Nielsen, et al.,* Case No. 3:18-cv-01554-EMC
           **AMENDED** Letter Identifying Plaintiffs' Selection of Ten (10) Documents for *In Camera* Review

Dear Judge Kim:

      After Plaintiffs submitted their list of ten (10) documents for *in camera* review (Dkt. 54), Defendants advised Plaintiffs of errors in log entries and withdrew certain privilege claims, impacting four of the documents selected by Plaintiffs. To be clear, Plaintiffs shared their original list with Defendants on August 2nd. On August 3rd, Defendants produced an amended and corrected privilege log, which Plaintiffs reviewed before filing their original list that day. Thereafter, Defendants advised Plaintiffs of further errors in log entries impacting one of Plaintiffs' selections[1] and agreed to produce in full another three documents[2] selected by Plaintiffs. As a result, Plaintiffs withdraw their prior list (Dkt. 54), and pursuant to this Court's August 2nd order (Dkt. 53), submit the following amended list of documents withheld or redacted based on the qualified deliberative process privilege ("DPP").

      As previously explained, the Court does not need to undertake a document-by-document review because the DPP yields in the face of constitutional claims of Government misconduct or discrimination. *Compare* Dkt. 55 (denying Defendants' motion to dismiss in light of claims for substantive due process violations, equal protection violations based on racial and national-origin animus, and unreasonable and unlawful APA violations) *with N. Pacifica, LLC v. City of*

---

[1] USCIS_RFPD_00000055. Defendants, however, continue to assert that names can be privileged (albeit not based on DPP), so Plaintiffs intend to present that question for resolution as soon as possible.

[2] USCIS_RFPD_00000013; DHS_RFPD_00000986; AR-EL_SALVADOR-00000070.

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

*Pacifica*, 274 F. Supp. 2d 1118, 1123-25 (N.D. Cal. 2003) (Chen, M.J.) (holding DPP applicable, but need for discovery outweighed DPP in face of alleged equal protection violations and "unavailability of comparable evidence from other sources"). The log entries also are insufficient. *Compare, e.g.*, Dkt. 43, Exs. 7-10; Dkt. 47, Exs. 1-2 *with* Standing Order for M.J. Kim (setting forth basic requirements for privilege logs). Should the Court undertake such a review, however, Plaintiffs have organized their selections into categories to the best of their ability based on the limited information available. The privilege log entries for Plaintiffs' selections are reproduced verbatim in **Exhibit A** and are numbered to match Plaintiffs' selections.[3]

*First*, Defendants have redacted and withheld data and factual information as DPP. *See Chao v. Mazzola*, 2006 WL 2319721, at *1 (N.D. Cal. Aug. 10, 2006) (Chen, M.J.) ("Defendants are entitled to know what facts the Secretary knew and when she learned of those facts"; "fact intensive inquiries would not implicate the deliberative process privilege").

> **No. 1:** DHS_RFPD_00000308 (May 11, 2018 document titled "DHS_S2ECD_PF_00000053.pdf"). Redacted version attached as **Exhibit B**.
>
> **No. 2:** USCIS_RFPD_00000019 (April 8, 2017 briefing materials titled "Attachment 3-Haiti TPS- Country Condition Data.docx."). Withheld in full.

*Second,* Defendants have withheld non-deliberative materials—*i.e.*, materials not considered or relied on to terminate TPS designations—such as post-decision drafts of Public Affairs and media materials, and notes regarding the positions of lawmakers. *E.g.*, *First Resort, Inc. v. Herrera*, 2014 WL 589054, at *5 (N.D. Cal. Feb. 14, 2014) (holding post-decision talking points not protected by DPP).

> **No. 3:** DHS_RFPD_00001242 (November 20, 2017 Public Affairs Guidance document titled "FINAL Haiti TPS PAG.pdf.pdf."). Withheld in full, though the decision to terminate Haiti's TPS designation necessarily occurred prior to November 20, 2017, which was the day the decision was publicly announced. **Exhibit C** is the cover email associated with this attachment, demonstrating its intended use to communicate with third parties. (DHS_RFPD_00001241).
>
> **No. 4:** DHS_RFPD_00000941 (January 16, 2018 document titled "Sen Blumenthal (D-CT).docx."). Withheld in full.

*Third*, Defendants have withheld information as DPP that are not pre-decisional because the documents memorialize final approvals of TPS decisions.

---

[3] Plaintiffs have applied additional redactions of all email addresses and phone numbers in Exhibits A through H, while the parties continue to negotiate the scope of the Protective Order. Redactions applied by Plaintiffs for this purpose (as opposed to redactions applied and produced by Defendants) are identified as such by stating "Redacted-PO" on their face.

# SIDLEY

Page 3

>  **No. 5:** AR-NICARAGUA-00000137 (May 11, 2018 memorandum titled "DHS_S2ECD_PF_00000057.pdf."). Redacted version attached as **Exhibit D.**

*Fourth*, Defendants appear to have withheld materials that memorialize interpretations of the TPS statute followed or adopted as formal or informal agency policy. Dkt. No. 47 at ECF p. 6 (citing *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C.C. 1980)); *Elec. Frontier Found. v. Dep't of Justice*, 2014 WL 3945646, *7 (N.D. Cal. Aug. 11, 2014) ("[A]n agency is 'required to disclose 'orders and interpretations which it actually applies to cases before it' in order to prevent the development of 'secret law.'""); *Brennan Center v. DOJ*, 697 F.3d 184, 207 (2d. Cir. 2012) ("[L]ike the deliberative process privilege, the attorney-client privilege may not be invoked to protect a document adopted as, or incorporated by reference into, an agency's policy."); *see also* Dkt. 55 pp. 25-34 (holding a "shift in agency practice," even from an "implicit rule or policy," can support an APA claim, and expressly finding Plaintiffs' APA claims plausible and corroborated by evidence).

>  **No. 6:** DHS_RFPD_00001328 (September 6, 2017 memorandum titled "17-4732 AS1 signed memo 09.01.17.pdf."). Withheld in full, but **Exhibit E** is the cover email associated with this attachment (DHS_RFPD_00001326).

>  **No. 7:** DHS_RFPD_00001066 (August 29, 2017 email thread regarding "TPS Packages.htm.") Redacted version attached as **Exhibit F.**

>  **No. 8:** DHS_RFPD_00001035 (October 6, 2017 document titled "S1 BM - TPS Meeting (PLCY final) 10_6_17.docx."). Withheld in full.

>  **No. 9:** DHS_RFPD_00001254 (August 30, 2017 email thread regarding "Sudan TPS.mht."). Redacted version attached as **Exhibit G.**

>  **No. 10:** AR-EL_SALVADOR-00000041 (October 31, 2017 Memorandum for the Deputy Chief of Staff re "TPS Recommendations for El Salvador, Honduras, and Nicaragua."). Redacted version attached as **Exhibit H**.

* * *

These represent a small fraction of documents redacted or withheld in full as DPP that appear to contain information relevant to the upcoming preliminary injunction motion. In light of the significant volume of materials, Plaintiffs respectfully request a further hearing on DPP after the Court has had an opportunity to conduct its *in camera* review.

>  Very truly yours,
>
>  /s/ *Sean A. Commons*
>  Sean A. Commons

234583921