U.S. Department of Justice
Civil Division, Federal Programs Branch

20 Massachusetts Ave., N.W., Room 6143
Washington, DC 20530

Rhett P. Martin
Trial Attorney

Tel.: (202) 305-7538
Fax: (202) 616-8470
Rhett.Martin@usdoj.gov

August 8, 2018

**Filed Electronically Via CM/ECF**

The Honorable Sallie Kim
United States District Court,
Northern District of California
Philip Burton Federal Building and U.S. Courthouse
450 Golden Gate Avenue, Courtroom A — 15th Floor
San Francisco, California 94102

Re: *Christa Ramos, et al. v. Kirstjen Nielsen, et al.*, Case No. 3:18-cv-01554-EMC

Dear Judge Kim:

Consistent with this Court's August 2, 2018 Order (Dkt. 53), Defendants hereby submit with this letter twenty documents that Defendants have withheld, in full or in part, as protected from disclosure on the basis of the deliberative process privilege ("DPP"). *See* Attachment A (listing ten documents identified by Plaintiffs and ten documents identified by Defendants). For those documents that have been partially redacted, Defendants have demarcated the redacted material by placing a red outline around it to help the Court differentiate redacted material from released material.[1] In addition, Defendants respond herein to the arguments raised in Plaintiffs' letter brief challenging the DPP withholdings as exemplified by their ten identified documents. *See* ECF No. 54 (Plaintiffs' letter brief).

In their letter, Plaintiffs have organized their challenges into four categories. Contrary to Plaintiffs' arguments, Defendants have properly withheld material under DPP for each of these four categories as explained below. But as an initial matter, to the extent this Court disagrees, it should conduct a document-by-document review of those materials submitted by the parties after a proper meet and confer process. *See, e.g.*, *Fourth Age Ltd. v. Warner Bros. Digital Distrib.*, No. CV 12-09912 AB (SHX), 2015 WL 12720324, at *2 (C.D. Cal. Aug. 6, 2015) (describing such a method for resolving privilege claims). Contrary to Plaintiffs' suggestion, *N. Pacifica* does not support the proposition that a court should make a categorical holding about the deliberative process privilege; rather, the issue in that case was discrete and limited to the privilege's applicability to the scope of "potential testimony" of certain witnesses "at trial." *See N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1120 (N.D. Cal. 2003).

---

[1] All of Defendants' identified documents were withheld in full, notwithstanding that the log provided to Plaintiff had listed a few of the items as having redactions. Accordingly, any text box that appears in those documents are from the documents themselves rather than a demarcation of redacted material.

Plaintiffs should instead engage in a meet and confer process about particular documents that they seek to challenge rather than make wholesale objections. *See* Joint Letter (ECF No. 43) at 10 (asserting Defendants' "willing[ness] to meet and confer with Plaintiffs about any particular assertion of privilege," but objecting to "Plaintiffs' *general attack* on the sufficiency of Defendants' privilege log" (emphasis added)). Indeed, the parties' preparation for this submission shows the benefit of such a meet and confer process. Upon reviewing Plaintiffs' initial set of documents, Defendants produced to Plaintiffs three of those documents which had previously been withheld.[2] As demonstrated by this example, and in order for a meaningful meet and confer process to work, Plaintiffs should first identify a *discrete universe* of particular documents they seek to challenge, rather than make a general challenge to Defendants' DPP assertions. Plaintiffs cite no precedent for the proposition that they can rely on a general challenge to overcome the privilege.

Further, many of the documents identified by Plaintiffs are protected by other privileges in addition to DPP, as stated on Defendants' privilege log. *See* Exhibit A to Plaintiffs' Discovery Letter (ECF No. 59-1). These other privilege include both the attorney-client privilege and the law enforcement privilege. *See* DHS_RFPD_00000308 (law enforcement); DHS_RFPD_00001328 (Attorney Client); AR-EL_SALVADOR_00000041 (attorney client); *see also* Attachment B (truncated privilege log for Defendants' identified documents). Accordingly, even if this Court were to find that DPP does not apply, the other privileged material in these documents would still remain protected.

