UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTA RAMOS, et al.,<br><br>  Plaintiffs,<br><br>V.<br><br>KIRSTJEN NIELSEN, et al.,<br><br>  Defendants. | Case No. 18-cv-01554-EMC (SK)<br><br>**ORDER RE JOINT LETTER BRIEF**<br><br>Regarding Docket Nos. 43, 47 |

Plaintiffs seek an order requiring Defendants to produce documents that Defendants have withheld on the basis of the deliberative process privilege. For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

**A. Background**

On March 12, 2018, Plaintiffs filed a putative class action against the United States Department of Homeland Security ("DHS"), Secretary Kirstjen Nielsen, Deputy Secretary Elaine Duke, and the United States challenging the Trump administration's new rule for deciding whether to terminate Temporary Protected Status ("TPS") designations for El Salvador, Nicaragua, Haiti and Sudan. (Dkt. 1, ¶¶ 1, 3.) Plaintiffs are a group of United States citizens, their non-citizen parents, and other non-citizen adults who lawfully obtained the right to live in this country under TPS. (*Id.*, ¶ 1.) Plaintiffs filed the Complaint in this action challenging the decision to revoke the TPS designations for their home countries. (*Id.*, ¶ 1.)

Specifically, Plaintiffs allege that Defendants – the DHS and the Secretary and Deputy Secretary of the DHS, acting in their official capacities – violated Plaintiffs' rights to substantive due process and the equal protection as guaranteed by the Fifth Amendment and violated the Administrative Procedure Act, 5 U.S.C. § 551 et seq. (Dkt. 1, *passim*.) Plaintiffs allege that racial animus and national-origin animus were significant factors in the adoption of the new rule

1  revoking TPS designations for Plaintiffs' home countries, and Plaintiffs cite many specific,
2  uncontroverted statements to support their argument.  (*Id.*, ¶¶ 66 - 73.)  One group of Plaintiffs are
3  minors, U.S. citizens who will be forced to make an agonizing choice of whether to stay in the
4  U.S. without their parents when those parents are deported.  (*Id.*, ¶¶ 50-51.)
5        On May 21, 2018, Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and
6  12(b)(6). (Dkt. 20.)  Defendants asserted that the Court lacks subject matter jurisdiction and that
7  Plaintiffs failed to state a claim on which relief may be granted.  (Dkt. 20.)  The District Court
8  denied the motion to dismiss on June 25, 2018.  (Dkt. 34.)  Subsequently, the District Court
9  requested, and the parties provided, supplemental briefing with respect to Plaintiffs' equal
10 protection claims.  (Dkts. 36, 40, and 41.)  The District Court issued another order denying
11 Defendants' motion to dismiss. (Dkt. 55.)
12       In the meantime, Plaintiffs pursued limited discovery related to an intended motion for a
13 preliminary injunction concerning the termination of TPS for Plaintiffs' home countries.  (Dkt.
14 28.)  Plaintiffs identified for the District Court those documents Plaintiffs needed most urgently
15 for the upcoming preliminary injunction motion, and on June 25, 2018, the District Court ordered
16 Defendants to produce documents responsive to Plaintiffs' Requests for Production Nos. 1, 4, 6
17 and 7 "within 14 days of the hearing date."  (Dkt. 34.)  Defendants provided to Plaintiffs logs of
18 documents they had withheld on the basis of privilege, including the deliberative process
19 privilege.  (*See* Exhibits to Dkt. 43; Dkt. 47-1.)  On July 17, 2018, the parties submitted a joint
20 letter brief regarding the scope of the deliberative process privilege and the adequacies of the
21 privilege log.  (Dkt. 43.)
22       On July 20, 2018, the District Court referred discovery disputes in this case to the
23 undersigned magistrate judge and ordered the parties to meet and confer on all outstanding
24 discovery and privilege disputes and submit a joint letter brief of the status of the meet and confer
25 by July 30, 2018.  (Dkt. 44.)  The parties submitted a joint letter brief on July 30, 2018 on
26 remaining discovery disputes.  (Dkt. 47.)  A hearing occurred on August 2, 2018.  At the hearing,
27 Defendants clarified their partial waiver of the deliberative privilege to explain that they had
28 produced to Plaintiffs the "decision package" or "decision packet" – materials the Secretary of the

DHS considered in making a decision.[1]

The Court issued two orders addressing subjects other than the scope of the deliberative process privilege and reserved for this Order the issue of the deliberative process privilege after a review of sample documents *in camera* – some chosen by Plaintiffs from the privilege log and some chosen by Defendants. (Dkts. 49, 52, 53.)

