CHAD A. READLER
Acting Assistant Attorney General
Civil Division
JOHN R. TYLER
Assistant Branch Director.
RHETT P. MARTIN (DC Bar No. 999272)
KEVIN SNELL (NY Bar)
ADAM KIRSCHNER (IL Bar # 6286601)
JOSEPH C. DUGAN (OH Bar # 0093997)
Trial Attorneys
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 514-3259
Fax: (202) 616-8470
Joseph.Dugan@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTA RAMOS, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, *et al.*,<br><br>    Defendants. | Case No. 3:18-cv-01554-EMC-SK<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE MAGISTRATE JUDGE'S DISCOVERY ORDER**<br><br>Judge: Hon. Edward M. Chen<br>Hearing: As soon as possible<br>Place: San Francisco U.S. Courthouse |

### NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE MAGISTRATE JUDGE'S DISCOVERY ORDER

PLEASE TAKE NOTICE that on August 13, 2018, at 5:00 p.m. PT, before Hon. Edward M. Chen of the U.S. District Court for the Northern District of California, Defendants will move for district court review of a discovery order entered on August 10, 2018, by the Magistrate Judge overseeing discovery in this matter. The basis for Defendants' motion is outlined below.

*Ramos, et al. v. Nielsen, et al.*, No. 3:18-cv-1554
MOTION FOR RELIEF FROM THE MAGISTRATE JUDGE'S DISCOVERY ORDER

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

On August 10, 2018, Magistrate Judge Kim, the Magistrate Judge overseeing discovery in this action, entered an "Order re Joint Letter Brief," ECF No. 63 ("Discovery Order"), in which she concluded that "applying the deliberative process privilege to protect disclosure" of certain materials held by Government custodians is not proper. Discovery Order at 8. Judge Kim accordingly ordered Defendants to produce in unredacted form those documents over which Defendants had asserted deliberative process privilege, and to do so on or before August 17, 2018. Accordingly, even though the Magistrate Judge only had twenty documents before her, the consequence of her order is dramatic, in that it will foreclose the Government from asserting deliberative process privilege over documents that the Magistrate Judge has not even reviewed.

Defendants respectfully disagree with the Discovery Order. As explained below, Defendants move this Court to review and vacate the Order and uphold the Government's assertion of the deliberative process privilege or, at a minimum, to undertake, or direct the Magistrate Judge to undertake, a document-by-document review of the Government's privilege claims.

### I.    Plaintiffs' Challenges to Defendants' Assertions of the Deliberative Process Privilege Are Unmerited

As the Court is likely aware, the Magistrate Judge entered the Discovery Order after the parties filed letter briefs explaining their disagreement over the Government's assertion of the deliberative process privilege, as well as twenty documents (ten submitted by each side) that the parties offered as examples to support their arguments. *Compare* Plaintiffs' Letter (Aug. 7, 2018), ECF No. 59, *with* Defendants' Letter (Aug. 8, 2018), ECF No. 61, and Defendants' Supplemental Letter (Aug. 10, 2018), ECF No. 62. As Defendants explained in more detail in their prior briefs, the question presented is a weighty one, as the deliberative process privilege serves a pivotal purpose in ensuring a considered government decision-making process. The privilege is an

*Ramos, et al. v. Nielsen, et al.*, No. 3:18-cv-1554
MOTION FOR RELIEF FROM THE MAGISTRATE JUDGE'S DISCOVERY ORDER - 2

"ancient" one, "predicated on the recognition that the quality of administrative decision-making would be seriously undermined if agencies were forced to operate in a fishbowl." *Dow Jones & Co. v. DOJ*, 917 F.2d 571, 573 (D.C. Cir. 1990).

