USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/14/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:
STATE OF NEW YORK, et al., :
:
Plaintiff, :
: 18-CV-2921 (JMF)
-v- :
:
UNITED STATES DEPARTMENT OF COMMERCE, et al., :
:
Defendants. :
:
------------------------------------------------------------------------ :
:
NEW YORK IMMIGRATION COALITION, et al., :
:
Plaintiff, :
: 18-CV-5025 (JMF)
-v- :
:
UNITED STATES DEPARTMENT OF COMMERCE, et al., : ORDER
:
Defendants. :
:
------------------------------------------------------------------------ X

JESSE M. FURMAN, United States District Judge:

In a letter motion dated August 2, 2018, Plaintiffs in these actions — which challenge the Government's decision to reinstate a question about citizenship on the 2020 decennial census — raised several discovery disputes. (18-CV-2921, Docket No. 220 ("Pls.' Letter")). Defendants responded by letter dated August 7, 2018. (18-CV-2921, Docket No. 229 ("Defs.' Letter"); *see also* 18-CV-2921, Docket No. 231 ("Corrected Abowd Decl.")).[1] On August 13, 2018, Plaintiffs filed another letter motion, seeking three forms of relief, two of which overlap with the relief that

---

[1] Plaintiffs also filed a letter motion, dated August 10, 2018, seeking an order compelling Defendants to make John Gore, Acting Assistant Attorney General for Civil Rights, available for deposition. (18-CV-2921, Docket No. 236). Pursuant to the Court's Order of July 5, 2018 (18-CV-2921, Docket No. 199), Defendants shall respond to that letter motion by **August 15, 2018.**

they sought in their August 2, 2018 Letter. (18-CV-2921, Docket No. 237 ("Pls.' 2d Letter")).

Upon review of the parties' letters and applicable case law, the Court concludes that there is no need for a conference at this time. Instead, the parties' disputes are addressed as follows:

1. **Deliberative-Process Privilege (*See* Pls.' Letter 1-2; Defs.' Letter 1-2)**

    a. Substantially for the reasons stated by Magistrate Judge Parker in *Winfield v. City of New York*, No. 15-CV-5236 (KHP) (LTS), 2018 WL 716013, at *5 (S.D.N.Y. Feb. 1, 2018), the Court concludes that a "balancing approach that considers the competing interests of the party seeking disclosure and of the government — specifically, its need to engage in policy deliberations without the omnipresent threat of disclosure — is more appropriate than a *per se* rule" providing that the deliberative-process privilege does not apply to any claim challenging governmental decisionmaking. *See also, e.g.*, *In re Delphi Corp.*, 276 F.R.D. 81, 85 (S.D.N.Y. 2011). Accordingly, to the extent Plaintiffs' letter motion challenges Defendants' invocation of the privilege on the ground that it is *categorically* unavailable in these cases, the motion is denied.

    b. Substantially for the reasons set forth in Defendants' letter, the Court also rejects Plaintiffs' argument that the deliberative-process privilege is unavailable for any and all documents generated after May 1, 2017. Put simply, Secretary Ross's e-mail of that date does not constitute a "final" agency decision. Accordingly, documents generated after that date could conceivably qualify as "pre-decisional" for purpose of the privilege and must be assessed individually.

    c. The Court declines to reach Plaintiffs' remaining arguments concerning Defendants' invocation of the deliberative-process privilege — namely, that the privilege is "overcome in this case" and that "many of the documents over which Defendants have asserted privilege do not appear to be 'deliberative'" (Pls.' Letter 2) — as they require particularized consideration of the documents at issue, *see, e.g.*, *Pub. Emps. for Envtl. Responsibility v. Envtl. Prot. Agency*, 213 F. Supp. 3d 1, 11 (D.D.C. 2016) ("[T]he deliberative process privilege is so dependent upon the individual document and the role it plays in the administrative process." (internal quotation marks omitted)), and they have not been adequately briefed by the parties in their letters, let alone using the balancing approach discussed above. Accordingly, Plaintiffs' motion with respect to the deliberative-process privilege is denied without prejudice to renewal, in accordance with the Court's Order of July 5, 2018, and the Court's Individual Rules and Practices for Civil Cases, as to specific documents or categories of documents.

