CHAD A. READLER
Acting Assistant Attorney General
Civil Division
JOHN R. TYLER
Assistant Branch Director
RHETT P. MARTIN (DC Bar # 999272)
KEVIN M. SNELL (NY Bar)
ADAM KIRSCHNER (IL Bar # 6286601)
JOSEPH C. DUGAN (OH Bar # 0093997)
Trial Attorneys
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 514-3259
Fax: (202) 616-8470
Joseph.Dugan@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRISTA RAMOS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, *et al.*,<br><br>Defendants. | Case No. 3:18-cv-01554-EMC<br><br>**DEFENDANTS' ANSWER TO CLASS ACTION COMPLAINT** |

**INTRODUCTION**

Defendants Kirstjen Nielsen, in her official capacity as Secretary of Homeland Security; Claire M. Grady, in her official capacity as Acting Deputy Secretary of the Department of Homeland Security;[1] the U.S. Department of Homeland Security ("DHS"); and the United States of America, by and through undersigned counsel, respectfully submit this Answer to Plaintiffs' Class Action Complaint, and for their Answer state as follows:

1. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 1. The second sentence of paragraph 1 contains Plaintiffs' characterization of the Class Action Complaint, to which no response is required; to the extent a response is deemed required, Defendants deny the allegations in this sentence except to admit that Plaintiffs purport to bring such a challenge. Defendants admit the allegations in the third sentence of paragraph 1 to the extent that, between January 2017 and the filing of the Class Action Complaint, the Secretary of Homeland Security had terminated TPS for four countries located in Latin America, the Caribbean, and Africa.

2. The first and third sentences of paragraph 2 consist of speculation by Plaintiffs. Defendants are unable to admit or deny this speculation, except that Defendants deny any characterization of DHS's actions as "unlawful." Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 2.

3. The first two sentences of paragraph 3 consist of Plaintiffs' characterization of the purpose and function of Temporary Protected Status ("TPS"), to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the statutory scheme. Defendants admit the allegations in the third sentence of paragraph 3, except that the phrases "short periods" and "many years" are

[1] Elaine C. Duke was originally named in her official capacity as Deputy Secretary of the Department of Homeland Security. She has since retired, and Claire M. Grady has been substituted under Rule 25(d) of the Federal Rules of Civil Procedure.

ambiguous, and Defendants deny any implication that TPS for the named countries was ever intended to be more than temporary relief.

4. The first sentence of paragraph 4 consists of a characterization of prior Administration practice, to which no response is required; to the extent a response is deemed required, Defendants admit that officials in prior Administrations considered both past and present country conditions to the extent those conditions were relevant to the statutory criteria. Defendants deny the allegations in the second sentence of paragraph 4.

5. Defendants deny the allegations in the first sentence of paragraph 5. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 5.

6. Defendants admit the allegations in the first sentence of paragraph 6. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 6.

7. Defendants deny the allegations in the first sentence of paragraph 7. The second sentence of paragraph 7 contains Plaintiffs' characterization of this lawsuit, to which no response is required; to the extent a response is deemed required, Defendants admit that Plaintiffs purport to bring such a challenge.

8. Defendants deny the allegations in the first and fourth sentences of paragraph 8. The second and third sentences of paragraph 8 state Plaintiffs' legal conclusions, to which no response is required; to the extent a response is deemed required, Defendants deny that Plaintiffs have provided a thorough and complete explanation of applicable law.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Paragraph 13 states Plaintiffs' legal conclusions, to which no response is required; to the extent a response is deemed required, Defendants deny that the Court has subject-

matter jurisdiction over this lawsuit and further deny that Plaintiffs have provided a thorough and complete explanation of applicable law.

14. Denied.

15. Paragraph 15 states Plaintiffs' legal conclusions, to which no response is required; to the extent a response is deemed required, Defendants deny that the Court has subject-matter jurisdiction over this lawsuit but admit that, should the Court allow litigation to proceed, such litigation may occur in the San Francisco Division.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 25.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 27.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 29.

30. Admitted, except that January 18, 2018, is the date the termination of TPS for El Salvador was announced in the Federal Register rather than the date Secretary Nielsen in fact terminated El Salvador's TPS designation.