Defendants, nevertheless, will address each of the arguments Plaintiffs make in challenging Defendants' DPP designations. In assessing these arguments, the Court should consider the purpose the DPP serves in ensuring a considered government decision-making process. The privilege is an "ancient" one, "predicated on the recognition that the quality of administrative decision-making would be seriously undermined if agencies were forced to operate in a fishbowl." *Dow Jones & Co. v. Dep't of Justice*, 917 F.2d 571, 573 (D.C. Cir. 1990). "Its purpose is to allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny. Congress expressed concern that if agencies were forced to 'operate in a fishbowl,' candid exchange of ideas within an agency would cease and the quality of decisions would suffer." *See Assembly of State of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992), *as amended on denial of reh'g* (Sept. 17, 1992) (quoting S. Rep. No. 813, 89th Cong., 1st Sess. 9 (1965)).

In their first challenged category, Plaintiffs misconstrue Defendants' withholdings in claiming that Defendants have improperly withheld data and factual information. Rather, "the Supreme Court warned against a 'wooden' application of [the distinction between facts and opinion] that would make the amount of material deemed factual within a document the

---

[2] Defendants also clarified to Plaintiffs that one of the documents identified was not withheld on deliberative process grounds. Rather, it had been redacted for privacy concerns, but that was before the parties had reached an agreement in principle to enter into a protective order covering such material. Defendants intend to reproduce that document, and other like documents, subject to the terms of the anticipated protective order.

2

deciding factor" as to whether a document is protected under the deliberative process privilege. *Assembly of State of Cal.*, 968 F.2d at 921. "'[W]henever the unveiling of factual materials would be tantamount to the 'publication of the evaluation and analysis of the multitudinous facts' conducted by the agency, the deliberative process applies.'" *U.S. E.E.O.C. v. Pinal Cty.*, 714 F. Supp. 2d 1073, 1077 (S.D. Cal. 2010) (*quoting Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1119 (9th Cir. 1988)). Further, the selection of specific facts during the evaluative process from the universe of those available further reveals pre-decisional internal deliberations. *See Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 513 (D.C. Cir. 2011) (explaining that factual material can be withheld where it reflects "an exercise of discretion and judgment calls" and that the "legitimacy of [the] withholding" turns on "whether the selection or organization of facts is part of an agency's deliberative process"). The culling of facts within the executive branch is similar to the process a law clerk utilizes in culling facts for a bench memorandum for a judge; such a process is part of the internal deliberations in the preparation of making a decisions. *See San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Comm'n*, 789 F.2d 26, 45 (D.C. Cir. 1986) ("We think the analogy to the deliberative processes of a court is an apt one.").

The examples Plaintiffs cite—DHS_RFPD_00000308 and USCIS_RFPD_00000019—illustrate how Defendants have asserted the deliberative process privilege over information that would reveal the evaluative process, including the choice of what facts to focus upon. There can be no doubt that any Temporary Protected Status determination involves an iterative, deliberative process, as the Secretary of Homeland Security considers various inputs in deciding whether to designate a country for TPS status in the first place or to later extend or terminate TPS status. The factual information contained in the documents identified by Plaintiffs was selectively gathered and evaluated as part of that iterative process. In contrast, Defendants have produced in full the country reports associated with the terminated TPS countries that provide solely factual overviews of the conditions in each of those countries and thus are revealing of "facts with informational value in their own right." *See Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 575 F.2d 932, 935 (D.C. Cir. 1978) (distinguishing between when facts are protected under the DPP as part of the "evaluative process" as opposed to when they are standalone facts).