Plaintiffs are required to file their motion for preliminary injunction on August 23, 2018. TPS for Sudan will expire on November 2, 2018, and TPS for Nicaragua will expire on January 5, 2019. (Dkt. 16 at page 5.) Thus, non-citizen Plaintiffs will be forced to leave the U.S. if the *status quo* – revocation of TPS designations for their home countries– remains in effect.

**B. Analysis**

The deliberative process privilege is a qualified privilege under federal law. *FTC v. Warner Comm'n, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). To qualify for the privilege, a document "must be predecisional – it must have been generated before the adoption of an agency's policy or decision." *Id*. In addition, a document must be "deliberative in nature, containing opinions, recommendations, or advice about agency policies." *Id*. "The [deliberative process] privilege does not cover [p]urely factual material that does not reflect the deliberative process." *Desert Survivors v. U.S. Dept. of the Interior,* 231 F.Supp.3d 368, 379 (N.D. Cal. 2017) (citing *FTC v. Warner.,* 742 F.2d at 1161). However, the privilege applies where the "factual material is so interwoven with the deliberative material that [the factual material] is not severable." *Id.; see also National Wildlife Fed. v. U.S. Forest Serv.,* 861 F.2d 1114, 1119 (9th Cir. 1988). A court analyzing whether the privilege applies "must balance the public interests at stake in determining whether the privilege should yield in a particular case." *In re Sealed Case,* 121 F.3d at 746. The government bears the burden of showing that the privilege applies. *Modesto Irrigation Dist. v. Gutierrez,* 2007 U.S. Dist. LEXIS 21949, at *18 (E.D. Cal. Marc. 8, 2007).

In determining whether to lift the qualified privilege, a court should weigh four factors: (1)

---

[1] Courts allow partial waiver of the deliberative process privilege for the obvious reason that the governmental agency should be allowed to defend its position based on materials considered for a decision without waiving the privilege completely. *In re Sealed Case,* 121 F.3d 729, 741 (D.D.C. 1997).

3

the relevance of the evidence, (2) the availability of other evidence, (3) the government's role in litigation, and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *FTC v. Warner*, 742 F.2d at 1161. *See also Modesto Irrigation Dist.,* 2007 U.S. Dist. LEXIS 21949, at *16-17. In addition, courts may consider the following: (5) the interest of the litigant and society in accurate fact finding by the courts, (6) the seriousness of the issues and litigation, (7) the presence of issues concerning alleged misconduct by the government, and (8) the federal interest in enforcement of the law. *North Pacifica LLC v. City of Pacifica*, 274 F.Supp.2d 1118, (N.D. Cal. 2003) (internal citation omitted).[2]

### 1. Documents Falling Outside Deliberative Process Privilege

Both the privilege logs and the specific categories of documents that Plaintiffs request list many documents for which Defendants claim the deliberative process privilege, but the categories and/or dates of those documents show that they do not fall within that privilege.

First, the deliberative process privilege does not protect communications with people who are not part of the deliberative process. Here, Plaintiffs seek documents regarding communications with specific senators about the revocation of TPS for the affected countries. Defendants argue that these materials are part of the deliberative process, but the deliberative process privilege by definition does not include communications with parties who are not part of the deliberative process. Defendants – part of the executive branch – made the decision to rescind TPS for the four affected countries. Defendants chose to communicate with the legislative branch, but Defendants have not met their burden to show that these communications were part of the deliberative process.