The present discovery dispute can be broken down into four discrete categories. In their first category of challenges, Plaintiffs accuse Defendants of improperly withholding data and factual information. Plaintiffs' Letter at 2. Yet "the Supreme Court warned against a 'wooden' application of [the distinction between facts and opinion] that would make the amount of material deemed factual within a document the deciding factor" as to whether a document is protected under the deliberative process privilege. *Assembly of State of Cal.*, 968 F.2d at 921. "'[W]henever the unveiling of factual materials would be tantamount to the 'publication of the evaluation and analysis of the multitudinous facts' conducted by the agency, the deliberative process applies.'" *E.E.O.C. v. Pinal Cty.*, 714 F. Supp. 2d 1073, 1077 (S.D. Cal. 2010) (quoting *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1119 (9th Cir. 1988)).

The examples on which Plaintiffs rely in advancing their critique—DHS_RFPD_00000308 and USCIS_RFPD_00000019—actually illustrate that Defendants have asserted privilege over information that would reveal the evaluative process, including the choice of those facts on which to focus. There can be no doubt that any TPS determination involves an iterative, deliberative process, as the Secretary of Homeland Security considers various inputs in deciding whether to designate a country for TPS status in the first place or to later extend or terminate TPS status. The factual information contained in the documents identified by Plaintiffs was gathered and evaluated as part of that iterative process. In contrast, Defendants have produced in full the country reports associated with the terminated TPS countries that provide solely factual overviews of the conditions in each of those countries and thus are revealing of "facts with informational value in

*Ramos, et al. v. Nielsen, et al.*, No. 3:18-cv-1554
MOTION FOR RELIEF FROM THE MAGISTRATE JUDGE'S DISCOVERY ORDER - 3

their own right." *See Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 575 F.2d 932, 935 (D.C. Cir. 1978).

In their second category of challenges, Plaintiffs incorrectly claim that Defendants have withheld post-decisional materials. Plaintiffs' Letter at 2. For support, Plaintiffs assert that the material withheld includes drafts of public affairs and media materials. *See* DHS_RFPD_00000308. By Plaintiffs' logic, all drafts of public affairs materials explaining an agency's action would be considered post-decisional. Plaintiffs, however, incorrectly conflate the decisions challenged in this lawsuit (*i.e.*, the substantive decisions to terminate TPS for Haiti, El Salvador, Nicaragua, and Sudan) with the decision of how to convey those substantive decisions to the public. And draft press guidance, including internal press briefing material, is quintessentially deliberative and protected under the deliberative process privilege. *See Lemieux & O'Neill ex. rel. Las Virgenes-Triunfo Joint Powers Auth. v. McCarthy*, No. CV 16-00570-AB (EX), 2017 WL 679652, at *4 (C.D. Cal. Jan. 27, 2017).

The Magistrate Judge's Discovery Order states that the deliberative process privilege cannot attach to any document that was generated after "the decision" was made, and that Defendants accordingly cannot assert the privilege with respect to a press guidance document titled "FINAL Haiti TPS PAG.pdf." Discovery Order at 4-5. Yet, elsewhere, the Discovery Order recognizes that "documents such as draft press releases or documents discussing strategy regarding communications with the public about the decisions to rescind TPS for the four affected countries" are "deliberative in nature and would be covered by the deliberative process privilege, if the privilege were to apply." Discovery Order at 5. It is thus unclear to the Government whether the Magistrate Judge understood the particular press guidance documents at issue to be deliberative. Moreover, the Magistrate Judge seemingly understood there to be only one relevant "decision" to

*Ramos, et al. v. Nielsen, et al.*, No. 3:18-cv-1554
MOTION FOR RELIEF FROM THE MAGISTRATE JUDGE'S DISCOVERY ORDER - 4

consider for purposes of determining whether the privilege applies—the TPS designation. *See* Discovery Order at 4-5. But it is settled law that the privilege is not to be construed so narrowly, and "[i]nternal communications regarding how to respond to media and Congressional inquiries have *repeatedly* been held to be protected under the deliberative process." *Judicial Watch, Inc. v. CFPB*, 60 F. Supp. 3d 1, 9 (D.D.C. 2014) (emphasis added). The Magistrate Judge was therefore wrong to conclude that any document that post-dates the TPS determinations cannot be pre-decisional. *See Shurtleff v. EPA,* 991 F. Supp. 2d 1, 14 (D.D.C. 2013); *Hinckley v. United States*, 140 F.3d 277, 284 (D.C. Cir. 1998); *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117–18 (9th Cir. 1988).