2. **Title 13 (*See* Pls.' Letter 1-2; Defs.' Letter 1-2; Pls.' 2d Letter 1-2)**

   Title 13 of the United States Code prohibits Defendants from disclosing any document or information "whereby the data furnished by any particular establishment or individual under this title can be identified." 13 U.S.C. § 9(a)(2); *see also Baldrige v. Shapiro*, 455 U.S. 345, 348 (1982). The Court agrees with Defendants that that provision must be read to protect not only "raw census data," but also "intermediate work product" that "can be used in combination with" other publicly available documents or data "to re-identify individual respondents and their data items." (Corrected Abowd Decl. ¶ 18). Nevertheless, the Court agrees with Plaintiffs that, in order to withhold otherwise discoverable information, Defendants must do more than merely assert in conclusory fashion that the information could, in combination with other, unspecified information be used to identify any particular respondent.[2] That said, Plaintiffs no longer seek an order requiring immediate disclosure of the materials at issue; instead, they seek an order requiring Defendants to submit the materials to the Census Bureau's Disclosure Review Board ("DRB") "for expeditious review at its next scheduled meeting." (Pls.' 2d Letter 1). That request is GRANTED. Further, Defendants shall work with Plaintiffs' counsel in good faith to identify documents for priority processing in the event that DRB review must be sequenced. Finally, assuming that AR 10462, AR 10913, and AR 11025 are not subject to any claim of privilege (*see id.* at 2), **Defendants shall produce those documents by 7 p.m. TODAY** so that they may be used in connection with the deposition of Dr. Abowd, scheduled for tomorrow, (*see id.*).

3. **Local Rule 26.2 and Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure (*See* Pls.' Letter 3; Defs.' Letter 3; Pls.' 2d Letter 2-3)**

   Substantially for the reasons stated in Defendants' letter, the Court declines Plaintiffs' invitation to find, at this time, that Defendants have waived their privilege claims by producing an inadequate privilege log. Defendants represent that they are working diligently to cure any inadequacies in their log (*see* Defs.' Letter 3), and the Court

---

[2] At present, that is all Defendants do here, as they rely exclusively on a declaration from the Census Bureau's Chief Scientist explaining, in general terms, what "intermediate work product" is and then identifying certain documents as "intermediate work product." (Corrected Abowd Decl. ¶¶ 18-25). Moreover, based on a quick review, the Court is skeptical that Title 13 protects all of the information that Defendants have claimed. For instance, Defendants redacted the following information from a memorandum prepared by the Census Bureau's Chief Scientist for its Acting Director: (1) the incremental cost of maintaining the *status quo* data collection and preparing a special analysis for the Department of Justice to best estimate citizen voting age population; (2) the Census Bureau's estimate, based on response rates to the annual American Community Survey and the short-form census, as to the percentage decrease response rate caused by including the citizenship question; (3) the estimated cost of including the citizenship question on the 2020 census; and (4) percentage estimates comparing the racial and demographic makeup of non-citizens to citizens. (*See* Pls' Letter, Ex. 4-A). At first glance, it is hard to understand how that information, even in conjunction with other public information, could be used to identify individual respondents and their data items.

concludes that they should be given a limited opportunity to do so.  Notably, *SEC v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 162 (S.D.N.Y. 2014), upon which Plaintiffs rely, does not suggest otherwise, as the court in that case found a waiver only after the offending party had been given multiple opportunities to cure.  That said, given the tight discovery deadlines in these cases, the Court agrees with Plaintiffs that there is a need for finality as soon as possible.  Accordingly, Plaintiffs' motions with regard to the privilege log are denied, except that Defendants shall cure any inadequacies in their privilege log **no later than August 21, 2018**.  Failure to do so as to any particular document may result in a waiver of any claim of privilege as to that document.

4. **The Work-Product Doctrine (*See* Pls.' Letter 3; Defs.' Letter 3)**

    The Court need not and does not resolve the parties' dispute concerning the applicability of the work product doctrine, as Defendants invoke other grounds to withhold the three documents still in dispute.  (*See* Defs.' Letter 3).  Unless and until Plaintiffs prevail in arguing that these other grounds do not justify withholding the documents, the parties' dispute over the work-product doctrine is purely academic.

5. **The Administrative Record (*See* Pls.' 2d Letter 3)**

    In their letter motion filed yesterday, Plaintiffs contend that there is reason to believe that there are materials that should have been in the Administrative Record that have not been produced.  Plaintiffs' allegations are troubling, but the Court will withhold judgment until Defendants have an opportunity to respond.  **Defendants shall do so by TOMORROW at 5 p.m.**  (Given the rulings above, there is no need for Defendants to respond to the portions of Plaintiffs' most recent letter motion concerning Title 13 and the privilege log.)  Defendants are cautioned that the Court will not look kindly on late production of materials that should have been produced by the (once extended) July 26, 2018 deadline to supplement the Administrative Record.

    The Clerk of Court is directed to terminate 18-CV-2921, Docket No. 220, and 18-CV-5025, Docket No. 73.

    SO ORDERED.

Dated: August 14, 2018  
New York, New York

                                             JESSE M. FURMAN  
                                             United States District Judge