31. Admitted, except that Claire M. Grady is now the Acting Deputy Secretary of the Department of Homeland Security and has been substituted for Elaine C. Duke under Rule 25(d) of the Federal Rules of Civil Procedure; and January 18, 2018, December 15, 2017, and October 11, 2017, respectively, are the dates the terminations of TPS for Haiti, Nicaragua, and Sudan were announced in the Federal Register rather than the dates former Acting Secretary Duke in fact terminated these countries' TPS designations.

32. Admitted.

33. Admitted that Plaintiffs have named the United States as a Defendant, but denied that Plaintiffs are thereby entitled to treat "all government agencies and departments responsible for the implementation, administration, and change in policy concerning the TPS program" as parties for purposes of discovery or other litigation rights and obligations. Defendants further deny that there has been any "change in policy concerning the TPS program."

34. The main text of paragraph 34 consists of Plaintiffs' characterization of the purpose and function of TPS, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the statutory scheme. The

first sentence of accompanying footnote 2, preceding the citation, consists of Plaintiffs' characterization of the contents of a law review article. To the extent a response is deemed required, Defendants aver that the article speaks for itself. The last two sentences of footnote 2, following the citation, consist of Plaintiffs' legal interpretation and characterization, to which no response is required; to the extent a response is deemed required, Defendants admit that past Presidents have designated countries for Extended Voluntary Departure and Deferred Enforced Departure.

35. The main text of paragraph 35 consists of Plaintiffs' characterization of certain aspects of TPS, a statutory and regulatory regime, as well as excerpts from the TPS statute. To the extent a response is deemed required, Defendants aver that the statute and regulations speak for themselves. Accompanying footnote 3 consists of Plaintiffs' excerpts from and characterization of 6 U.S.C. § 557. To the extent a response is deemed required, Defendants aver that the statute speaks for itself.

36. Paragraph 36 consists of Plaintiffs' characterization of certain aspects of TPS, a statutory and regulatory regime. To the extent a response is deemed required, Defendants aver that the statute and regulations speak for themselves.

37. Paragraph 37 consists of Plaintiffs' characterization of certain aspects of TPS, a statutory and regulatory regime. To the extent a response is deemed required, Defendants aver that the statute and regulations speak for themselves.

38. Paragraph 38 consists of Plaintiffs' characterization of certain aspects of TPS, a statutory and regulatory regime. To the extent a response is deemed required, Defendants aver that the statute and regulations speak for themselves.

39. Paragraph 39 consists of Plaintiffs' characterization of certain aspects of TPS, a statutory and regulatory regime, as well as excerpts from the TPS statute. To the extent a response is deemed required, Defendants aver that the statute and regulations speak for themselves.

40. Paragraph 40 consists of Plaintiffs' characterization of certain aspects of TPS, a statutory and regulatory regime. To the extent a response is deemed required, Defendants aver that the statute and regulations speak for themselves.

41. Paragraph 41 states Plaintiffs' legal conclusion, to which no response is required; to the extent a response is deemed required, Defendants deny that Plaintiffs have provided a thorough and complete explanation of applicable law.

42. Paragraph 42 consists of Plaintiffs' characterization of the contents of an article. To the extent a response is deemed required, Defendants aver that the article speaks for itself.

43. Paragraph 43 consists of Plaintiffs' excerpt from and characterization of the contents of an article. To the extent a response is deemed required, Defendants aver that the article speaks for itself.

44. Defendants deny the allegations in the first sentence of paragraph 44. The second and third sentences of paragraph 44 consist of Plaintiffs' characterization of the contents of an article. To the extent a response is deemed required, Defendants aver that the article speaks for itself.

45. Paragraph 45 consists of Plaintiffs' characterization of the contents of two articles. To the extent a response is deemed required, Defendants aver that the articles speak for themselves.

46. Paragraph 46 consists of Plaintiffs' characterization of the contents of two articles. To the extent a response is deemed required, Defendants aver that the articles speak for themselves.

47. Paragraph 47 consists of Plaintiffs' characterization of the contents of three articles. To the extent a response is deemed required, Defendants aver that the articles speak for themselves.

48. Paragraph 48 consists of Plaintiffs' characterization of the contents of two articles. To the extent a response is deemed required, Defendants aver that the articles speak for themselves.

49. The first sentence of paragraph 49 consists of Plaintiffs' characterization of the contents of ten letters, one press release, and one article. To the extent a response is deemed required, Defendants aver that these materials speak for themselves. The second sentence of paragraph 49 consists of Plaintiffs excerpts from and characterization of the contents of a letter. To the extent a response is deemed required, Defendants aver that the letter speaks for itself.