Second, Plaintiffs incorrectly claim that Defendants have withheld post-decisional materials. For support, Plaintiffs assert that the material withheld includes *drafts* of public affairs and media materials. *See* DHS_RFPD_00000308. By Plaintiffs' logic, all drafts of public affairs materials explaining an agency's action would be considered post-decisional. Plaintiffs, however, incorrectly conflate the decisions at issue in this case with all decisions considered by the agency. The deliberative decision at issue for purposes of these documents is not the substantive agency action but rather the decision of how to convey that action to the public. In the end, draft press guidance, including internal press briefing material, is quintessentially deliberative and protected under DPP. *See Lemieux & O'Neill ex. rel. Las Virgenes-Triunfo Joint Powers Auth. v. McCarthy*, No. CV 16-00570-AB (EX), 2017 WL 679652, at *4 (C.D. Cal. Jan. 27, 2017) ("The Court agrees with the weight of authority that pre-decisional discussions of communications strategy are protected by the deliberative process privilege."); *id*. ("there can be no question that "discourag[ing] candid discussion" of communications policy within the agency risks "undermin[ing] the agency's ability to perform

its functions" (citing *Assembly of State of Cal.,* 968 F.2d at 920)).

Similarly, Plaintiffs' challenge to internal briefing materials, such as specific background information about individual Senators (DHS_RFPD_00000941), is part of the deliberative process of preparing to meet with members of Congress. If a cabinet secretary's background information in preparing to talk to a member of Congress or a foreign head of state was subject to disclosure, it would chill the preparation for such meetings. The deliberative process privilege applies to "recommendations, . . . proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Coastal States Gas Corp.*, 617 F.2d 854, 866 (D.C. Cir. 1980). Where, as here, "briefing materials [that] were prepared for senior policy officials" reflect the judgment of agency staff in "anticipating what information the[] officials would need in order to be prepared to address any questions or issues" that would arise at the meeting, the "material qualifies as deliberative." *Elec. Frontier Found. v. DOJ*, 890 F. Supp. 2d 35, 52-53 (D.D.C. 2012).

Third, Plaintiffs peculiarly claim that a document that is only partially redacted to cover internal recommendations—AR-NICARAGUA-00000137—is not deliberative because it also contains the final approval as a line item. But it is vital for DPP to protect the internal recommendations of subordinates. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001) ("The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance "the quality of agency decisions," by protecting open and frank discussion among those who make them within the Government." (citations omitted)).

Fourth, Plaintiffs assert that the last five documents are not deliberative, but the documents are reflective of the internal back-and-forth an agency undertakes in making any decision. To challenge these documents, Plaintiffs rely on an incorrect premise that the deliberative process privilege does not extend to internal discussion about how to interpret the TPS statute. *See, e.g.*, *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) (finding "staff memoranda to senior agency officials with recommendations, legal interpretations and drafts of litigation documents" to be covered by the deliberative process privilege"); *id.* ("since the documents reflect an agency's preliminary positions about how to exercise discretion on a policy, they are privileged" (citing *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992))). But, in any event, as the content of these documents make clear, rather than simply interpreting the TPS statute, these documents are examples of internal deliberations about how the agency should fulfill its statutory duty in reaching a decision as to whether to extend or terminate a TPS designation.

The final document Plaintiffs cite—AR-EL_SALVADOR-00000041—is particularly illustrative. Besides being protected as an attorney-client communication containing legal recommendations, the redacted material is also deliberative. The memo provides internal deliberations from the Office of General Counsel concerning recommendations made by other agency personnel. An agency's internal deliberations about how to fulfill its statutory mandate must be protected by the deliberative process; otherwise, the DPP would be nullified. *F.T.C. v. Hope Now Modifications, LLC*, No. CIV. 09-1204 JBS/JS, 2011 WL 2634029, at *2 (D.N.J.

4

July 5, 2011) ("substantial precedent dictates that FTC staff memoranda to senior agency officials with recommendations and legal interpretations are covered by the deliberative process privilege and thus exempt from production"), citing, *inter alia*, *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150–51(1975) ("(h)uman experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances . . . to the detriment of the decision-making process").

     In sum, the ten documents Plaintiffs have identified demonstrate that Defendants have appropriately applied the DPP in this case. Defendants have, nonetheless, provided this Court an additional ten documents that are likewise properly protected under DPP. *See* Attachment A. Also attached to this letter is the privilege log description for these ten documents identified by Defendants. *See* Attachment B.

                                                         */s/ Rhett P. Martin*
                                                         RHETT P. MARTIN
                                                         U.S. Department of Justice, Civil Division