The privilege does not apply to any document that was generated after the decision was made. For example, Plaintiffs point to certain documents on the privilege log that post-date the decision, and these documents by definition do not fall within the privilege. (Dkt. 54) (referring to

---

[2] Although several district courts have listed these additional four factors for courts to consider in deciding whether to apply the deliberative process privilege, the Court has not been able to find a circuit court that adopts these additional four factors.

4

a document referred to as a November 20, 2017 document titled: "FINAL Haiti TPS PAG.pdf.pdf.") The decision to rescind Haiti's TPS status was publicly announced on the same date, so it strains credulity that this specific document was predecisional. Defendants cannot assert the privilege to prevent disclosure of those documents.

In addition, Plaintiffs seek, in Request for Production No. 6, documents "used to prepare Secretary Nielsen for testimony regarding TPS before the Senate Judiciary Committee on January 16, 2018." (Dkt. 47-3.) These documents obviously are not part of the deliberative process because they are not "predecisional." *FTC v. Warner*, 742 F.2d at 1161 ("the document must be predecisional – it must have been generated before the adoption of an agency's policy or decision"). Here, Defendants made the decisions at issue on November 6, 2017, November 20, 2017, and January 8, 2018. (Dkt. 1, n. 50) (citing DHS press releases). It is unclear whether Defendants have withheld documents in response to Request for Production No. 6, but the deliberative process privilege does not apply to documents responsive to that request.

### 2. Documents Generally Protected by the Deliberative Process Privilege

Plaintiffs also seek documents that they contend are outside the privilege because they are not deliberative in nature. Plaintiffs seek documents such as draft press releases or documents discussing strategy regarding communications with the public about the decisions to rescind TPS for the four affected countries. (Dkts. 47, 54.) The Court finds that such documents are deliberative in nature and would be covered by the deliberative process privilege, if the privilege were to apply. *Lemiuex & O'Neill v. McCarthy*, 2017 WL 679652, at * 3-5 (C.D. Cal. Jan. 27, 2017) (listing cases holding that deliberations regarding "public relations" policies are deliberative).

### 3. Governmental Misconduct As Sole Factor for Determination

Plaintiffs argue that the deliberative process privilege does not apply any time that there is a credible allegation of misconduct by the government, and Plaintiffs imply that meeting this factor alone renders analysis of the eight factors listed above unnecessary. Although there is language from another circuit indicating that this one factor alone renders further analysis unnecessary, there is no controlling authority setting forth that rule. In fact, the Supreme Court

held that there must be a strong showing of bad faith or improper behavior before the Court will inquire into the mental processes of decisionmakers, recognizing a limited exception to the "whole record" rule. *Citizens to Preserve Overton Park, v. Volpe,* 401 U.S. 402, 420 (1971). The language from *Overton Park* indicates that governmental misconduct is a prerequisite but not the only factor to consider.

Plaintiffs cite language from *dicta* in *In re Sealed Case,* 121 F.3d at 746, to support their argument that a credible allegation of governmental misconduct alone overcomes the deliberative process privilege. In that case, the Court stated: "the privilege disappears altogether when there is any reason to believe government misconduct occurred." *Id.* at 746; *see also Modesto Irrigation Dist. v. Gutierrez,* 2007 U.S. Dist. LEXIS 21949, at *33 (deliberative process privilege does not apply "when a complaint alleges that the real motive for a facially neutral decision was intentional discrimination [because] the subjective intent of the decisionmakers is relevant").

Although some language indicates that this factor (credible allegation of governmental misconduct) alone destroys the deliberative process privilege, the Court finds it necessary to examine the four factors identified in *FTC v. Warner* and the additional four factors from other district courts. After examining all factors, the Court finds that applying the qualified deliberative process privilege is not warranted here.

Defendants argued that the rational basis review applies to the examination of this case, citing *Trump v. Hawaii*, __ U.S. __, 138 S.Ct. 2392 (2018). (Dkt. 41 at pages 2 - 5). The District Court rejected the application of the test of rational basis review to the claims in this case. (Dkt. 55 at pages 53 – 54.) In addition, even if the rational basis review applied here, the Supreme Court noted in *Trump v. Hawaii* that "we may consider plaintiffs' extrinsic evidence" when analyzing a decision under the test of rational basis review. 138 S.Ct. at 2420.