Like draft press guidance, internal briefing materials, such as specific background information about individual Senators (DHS_RFPD_00000941), are part of the deliberative process of preparing to meet with members of Congress. If a cabinet secretary's background information in preparing to talk to a member of Congress or a foreign head of state were subject to disclosure, conversation and preparation leading up to such meetings would be chilled. Where, as here, "briefing materials [that] were prepared for senior policy officials" reflect the judgment of agency staff in "anticipating what information the[] officials would need in order to be prepared to address any questions or issues" that would arise at the meeting, the "material qualifies as deliberative." *Elec. Frontier Found. v. DOJ*, 890 F. Supp. 2d 35, 52-53 (D.D.C. 2012).

The Magistrate Judge's Discovery Order reflects some confusion on the issue of briefing materials. The order states that "Plaintiffs seek documents regarding communications with specific senators about the revocation of TPS for the affected countries." Discovery Order at 4. However, the Government withheld as deliberative certain *internal* agency briefing materials that were prepared in advance of meetings with Senators, *not* communications with those Senators.

*Ramos, et al. v. Nielsen, et al.*, No. 3:18-cv-1554
MOTION FOR RELIEF FROM THE MAGISTRATE JUDGE'S DISCOVERY ORDER - 5

Moreover, Plaintiffs have not requested "documents regarding communications with specific Senators" but instead "communications . . . between or on behalf [of the agency] and any member of Congress (or their staff)," and the Government has substantially complied with this request. The Discovery Order mistakenly surmised that the document submitted for *in camera* review was about those purported communications with specific Senators, yet the document submitted for *in camera* review was instead a briefing for the Secretary about an individual Senator. Compelled disclosure of such material would have a chilling effect on the Executive Branch in preparing for congressional hearings.

In their third category of challenges, Plaintiffs claim that a document that is only partially redacted to cover internal recommendations—AR-NICARAGUA-00000137—is not deliberative because it also contains the final approval as a line item. Plaintiffs' Letter at 2-3. But it is vital that the Government be permitted to protect the internal recommendations of subordinates. *See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001).

In their final category of challenges, Plaintiffs assert that five documents that "memorialize interpretations of the TPS statute" are not deliberative, Plaintiffs' Letter at 3, but the documents are reflective of the internal back-and-forth an agency undertakes in making any decision. To challenge these documents, Plaintiffs rely on an incorrect premise that the deliberative process privilege does not extend to internal discussions about how to interpret the statute. *See, e.g., United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). In any event, as the contents of these documents make clear, rather than simply interpreting the TPS statute, these documents are examples of internal deliberations about how the agency should fulfill its statutory duty in reaching a decision as to whether to extend or terminate a TPS designation. They are, in other words, paradigmatically deliberative.

The last document Plaintiffs cite—AR-EL_SALVADOR-00000041—is particularly illuminating. Besides being protected as an attorney-client communication containing legal recommendations, the redacted material is also deliberative. The memo sets forth internal deliberations from the Office of General Counsel concerning recommendations made by other agency personnel. An agency's internal deliberations about how to fulfill its statutory mandate must be protected by the deliberative process; otherwise, the privilege would be nullified. *F.T.C. v. Hope Now Modifications, LLC*, No. CIV. 09-1204 JBS/JS, 2011 WL 2634029, at *2 (D.N.J. July 5, 2011).

In sum, as Defendants argued before Magistrate Judge Kim, the ten documents that Plaintiffs flagged as the predicate for their challenge actually reinforce that Defendants have properly (indeed, narrowly) asserted the deliberative process privilege in this litigation. The additional ten documents that Defendants proffered likewise demonstrate that Defendants are asserting the privilege appropriately. For that reason, the Government respectfully requests that this Court vacate the Discovery Order.