50. Paragraph 50 consists of speculation by Plaintiffs about a purportedly "impossible choice" facing certain of the Plaintiffs. Defendants are unable to admit or deny this speculation.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 51.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 52.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 53.

54. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 54.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 55.

56. Defendants generally admit the allegations in the first sentence of paragraph 56. Defendants deny the allegations in the second sentence of paragraph 56.

57. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 57.

58. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 58.

59. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 59.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 60.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 61.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 62.

63. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 63.

64. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 64.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 65.

66. Defendants deny the allegations in the first two sentences of paragraph 66. The last two sentences of paragraph 66 vaguely reference and characterize statements purportedly made by President Trump and other officials in his Administration; to the extent a response is deemed required, Defendants aver that any such statements speak for themselves.

67. The first sentence of paragraph 67 vaguely references and characterizes "sentiments" purportedly "expressed" by President Trump and other officials in his Administration; to the extent a response is deemed required, Defendants aver that any such expressions speak for themselves. The remainder of paragraph 67 consists of Plaintiffs' characterization of a news article, as well as a quotation contained within that article. To the extent a response is deemed required, Defendants aver that the article and quotation speak for themselves.

68. Paragraph 68 consists of Plaintiffs' characterization of comparisons purportedly made by President Trump and reported in an article. To the extent a response is deemed required, Defendants aver that any such comparisons and the article speak for themselves.

69. Paragraph 69 consists of Plaintiffs' characterization of "pronouncements" purportedly made by President Trump, as well as characterizations of articles and quotations contained within those articles. To the extent a response is deemed required, Defendants aver that any such "pronouncements," quotations, and articles speak for themselves.

70. Paragraph 70 consists of Plaintiffs' characterization of the contents of a news article, as well as quotations contained within that article. To the extent a response is deemed required, Defendants aver that the article and quotations speak for themselves.

71. Paragraph 71 consists of Plaintiffs' characterization of the contents of a news article, as well as quotations contained within that article. To the extent a response is deemed required, Defendants aver that the article and quotations speak for themselves.

72. Paragraph 72 consists of Plaintiffs' characterization of the contents of an article, as well as quotations contained within that article. To the extent a response is deemed required, Defendants aver that the article and quotations speak for themselves.

73. Paragraph 73 consists of Plaintiffs' characterization of the contents of a news article, as well as quotations contained within that article. To the extent a response is deemed required, Defendants aver that the article and quotations speak for themselves.

74. Admitted.

75. Defendants deny the allegations in the first sentence of paragraph 75. The second sentence of paragraph 75 consists of a characterization of prior Administration practice, to which no response is required; to the extent a response is deemed required, Defendants admit that officials in prior Administrations considered both past and present country conditions to the extent such conditions were relevant to the statutory criteria. Defendants deny the allegations in the third sentence of paragraph 75.

76. Defendants deny the allegations in the first sentence of paragraph 76 insofar as Defendants deny that the current Administration has "adopted" a "new interpretation"; accordingly, the current Administration would have no reason to make any "formal announcement . . . disclos[ing] its rationale." Defendants admit the allegation in the

second sentence of paragraph 76 that former Secretary of Homeland Security John Kelly testified at a Senate hearing on June 6, 2017, but deny any implication that former Secretary Kelly's testimony described a new interpretation. The third sentence of paragraph 76 consists of Plaintiffs' excerpt from former Secretary Kelly's testimony. To the extent a response is deemed required, Defendants aver that the testimony speaks for itself.

77. Paragraph 77 consists of Plaintiffs' excerpt from and characterization of congressional testimony by Secretary Nielsen. To the extent a response is deemed required, Defendants aver that the testimony speaks for itself.

78. Defendants deny the allegations in the first sentence of paragraph 78. The second sentence of paragraph 78 consists of Plaintiffs' excerpts from and characterization of the contents of three press releases. To the extent a response is deemed required, Defendants aver that the press releases speak for themselves. The third sentence of paragraph 78 consists of Plaintiffs' legal interpretation and conclusion, to which no response is required; to the extent a response is deemed required, Defendants deny that the challenged TPS determinations are the product of a "new policy" or "new interpretation."

79. Defendants admit the allegations in the first sentence of paragraph 79. The second sentence of paragraph 79 consists of Plaintiffs' characterization of the contents of a news article. To the extent a response is deemed required, Defendants aver that the article speaks for itself.