### 4. Four Factors of *FTC v. Warner* Test

An examination of the four factors set forth in *Warner* support a finding that the qualified deliberative process privilege does not protect the disclosure of documents at issue. First, with regard to relevance, the allegations of racial animus and national-origin animus, which have withstood a motion to dismiss, show that the materials withheld by Defendants are relevant to this

litigation. In this case, the central allegations are that racial animus and national-origin animus led to the decisions at issue. Defendants deny that accusation. (Dkt. 16 at pages 2 - 3.) Given that conflict and given the District Court's ruling allowing this case to proceed under Plaintiffs' theories, the subjective intent of the decisionmakers is squarely relevant to this litigation.

Plaintiffs seek more than simply the "decision package" or the "decision packet" that Defendants produced and instead seek memoranda and accompanying documents "concerning TPS determinations" for the four affected countries (Plaintiffs' Request for Production of Documents, No. 1) and communications regarding "country conditions" for the four affected countries (Plaintiffs' Request for Production of Documents, No. 4). Plaintiffs allege that Defendants provided one reason for rescinding TPS for the four countries but in fact relied upon other invalid reasons for their decision. Given this allegation, the materials Plaintiffs seek are relevant to the litigation.

Second, Plaintiffs cannot obtain this evidence from any other source. By definition, only Defendants have information about their decisionmaking. At least one court considers this to be the most important factor in analyzing the deliberative process privilege. *North Pacifica*, 274 F.Supp.2d at 1123-1124. Third, the government is a defendant in this litigation, and this factor weighs against applying the privilege here.

Finally, production of the materials that Plaintiffs seek might hinder frank discussion of policies, but this is a concern in every case. Although this is a valid concern for any request from the government, here Defendants provide no specific argument or evidence to meet their burden that production of these materials will in fact hinder frank discussions about policies. It is possible that Defendants assume that any disclosure of information creates the stifling effect on frank discussion, but without any specific information, the Court cannot find that there is any particular reason that production hinders that discussion here.

In this case, where there are serious, credible allegations that racial animus or national origin bias affected the decisions to rescind TPS for the affected four countries, the balancing of four factors weighs in favor of disclosure.

**5. Analysis of Other Factors**

In addition, the analysis of the additional four factors favors not applying the privilege. The additional four factors are somewhat duplicative of the *FTC v. Warner* factors above. First, society has a strong interest in accurate fact finding, and, as noted above, Plaintiffs have no other method of obtaining information about their allegations other than to seek documents regarding the deliberative process privilege. The issues here, equal treatment of immigrants to the U.S. and forced separations of U.S. citizen children from their parents, are very serious issues for this country. The seventh factor - the presence of issues concerning alleged misconduct by the government – is similar to the factor of alleged misconduct of the government. Here, Plaintiffs have made a credible argument, based on specific allegations sufficient to withstand a motion to dismiss, that the government used impermissible discriminatory grounds to rescind the TPS designations at issue. Finally, the federal interest in enforcement of the law is a neutral factor, as enforcement of law for either side is not the central issue of this case. Consideration of these factors also weighs in favor of disclosure of materials otherwise protected by the deliberative process privilege.

**C.  Conclusion**

For these reasons, the Court finds that applying the deliberative process privilege to protect disclosure of materials from Defendants is not proper, and the Court GRANTS Plaintiffs' motion to compel production of responsive documents withheld on the basis of the deliberative process privilege. The Court ORDERS Defendants to produce those documents by August 17, 2018. Defendants claim that some documents they have withheld on the basis of the deliberative process privilege are also protected by other privileges, such as the attorney-client privilege and law enforcement privilege. (Dkt. 61 at page 2.) Defendants need not produce those documents which are protected by some other privilege by August 17, 2018, but Plaintiffs may later challenge the application of any other privilege in this Court.

**IT IS SO ORDERED**.

Dated: August 10, 2018



SALLIE KIM
United States Magistrate Judge

8