## II. The Discovery Order Mistakenly Concludes that Allegations of Race or National Origin Discrimination Negate the Government's Right to Invoke the Deliberative Process Privilege

While the Discovery Order finds that some of the documents over which the Government asserted the deliberative process privilege are not deliberative—a position with which the Government disagrees—the order also recognizes that some of the documents would fall within the ambit of the privilege. But the order then finds that "applying the qualified deliberative process privilege is not warranted here" in light of the multifactor analysis of *FTC v. Warner*.

The Magistrate Judge correctly recognized that the multifactor analysis of *FTC v. Warner* should control here, rather than the *per se* rule advanced by Plaintiffs. Indeed, district courts in

*Ramos, et al. v. Nielsen, et al.*, No. 3:18-cv-1554
MOTION FOR RELIEF FROM THE MAGISTRATE JUDGE'S DISCOVERY ORDER - 7

this Circuit have repeatedly applied the *Warner* balancing test to determine whether plaintiffs' need for specific privileged documents or information outweighs the Government's interest in non-disclosure, even when intent is at issue. *See Thomas v. Cate*, 715 F. Supp. 2d 1012, 1021 (E.D. Cal. 2010); *Vietnam Veterans of Am. v. C.I.A.*, 2011 WL 4635139, at *10 (N.D. Cal. Oct. 5, 2011) ("VVA"); *see also In re Delphi Corp.*, 276 F.R.D. 81, 84–85 (S.D.N.Y. 2011); *First Heights Bank, FSB v. United States*, 46 Fed. Cl. 312, 321–22 (2000); *cf. Utah Med. Prods. v. McClellan*, 2004 WL 988877, *8 (D. Utah Mar. 31, 2004).

Yet, while the Magistrate Judge identified the correct framework, Defendants respectfully assert that she misapplied it by focusing almost exclusively on Plaintiffs' speculative allegations that the challenged TPS determinations were based on racial or national origin animus. In connection with the first and arguably most important *Warner* factor—relevance—the Magistrate Judge wrote: "In this case, the central allegations are that racial animus and national origin animus led to the decisions at issue." Discovery Order at 7. The judge added that "Plaintiffs allege that Defendants provided one reason for rescinding TPS for the four countries but in fact relied upon other invalid reasons for their decision." *Id.* And she concluded her *FTC v. Warner* analysis by writing that in "this case, where there are serious, credible allegations that racial animus or national origin bias affected the decisions to rescind TPS for the affected four countries, the balancing . . . weighs in favor of disclosure." *Id.* Likewise, in briefly reviewing other factors that district courts have considered, the Magistrate Judge wrote that the issues in this case, involving "equal treatment of immigrants to the U.S. and forced separations of U.S. citizen children from their parents, are very serious issues for this country," and she reiterated that "Plaintiffs have made a credible argument, based on specific allegations sufficient to withstand a motion to dismiss, that the

government used impermissible discriminatory grounds to rescind the TPS designations at issue." *Id.* at 8.

The Government strenuously disagrees that Plaintiffs have plausibly alleged that the challenged decisions were tainted by animus, but even taking into account the procedural posture of the case, it cannot be correct that the Government forfeits the deliberative process privilege any time a litigant accuses the Government of making a decision on the basis of some unconstitutional considerations, whether race or national origin or other such considerations. This approach would render the deliberative process privilege practically a nullity in the immigration context, where it is not uncommon for litigants to present such constitutional challenges. Importantly, Magistrate Judge Kim acknowledged that there is "no controlling authority" in the Ninth Circuit establishing that "the deliberative process privilege does not apply any time that there is a credible allegation of misconduct by the government," Discovery Order at 5, yet the focus in the Discovery Order on Plaintiffs' allegations is difficult to square with the holistic analysis prescribed by *FTC v. Warner*. At the very least, that holistic analysis would require a more thorough, document-specific review to determine such questions as relevancy, availability of alternative sources, and the risk disclosure might pose to the Government's deliberative process.