80. Defendants admit the allegations in the first sentence of paragraph 80, except that March 9, 2001, is the date of the Federal Register notice announcing the designation of El Salvador for TPS rather than the date El Salvador was in fact designated. The remainder of the main text of paragraph 80, as well as accompanying footnotes 53 and 56 through 58, consist of Plaintiffs' excerpts from and characterization of the contents of a series of Federal Register notices. To the extent a response is deemed required, Defendants aver that the notices speak for themselves. Defendants admit that TPS for

El Salvador was extended eleven times following the initial 2001 designation but deny any implication that DHS and/or its predecessors previously considered factors that fall outside the statutory criteria.

81. Denied.

82. Defendants admit the allegations in the first sentence of paragraph 82, except that January 21, 2010, is the date of the Federal Register notice announcing the designation of Haiti for TPS rather than the date Haiti was in fact designated. The remainder of paragraph 82 consists of Plaintiffs' characterization of the contents of a series of Federal Register notices. To the extent a response is deemed required, Defendants aver that the notices speak for themselves. Defendants admit that Haiti was designated for TPS from January 21, 2010, until former Acting Secretary Duke terminated that designation on November 20, 2017. Defendants deny any implication that DHS previously considered factors that fall outside the statutory criteria.

83. Defendants admit the allegations in the first sentence of paragraph 83 to the extent that former Secretary of Homeland Security John Kelly extended Haiti's TPS designation for six months in May 2017. The remainder of paragraph 83 consists of Plaintiffs' excerpts from and characterization of the contents of a press release. To the extent a response is deemed required, Defendants aver that the press release speaks for itself.

84. Defendants admit the allegation in the first sentence of paragraph 84 that former Acting Secretary Duke's decision terminating TPS for Haiti was published in the Federal Register on January 18, 2018. With respect to Plaintiffs' further allegation about a statement purportedly made by President Trump, Defendants aver that any such purported statement speaks for itself. The second sentence of paragraph 84 consists of Plaintiffs' characterization of the contents of a Federal Register notice. To the extent a response is deemed required, Defendants aver that the notice speaks for itself.

85. Defendants admit the allegations in the first sentence of paragraph 85, except that January 5, 1999, is the date of the Federal Register notice announcing the designation of Nicaragua for TPS rather than the date Nicaragua was in fact designated. The

remainder of paragraph 85 and accompanying footnotes 67, 70, and 71 consist of Plaintiffs' excerpts from and characterization of the contents of a series of Federal Register notices. To the extent a response is deemed required, Defendants aver that the notices speak for themselves. Defendants admit that TPS for Nicaragua was extended thirteen times following the initial 1999 designation. Defendants further admit the allegation in footnote 68 that Nicaragua's TPS designation was extended by former Attorneys General Reno and Ashcroft and former Secretaries Ridge, Chertoff, Napolitano, and Johnson. Defendants deny any implication that DHS and/or its predecessors previously considered factors that fall outside the statutory criteria.

86. Plaintiffs' allegation in the first sentence of paragraph 86 that former Acting Secretary Duke "reversed course" is a vague conclusion, to which no response is required; to the extent a response is deemed required, Defendants deny that Nicaragua continues to meet the statutory conditions for extension of its designation for TPS as published in the January 5, 1999, Federal Register notice. The second sentence of paragraph 86 and accompanying footnote 72 consist of Plaintiffs' excerpt from and characterization of the contents of a Federal Register notice. To the extent a response is deemed required, Defendants aver that the notice speaks for itself. Defendants deny that former Acting Secretary Duke's decision was "abrupt[]."

87. Defendants admit the allegations in the first sentence of paragraph 87, except that November 4, 1997, is the date of the Federal Register notice announcing the designation of Sudan for TPS rather than the date Sudan was in fact designated. The remainder of paragraph 87 consists of Plaintiffs' excerpts from and characterization of the contents of a series of Federal Register notices. To the extent a response is deemed required, Defendants aver that the notices speak for themselves. Defendants deny that TPS for Nicaragua was extended eighteen times following the initial 1997 designation, but aver that TPS for Nicaragua was extended fifteen times. Defendants admit that nine reviews (eight extensions and one termination) occurred after the January 2005 execution of the Comprehensive Peace Agreement. Defendants deny any implication

that DHS and/or its predecessors previously considered factors that fall outside the statutory criteria.