Given the gravity of any order depriving the Government of its ability to shield its internal deliberations from public disclosure, document-by-document review is essential if the Court is inclined to restrict the Government's assertion of this age-old privilege. *See In re United States*, 678 F. App'x 981, 987 (Fed. Cir. 2017) ("In deciding whether to compel discovery in the face of asserted executive privileges, the trial court is tasked with addressing, on a document-by-document basis, (1) whether the government has established that the invoked privilege applies; (2) how extensive the harm to the deliberative process would be if the documents were disclosed; and (3)

whether the benefits of disclosure will, on balance, outweigh the harms." (footnote omitted)); *Fourth Age Ltd. v. Warner Bros. Digital Distrib.*, No. CV 12-09912 AB (SHX), 2015 WL 12720324, at *2 (C.D. Cal. Aug. 6, 2015).

This document-by-document review process is all the more essential given that it is impossible for the Government to unring the bell: once it produces unredacted documents to Plaintiffs (as it is required under the current Discovery Order to do later this week), any privilege claim with respect to those documents will be eviscerated or, at minimum, severely undermined. *See In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). The need to conduct a document-by-document review is also highlighted by the sweeping nature of Plaintiffs' discovery requests. Plaintiffs' deposition notices and document requests ask for information dating back years, 2008 in some instances and 2014 in other instances, and their questions at deposition cover policies other than TPS. Because the deliberative process privilege depends at least in part on whether the material at issue is "relevant" to the matter at hand, *see Warner*, 742 F.2d at 1161, Plaintiffs' request for deliberative information that is unrelated, or at best peripheral, to the TPS decisions at issue should be denied. To obtain such information, Plaintiffs must make a separate, specific showing why such a matter overcomes the privilege in that instance. Accordingly, even if the Court were inclined to uphold the Magistrate Judge's Order, it should, at a minimum, exclude from the scope of that Order information that is peripheral to the TPS determinations at issue.

## **CONCLUSION**

For the foregoing reasons, the Court should VACATE the Discovery Order and uphold the Government's assertion of the deliberative process privilege, or alternatively should conduct a document-by-document review after the parties engage in a meaningful meet-and-confer process.

Dated: August 13, 2018                              Respectfully submitted,

*Ramos, et al. v. Nielsen, et al.*, No. 3:18-cv-1554
MOTION FOR RELIEF FROM THE MAGISTRATE JUDGE'S DISCOVERY ORDER - 10

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

JOHN R. TYLER
Assistant Branch Director

*/s/  Joseph C. Dugan*
RHETT P. MARTIN (DC Bar 999272)
KEVIN SNELL (NY Bar)
ADAM KIRSCHNER (IL Bar # 6286601)
JOSEPH C. DUGAN (OH Bar # 0093997)
Trial Attorneys
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 514-3259
Fax: (202) 616-8470
Joseph.Dugan@usdoj.gov

*Ramos, et al. v. Nielsen, et al.*, No. 3:18-cv-1554
MOTION FOR RELIEF FROM THE MAGISTRATE JUDGE'S DISCOVERY ORDER - 11

CHAD A. READLER
Acting Assistant Attorney General
Civil Division
JOHN R. TYLER
Assistant Branch Director.
RHETT P. MARTIN (DC Bar No. 999272)
KEVIN SNELL (NY Bar)
ADAM KIRSCHNER (IL Bar # 6286601)
JOSEPH C. DUGAN (OH Bar # 0093997)
Trial Attorneys
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 514-3259
Fax: (202) 616-8470
Joseph.Dugan@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTA RAMOS, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:18-cv-01554-EMC-SK<br><br>**[PROPOSED] ORDER** |

　　　　This matter comes before the Court on Defendants' Motion Seeking District Court Review of Discovery Order.  Upon consideration of Defendants' motion and any responses and replies thereto, it is hereby ORDERED that Defendants' motion shall be, and it hereby is, GRANTED; and it is further ORDERED that the "Order re Joint Letter Brief," ECF No. 63, is hereby VACATED.

　　　　IT IS SO ORDERED.

| | |
|---|---|
| Date: _____ | _____<br>EDWARD M. CHEN<br>United States District Judge |