88. Defendants admit the allegation in the first clause of paragraph 88 that former Acting Secretary Duke terminated Sudan's TPS designation in September 2017. The remainder of paragraph 88 consists of Plaintiffs' excerpt from and characterization of the contents of a Federal Register notice. To the extent a response is deemed required, Defendants aver that the notice speaks for itself.

89. Defendants admit that Plaintiffs purport to bring this action under Rules 23(b)(1)(A) and (b)(2) of the Federal Rules of Civil Procedure but deny that Plaintiffs are entitled to proceed as a class.

90. Defendants admit that Plaintiffs bring a putative class action but deny that Plaintiffs are entitled to proceed as a class.

91. Paragraph 91 consists of Plaintiffs' legal conclusion, to which no response is required; to the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to proceed as a class.

92. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 92.

93. Paragraph 93 consists of Plaintiffs' speculative legal conclusion, to which no response is required; moreover, Defendants are unable to admit or deny speculation.

94. The first sentence of paragraph 94 consists of Plaintiffs' legal conclusion, to which no response is required; to the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to proceed as a class. Defendants deny the allegations in the second sentence of paragraph 94. The third sentence of paragraph 94 consists of speculation by Plaintiffs. Defendants are unable to admit or deny this speculation. The fourth sentence of paragraph 94 consists of Plaintiffs' legal conclusion, to which no response is required; to the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to proceed as a class.

95. The first sentence of paragraph 95 consists of Plaintiffs' legal conclusion, to which no response is required; to the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to proceed as a class. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 95. The third sentence of paragraph 95 consists of speculation by Plaintiffs. Defendants are unable to admit or deny this speculation. Defendants admit the allegations in the fourth sentence of paragraph 95 only insofar as Plaintiffs purport to bring these constitutional claims, but deny that Plaintiffs are entitled to bring such claims.

96. The first and third sentences of paragraph 96 consist of Plaintiffs' legal conclusions, to which no response is required; to the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to proceed as a class. Defendants admit the allegations in the second sentence of paragraph 96 only insofar as Plaintiffs purport to seek relief, but deny that Plaintiffs are entitled to any relief whatsoever.

97. Defendants admit the allegations in the first sentence of paragraph 97. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 97.

98. Paragraph 98 consists of Plaintiffs' legal conclusion, to which no response is required; to the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to proceed as a class.

99. Paragraph 99 consists of Plaintiffs' legal conclusions, to which no response is required; to the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to proceed as a class. Defendants specifically deny that Plaintiffs are entitled to any "final injunctive and declaratory relief."

100. Paragraph 100 re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs. To the extent a response is deemed required, Defendants incorporate by reference and refer the Court to their responses to the preceding paragraphs.

101. Defendants admit that Plaintiffs have correctly transcribed the Due Process Clause of the Fifth Amendment in the first sentence of paragraph 101. The remainder of paragraph 101 consists of Plaintiffs' characterization of due process jurisprudence. To the extent a response is deemed required, Defendants deny that Plaintiffs have provided a thorough and complete explanation of applicable law.

102. Paragraph 102 consists of Plaintiffs' legal conclusions, to which no response is required; to the extent a response is deemed required, Defendants deny that Plaintiffs have provided a thorough and complete explanation of applicable law.

103. Paragraph 103 consists of Plaintiffs' legal conclusions, to which no response is required; to the extent a response is deemed required, Defendants deny that Plaintiffs have provided a thorough and complete explanation of applicable law.

104. Defendants deny the allegations in the first sentence of paragraph 104. The remainder of paragraph 104 consists of Plaintiffs' legal conclusions, to which no response is required; to the extent a response is deemed required, Defendants deny that Plaintiffs have provided a thorough and complete explanation of applicable law.

105. Defendants deny the allegations in the first sentence of paragraph 105. The second sentence of paragraph 105 consists of Plaintiffs' characterization of the contents of Federal Register notices; to the extent a response is deemed required, Defendants aver that the notices speak for themselves. Defendants deny any implication that the Secretaries failed to comply with any aspect of the statutory scheme in making the challenged TPS determinations or that the Federal Register notices are in any way inadequate.

106. Defendants deny that there is a "new interpretation of the governing statute" and thus deny any implication in paragraph 106 that the challenged TPS determinations and/or Federal Register notices were unlawful or inadequate. Defendants further deny that the challenged TPS determinations amounted to an "extraordinary invasion of the U.S. citizen children's constitutional rights."

107. Denied.

108. Paragraph 108 re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs. To the extent a response is deemed required, Defendants incorporate by reference and refer the Court to their responses to the preceding paragraphs.

109. Paragraph 109 consists of Plaintiffs' characterization of equal protection jurisprudence. To the extent a response is deemed required, Defendants deny that Plaintiffs have provided a thorough and complete explanation of applicable law.

110. Denied.

111. Denied.

112. Paragraph 112 re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs. To the extent a response is deemed required, Defendants incorporate by reference and refer the Court to their responses to the preceding paragraphs.

113. The first sentence of paragraph 113 consists of Plaintiffs' characterization of due process jurisprudence, as well an excerpt from a judicial decision, which speaks for itself. To the extent a further response is deemed required, Defendants deny that Plaintiffs have provided a thorough and complete explanation of applicable law. Defendants admit the allegation in the second sentence of paragraph 113, following the citation, to the extent that persons properly registered for TPS are lawfully present in the country. The third sentence of paragraph 113 consists of Plaintiffs' legal conclusion, to which no response is required; to the extent a response is deemed required, Defendants deny that Plaintiffs have provided a through and complete explanation of applicable law and further deny any implication that the challenged TPS determinations were arbitrary.

114. Paragraph 114 consists of Plaintiffs' characterization of due process jurisprudence, as well as an excerpt from a judicial decision, which speaks for itself. To the extent a further response is deemed required, Defendants deny that Plaintiffs have provided a

thorough and complete explanation of applicable law. Defendants specifically deny that TPS designations give rise to "well-established and significant reliance interests."

115. Denied. Defendants specifically deny any implication that the Secretaries failed to comply with any aspect of the statutory scheme in making the challenged TPS determinations.

116. Denied.

117. Paragraph 117 re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs. To the extent a response is deemed required, Defendants incorporate by reference and refer the Court to their responses to the preceding paragraphs.

118. Paragraph 118 consists of Plaintiffs' excerpts from and characterization of language appearing in the Administrative Procedure Act. To the extent a response is deemed required, Defendants aver that the statute speaks for itself.

119. Paragraph 119 consists of Plaintiffs' excerpts from and characterization of language appearing in the Administrative Procedure Act as well as a judicial decision. To the extent a response is deemed required, Defendants aver that these legal authorities speak for themselves.

120. Paragraph 120 consists of Plaintiffs' excerpts from and characterization of a judicial decision. To the extent a response is deemed required, Defendants aver that this legal authority speaks for itself.

121. Paragraph 121 consists of Plaintiffs' legal conclusion, as well as excerpts from the APA and from a regulation. The statute and regulation speak for themselves. To the extent a further response is deemed required, Defendants admit that the challenged TPS determinations constitute final agency action but deny that Plaintiffs are entitled to challenge that final action in this lawsuit.

122. Denied.

123. Denied.

The remainder of the allegations in the Class Action Complaint constitute a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

All allegations not specifically admitted or denied in the foregoing numbered responses are hereby denied.

**DEFENSES**

1. The Court lacks Article III jurisdiction over the subject matter of this lawsuit.
2. Plaintiffs have failed to state a claim for which relief can be granted.
3. Defendants' actions or inactions did not violate the Due Process Clause of the Fifth Amendment.
4. Defendants' actions or inactions did not violate the equal protection component of the Due Process Clause of the Fifth Amendment.
5. Defendants' actions or inactions did not violate any substantive or procedural requirements of the Administrative Procedure Act.
6. Defendants respectfully reserve the right to plead any and all other defenses that Defendants determine are or may be applicable.

WHEREFORE, having fully answered Plaintiffs' Class Action Complaint, Defendants respectfully request that the Court enter judgment dismissing this action for lack of subject-matter jurisdiction or alternatively on its merits, and awarding Defendants costs and such other relief as the Court may deem just and appropriate.

Dated: August 14, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

JOHN R. TYLER
Assistant Branch Director

/s/ *Joseph C. Dugan*
RHETT P. MARTIN (DC Bar # 999272)
KEVIN M. SNELL (NY Bar)

ADAM KIRSCHNER (IL Bar # 6286601)
JOSEPH C. DUGAN (OH Bar # 0093997)
Trial Attorneys
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 514-3259
Fax: (202) 616-8470
Joseph.Dugan@usdoj.gov