Alycia A. Degen (SBN 211350)
adegen@sidley.com
Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6010
Facsimile: +1 213 896 6600

Ahilan T. Arulanantham (SBN 237841)
aarulanantham@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: +1 213 977 5211
Fax: +1 213 977 5297

Jessica Karp Bansal (SBN 277347)
jbansal@ndlon.org
Emilou MacLean (SBN 319071)
emi@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
674 S. La Fayette Park Place
Los Angeles, CA 90057
Telephone: +1 213 380 2214
Fax: +1 213 380 2787

Attorneys for Plaintiffs
[*Additional Counsel Listed on Next Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| CRISTA RAMOS, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> KIRSTJEN NIELSEN, *et al.*, <br><br> Defendants. | Case No. 3:18-cv-1554-EMC <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RELIEF FROM DISCOVERY ORDER** <br><br> Date: Aug. 15, 2018 <br> Time: None set <br> Place: Courtroom 5, 17th Floor <br> Judge: Hon. Edward M. Chen <br><br> Complaint Filed:   March 12, 2018 <br> Trial Date:   None set |

*Additional Counsel for Plaintiffs*

William S. Freeman (SBN 82002)
wfreeman@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: +1 415 621 2493
Fax: +1 415 863 7832

Mark E. Haddad (SBN 205945)
markhadd@usc.edu
Part-time Lecturer in Law
USC Gould School of Law*
University of Southern California
699 Exposition Boulevard
Los Angeles, CA 90089-0071
Telephone: +1 213 675 5957

Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
Ryan M. Sandrock (SBN 251781)
rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1219
Facsimile: +1 415 772 7400

Andrew B. Talai (SBN 300053)
atalai@sidley.com
Marisol Ramirez (SBN 307069)
marisol.ramirez@sidley.com
Mohindra Rupram (SBN 319478)
mrupram@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600

Katelyn N. Rowe (SBN 318386)
krowe@sidley.com
Matthew W. Light (SBN 294007)
mlight@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA  90067
Telephone: +1 310 595 9598
Facsimile: +1 310 595 9501

* *Institution listed for identification purposes only*

## INTRODUCTION

The Magistrate had the benefit of multiple rounds of briefing, a hearing, and exemplars selected by the parties. The Magistrate also had the benefit of this Court's rulings on discovery and a motion to dismiss. After considering the entire record, the Magistrate issued a carefully considered order that properly balanced multiple factors in finding Defendants' overbroad assertions of the qualified deliberative process privilege ("DPP") overcome by the need for discovery. As a result, the Magistrate ordered Defendants to produce and remove redactions from documents responsive to the four narrowly tailored document requests authorized by this Court and the Magistrate for the preliminary injunction motion. These documents are necessary for Plaintiffs to pursue relief for non-citizens legally residing in the United States facing imminent loss of their status, and hundreds of thousands of U.S. citizen children facing family separation. The discovery order should stand.

Defendants fail to address or explain how the Magistrate's ruling is clearly erroneous. The Magistrate correctly weighed the factors under the test Defendants concede applies. As to one of the primary factors, relevance, Defendants "strenuously disagree that Plaintiffs have plausibly alleged" animus or improper decisionmaking. (Dkt. 73 p. 9.) This Court, however, already resolved that question against Defendants, and the Magistrate agreed. (Dkt. 55 (repeatedly finding Plaintiffs "plausibly" alleged animus and APA violations).) As to other critical factors, such as Plaintiffs' need for the evidence and the lack of its availability from other sources, Defendants do not dispute the Magistrate's findings. Indeed, Defendants ignore all of the other findings by the Magistrate.

In addition, the Magistrate's order can be affirmed on multiple grounds. Defendants' log entries remain woefully deficient, they have never submitted a declaration to support their assertions of DPP, and their assertions already have been proven overbroad. Defendants also rely on arguments or authorities never presented to the Magistrate, or not raised in a timely manner. Finally, if the Court has any concerns about the Magistrate's ruling, a protective order under Federal Rule of Evidence 502(d) resolves Defendants' concerns about the scope of waiver. This would ensure Plaintiffs receive evidence critical to the preliminary injunction motion, while affording Defendants a fourth (or fifth) chance to attempt to justify why materials submitted with motions should not become part of the public record.

**STANDARD OF REVIEW**

A "magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 72-2 ("The motion must specifically identify the portion of the Magistrate Judge's order to which objection is made and the reasons and authority therefor."). Clear error requires "a definite and firm conviction that a mistake has been committed." *Perry*, 268 F.R.D. at 348 *Id.* (internal quotation omitted). The standard is "extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Loop AI Labs Inc v. Gatti*, 2016 WL 3001158, at *1 (N.D. Cal. May 25, 2016).

**ARGUMENT**

**I.     The Magistrate Correctly Overruled Defendants' Assertions of Privilege.**

    A.     <u>The Magistrate Correctly Weighed All Relevant Factors in Overruling the Privilege.</u>

Defendants do not acknowledge that the Magistrate's order is subject to the clearly erroneous standard or attempt to overcome that standard. For this reason alone, their motion fails.[1] Regardless, no error occurred, clear or otherwise.

*First*, Defendants concede the Magistrate "identified the correct framework" in overruling their privilege claims," but say she "misapplied it by focusing almost exclusively on Plaintiffs' speculative allegations that the challenged TPS determinations were based on racial or national origin animus[.]" (Dkt. 73 p. 8.) In fact, she declined to focus exclusively on the allegations of animus. (Dkt. 63 p. 6 ("[G]overnmental misconduct is a prerequisite but not the only factor").) The Magistrate addressed and carefully weighed *all* of the relevant factors. (*Id.* at 6-8.)

*Second*, the Magistrate did not assume "the Government forfeits the deliberative process privilege any time a litigant accuses the Government of making a decision on the basis of some unconstitutional considerations." (Dkt. 73 p. 9.) Rather, the Magistrate expected Plaintiffs to make "a strong showing of bad faith or improper behavior" to overcome DPP. (Dkt. 63 p. 6.) Like this

---

[1] Under analogous circumstances, Defendants' omission could properly lead to dismissal of their appeal. *See Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007); *N/S Corp. v. Liberty Mutual Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997).

Court, the Magistrate found Plaintiffs' allegations of animus "credible" and strong, including because "Plaintiffs cite many specific, uncontroverted statements to support their argument." (Dkt. 64 pp. 2, 8; Dkt. 55 pp. 54-56 (finding "more than sufficient" plausible allegations that "animus based on race and/or national origin/ethnicity" was "a motivating factor in DHS's TPS termination decisions").)[2] Other than "strenuously disagree[ing]" Plaintiffs' have plausibly alleged animus (Dkt. 73 p. 8), Defendants fail entirely to address these findings—let alone explain how the Magistrate could clearly err by making findings that mirror those in the order denying the motion to dismiss. "[G]iven the District Court's ruling," the Magistrate agreed animus is a "central" issue in this litigation and that "the subjective intent of the decisionmakers is squarely relevant[.]" (Dkt. 63 p. 7.)

*Third*, Defendants fail to explain how the Magistrate made erroneous findings or misapplied any of the eight factors bearing on DPP. (*Compare* Dkt. 73 p. 8-10, *with* Dkt. 63 p. 6-10.) For example, Defendants do not deny that Plaintiffs cannot obtain this evidence from any other source. *See N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1124 (N.D. Cal. 2003) (Chen, M.J.) (describing this as "perhaps the most important factor" in favor of requiring disclosure because, among other reasons, "evidence of discriminatory intent does not typically lay dormant in an administrative record"). Defendants still offer no "evidence to meet [their] burden that production of these materials will in fact hinder frank discussions about policies." (Dkt. 63 p. 7.) The record is devoid of any evidence that disclosure will hinder frank discussion. *See Coleman v. Schwarzenegger*, 2007 WL 4328476, at *7 (E.D. & N.D. Cal. Dec. 6, 2007) (finding declarations supporting assertion of DPP were inadequate because declarants failed to "aver[] that they have personally reviewed the documents," "tie[] any of the statements in their declarations to particular documents," or provide proof that defendants "preserved the confidentiality of the specific documents"). Defendants also do not deny that the societal interest in accurate fact-finding, and the significance of the matters at issue, strongly favor disclosure. *See N. Pacifica, LLC*, 274 F. Supp. 2d at 1123-25 (holding need for discovery outweighed DPP in face of alleged equal protection violations).

---

[2] To this day, Defendants have not denied the President made statements reflecting racial animus. *Compare*, *e.g.*, Complaint (Dkt. 1) ¶¶ 66-73 *with* Answer (Dkt. 76) ¶¶ 66-73 (*e.g.*, "Defendants aver that any such statements speak for themselves.").

At most, Defendants imply the order may require production of information that is not relevant. (Dkt. 73 p. 10). The documents covered by the order, however, relate to just four requests for production (Nos. 1, 4, 6, and 7). Both this Court and the Magistrate found those requests narrowly tailored and relevant to the central issues in this litigation. (*See*, *e.g.*, Dkt. 63 p. 2; 34 p. 5.) At any rate, Defendants represented that DPP materials at issue were responsive to RFP Nos. 1, 4, 6, and 7 by placing them on privilege logs, foreclosing any relevance arguments. The Magistrate nonetheless conducted an *in camera* review to compare Plaintiffs' allegations to the documents selected by the parties as exemplary of materials withheld as DPP before finding relevance.

Because Defendants have failed to show any specific and clear error in the Magistrate's weighing of multiple factors, their motion should be denied. *Perry*, 268 F.R.D. at 348. As this Court has previously held, "even if established, the privilege can be overcome because it is a qualified privilege; that is, a litigant may obtain deliberative materials [or information] if his or her need for the materials [or information] and the need for accurate fact-finding override the government's interest in non-disclosure." *N. Pacifica, LLC*, 274 F. Supp. 2d at 1122.

B.      Defendants Also Fail to Show the Magistrate Erred As To Specific Documents.

Because the Magistrate correctly found DPP overcome after weighing the relevant factors, this Court does not need to resolve whether specific materials submitted *in camera* otherwise fall within the privilege. (*See* Dkt. 73 p. 2-7.) At this juncture, it no longer makes sense to discuss individual documents or document categories. Nevertheless, Defendants fail to identify any error and certainly do not satisfy the clear error standard.[3]

*First*, Defendants continue to assert that DPP protects all "factual information" since any facts were "gathered and evaluated" in connection with TPS determinations. (Dkt. 73 p. 3.) As this and other courts have recognized, "the privilege is strictly confined within the narrowest possible limits consistent with the logic of its principles" and protects factual information only to the extent it is "so interwoven with the deliberative material that it is not severable." *N. Pacifica, LLC*, 274 F. Supp. 2d at 1122 (internal quotations omitted). "Defendants are entitled to know what facts the

---

[3] Most of the materials submitted to the Magistrate for *in camera* review have been withheld from Plaintiffs in full, and the log entries—which have proven erroneous—often shed no meaningful light as to the content, authors, or recipients.

1  Secretary knew and when she learned of those facts"; "fact intensive inquiries would not implicate
2  the deliberative process privilege." *Chao v. Mazzola*, 2006 WL 2319721, at *1 (N.D. Cal. Aug. 10,
3  2006) (Chen, M.J.). Defendants cannot deny Plaintiffs access to facts by selectively disclosing a
4  handful of "country reports." (Dkt. 73 p. 3)

5      *Second*, Defendants complain that the Magistrate found one public affairs/ media
6  document—"FINAL Haiti TPS PAG.pdf" (DHS_RFPD_00001242)—was not protected by DPP
7  because it was post-decisional. (Dkt. 63 pp. 4-5.) As the title reflects, this document contained the
8  agency's final policy for communicating the final TPS determination for Haiti with third parties,
9  and, in any event, Defendants eventually admitted it had been previously produced in other
10 litigation, rendering any objection moot. (Dkt. 62.)

11     *Third*, Defendants argue that briefing material containing "specific background information
12 about individual Senators (DHS_RFPD_00000941) are part of the deliberative process of preparing
13 to meet with members of Congress[.]" (Dkt. 73 p. 5-6.) As the Magistrate explained, however, DPP
14 does not cover communications with third parties "who are not part of the deliberative process,"
15 such as Senators. (Dkt. 63 p. 4.) Defendants do not dispute this principle, and the contents of the
16 briefing materials for such non-deliberative meetings necessarily are not subject to DPP. *See N.*
17 *Pacifica, LLC*, 274 F. Supp. 2d at 1121 (recognizing that, to be protected by DPP, "the document or
18 testimony must be deliberative in nature, containing opinions, recommendations, or advice about ...
19 policies or decisions") (quotations and alterations omitted)). Defendants do not contend the briefing
20 materials in question were part of the process for making TPS policies or agency decisions.

21     *Fourth*, Defendants argue a memoranda (*e.g.*, AR-EL_SALVADOR-00000041) "about how
22 to fulfill [a] statutory mandate must be protected by the deliberative process." (Dkt. 73 p. 7.) But
23 DPP does not cover materials that memorialize interpretations of a statute followed or adopted as
24 formal or informal agency policy. *See, e.g.*, *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d
25 854, 866 (D.C.C. 1980)); *Elec. Frontier Found. v. Dep't of Justice*, 2014 WL 3945646, *7 (N.D.
26 Cal. Aug. 11, 2014) ("[A]n agency is 'required to disclose 'orders and interpretations which it
27 actually applies to cases before it' in order to prevent the development of 'secret law.'"); *Brennan*
28 *Center v. Dep't of Justice*, 697 F.3d 184, 207 (2d. Cir. 2012) ("[L]ike the deliberative process

5

privilege, the attorney-client privilege may not be invoked to protect a document adopted as, or incorporated by reference into, an agency's policy.").

As discussed above, the Magistrate appropriately found that DPP was overcome after weighing the relevant factors, and, as such, Defendants' challenges to these exemplar documents submitted *in camera* accomplishes nothing. At any rate, the burden is on Defendants to demonstrate that DPP applies—*not* Plaintiffs, who have based their challenges on the vague, incomplete, and/or conclusory information that Defendants have provided in their facially deficient privilege logs.

## II. Multiple, Independent Grounds Support Affirmance Of the Magistrate's Order.

### A. Defendants' Privilege Logs Are Woefully Deficient and Unsupported.

Over a month ago, this Court issued the following discovery order: "If Defendants invoke the deliberative process privilege, they must produce a detailed privilege log identifying the excluded material and the basis for privilege" because "any assertion thereof will be subject to review." (Dkt. 34 p. 5.) The Magistrate's standing order separately required Defendants to "provide a privilege log that is sufficiently detailed and informative." Standing Order for Magistrate Judge Sallie Kim at 6.[4] Specifically, Defendants were required to set forth for each document: (a) "[t]he title and description of the document"; (b) "[t]he subject matter"; (c) "[t]he identity and position of its author(s)"; (d) "[t]he identity and position of all addressees and recipients"; (e) "[t]he date the document was prepared and, if different, the date(s) on which it was sent to or shared with" others; (f) "[t]he steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication"; and (g) "[t]he specific basis for the claim" of privilege. *Id.* at 7. As the various logs in the record illustrate (*e.g.*, Dkts. 43-7, 43-8, 43-9, 43-10, 43-15, 43-16, 43-17, 43-18, 59-1, 61-2), Defendants failed to comply with these express obligations.

Defendants bear the burden of establishing DPP applies. *N. Pacifica*, 274 F. Supp. 2d at 1122. Despite Plaintiffs' raising the defects in the logs multiple times (*see, e.g.*, Dkts. 43 at 3-4; 47 at

---

[4] Those orders are consistent with Federal Rule of Civil Procedure 26(b)(5)(A), which requires that any party claiming privilege "must … describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *See also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1148-49 (9th Cir. 2005) (purpose of privilege log is to allow reviewing party to evaluate claim of privilege).

2-3; 59 at 2), the logs still do not comply with this Court's or the Magistrate's directives. For starters, the privilege logs often do not identify authors or recipients. (*See* Dkt. 59-1.) Perhaps even more fatal, not a single log entry identifies steps "taken to ensure the confidentiality of the communication" or affirms "that no unauthorized persons have received the communication." Kim Standing Order at 6. Defendants thus cannot satisfy even a prima facie basis for asserting privilege over these documents. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015).

In addition, the descriptions in the log entries are no better than "an index of documents"; but that sort of "basic information [combined with] a brief description … is inadequate" as a matter of law. *Cal. Native Plant Soc'y v. U.S. E.P.A.*, 251 F.R.D. 408, 413 (N.D. Cal. 2008). Their entries include such conclusory descriptions as "[d]eliberations regarding the formulation of the policy at issue[,]" and "[d]eliberations regarding meeting agenda for TPS decision." (Dkt. 43, Exs. 7, 8.) And even their amended logs contain such boilerplate. (Dkt. 47, Exs. 1, 2.) "Conclusory statements … do not suffice," *Cal. Native Plant Soc'y*, 251 F.R.D. at 413, especially where, as here, Defendants have withheld entire documents, preventing Plaintiffs from seeing the "subject line" of emails and other non-privileged text, *First Resort, Inc. v. Herrera*, No. CV 11–5534 SBA (KAW), 2014 WL 589054, at *5 (N.D. Cal. Feb. 14, 2014), and have never submitted a declaration from a person with personal knowledge about the documents. *See Coleman*, 2007 WL 4328476, at *7 (declarants supporting DPP assertions were required to "aver[] that they have personally reviewed the documents" and "tie[] any of the statements in their declarations to particular documents"). Indeed, some courts have held that DPP "must be asserted by the head of the governmental agency, or an appropriately qualified designee, after personal review of the documents," which Defendants have never represented occurred here. *In re Grand Jury Subpoena Dated August 9, 2000*, 218 F. Supp. 2d 544, 552, 552-53 (S.D.N.Y. 2002) (Chin, D.J.) (citations omitted).

B.   <u>Defendants Have Engaged In Discovery Misconduct.</u>

This Court ordered Defendants to complete responses to RFP Nos. 1, 4, 6, and 7 by July 9, 2018. (Dkt. 34 p. 5.) Defendants took the Court's order as an invitation to begin rolling productions on that date. When Defendants refused to confirm the rolling productions would be complete before Plaintiffs needed to move for a preliminary injunction, Plaintiffs were forced to seek relief from the

7

1  Magistrate, who ordered the productions complete by August 16—in the process overruling other
2  positions taken by Defendants as unsupported (such as improperly redacting portions of documents
3  as "non-responsive"). (Dkts. 53 p. 1-2; 49 p. 1.) Despite telling this Court that they would need to
4  gather records from additional custodians to respond to Request No. 4 (Dkt. 28 p. 8), Defendants still
5  have not done so. Additionally, Plaintiffs have learned that Defendants unilaterally selected the
6  custodians that omitted key personnel in favor of persons with seemingly no material role. (Dkt. 28
7  p. 3.) Defendants also unilaterally selected search terms that are underinclusive and fail to generate
8  relevant documents produced in separate litigation over records pertaining to the November 2017
9  Haiti TPS termination. *Nat'l Immig. Proj. v. DHS*, No. 1:18-cv-00659-RA (S.D.N.Y. Jan. 26, 2018).
10 Under these circumstances, this Court would be well within its discretion to consider Defendants'
11 noncompliance with its original discovery order as further grounds in favor of overruling the
12 assertions of DPP. *See* Fed. R. Civ. P. 37(b)(2)(A). Plaintiffs already have been prejudiced by the
13 delay in productions, omission of relevant custodians, and use of insufficient search terms. And the
14 additional productions anticipated over the next two days will undoubtedly be the largest in this case
15 by far, with Plaintiffs' preliminary injunction motion due in only eight calendar days.
16       The Court also can affirm the Magistrate's ruling because Defendants' conduct does not
17 reflect careful assertion of DPP. Blanket and overbroad assertions of DPP raise "serious concerns …
18 as to the[ir] *bona fides*[,]"particularly when combined with inadequate log descriptions and a lack of
19 any supporting declarations. *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 162-63 (S.D.N.Y.
20 2014) (finding DPP and other privileges waived). Out of the 10 documents originally selected by
21 Plaintiff for *in camera* review, Defendants later advised Plaintiffs that one reflected an erroneous log
22 entry and that three previously withheld in full would be produced. (Dkt. 59 p. 1.) Defendants then
23 admitted in a post-hearing submission that a fifth document withheld in full had been produced in
24 other litigation. (Dkt. 62.) In other words, Defendants waited until after multiple rounds of briefing
25 and a hearing before the Magistrate to selectively withdraw 50% of DPP assertions identified by
26 Plaintiffs as exemplary of categories of documents, yet still insist that no other documents in the logs
27 are similarly subject to overbroad DPP claims as these five exemplars.
28       Each of these factors further support affirmance of the Magistrate's ruling on DPP.

C. <u>The Government Has Waived Any Argument That the Magistrate Had To Conduct A Document-By-Document Review, And No Such Review Is Required.</u>

Defendants claim the Magistrate and now this Court have an obligation to undertake a "document-by-document review," which they contend is "essential" before DPP can be overcome. (Dkt. 73 p. 9-10.) The parties and the Magistrate specifically discussed at the hearing on DPP whether Defendants should submit every document for *in camera* review, or review a representative sample of documents, something Plaintiffs have proposed from the start. (Dkts. 43 p.4; 28 p. 4.) Defendants never objected to using a sample. In addition, despite multiple rounds of briefing, during which Plaintiffs asserted DPP should not be permitted as to any of the discovery authorized by this Court, Defendants did not contend a document-by-document review is required. Defendants waited until a post-hearing brief intended to designate their 10 documents for *in camera* review to make this assertion. (Dkt. 61 p. 1.) Any such argument was long-since waived, and "objections to findings and recommendations are not intended to serve as a party's 'second bite at the apple.'" *Lintz v. Potter*, 2012 WL 9034131, at *1 (E.D. Cal. Sept. 13, 2012) (internal quotations and citations omitted). "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992).

Furthermore, Defendants plainly are wrong. A party cannot stall discovery by overwhelming a court with privilege assertions, rather than produce adequate logs backed by supporting declarations. "In camera inspection of documents by this court is not a substitute for the government's burden of proof. … In cases involving requests for hundreds of documents, no trial court can reasonably be expected to wade through a mass of exhibits in camera." *Coleman*, 2007 WL 4328476, at *4 (internal quotations omitted). The obligation on Defendants, and the Court's right to efficiently manage its docket, should apply with particular force where, as here, the issue concerns a qualified privilege, not an absolute or statutory privilege.[5]

---

[5] Defendants' authorities are distinguishable. (Dkt. 73 p. 8-9.) They failed to cite *In re United States*, 678 F. App'x 981 (Fed. Cir. 2017), before the Magistrate, and that case did not involve alleged misconduct by the government; instead, it simply stated—without analysis or citation—that

9

### III. Alternatively, This Court Can Enter An Order Under Federal Rule of Evidence 502(d).

Although not required under the circumstances, since the preliminary injunction is just eight days away, this Court has discretion to enter an order under Federal Rule of Evidence 502(d) that any disclosure of DPP materials pursuant to the Magistrate's order in response to RFP Nos. 1, 4, 6, and 7 or during depositions does not constitute waiver for purposes of this litigation, or any other state or federal litigation. Fed. R. Evid. 502(d) ("A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding."). The Court can further direct Plaintiffs to maintain such documents and information as confidential.[6] Plaintiffs would then submit any such materials or information for the preliminary injunction conditionally under seal, at which point Defendants could attempt to justify why such materials should remain sealed on a document-by-document basis. Entering such orders would entirely eliminate Defendants' argument that "it is impossible for the Government to unring the bell." (Dkt. 73 p. 10). Though not necessary to affirm the Magistrate's ruling, entering such orders also would further tilt the scales in favor of disclosure of documents and information allegedly within the scope of DPP privilege.

Finally, Defendants incorrectly suggest "any privilege claim with respect to [the] documents [at issue] will be eviscerated" (Dkt. 73 p. 10.) The Magistrate never purported to require production of documents or information subject to privileges other than DPP, and Plaintiffs have never contended otherwise. To the extent Defendants have asserted other privileges and not already withdrawn or waived them (as they have for 11 assertions of executive privilege), then they can decide whether to produce the documents formerly withheld or redacted based on DPP, or instead whether they will continue to assert those other privileges as to some or all of those documents. The parties can then resume their discussions about the assertion of those privileges.

### CONCLUSION

For these reasons, the Court should deny Defendants' motion in full.

---

document-by-document review was required. And in *Fourth Age Ltd. v. Warner Bros. Digital Distrib.*, 2015 WL 12720324 (C.D. Cal. Aug. 6, 2015), the court addressed a copyright infringement dispute between two private entities regarding the attorney-client privilege—*not* the qualified DPP.
[6] Plaintiffs sent a proposed Protective Order to Defendants on July 24, 2018 using the model for this district, and still await Defendants' position.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date:  August 15, 2018 | SIDLEY AUSTIN LLP |
|  | By:  */s/ Sean A. Commons*<br>        Sean A. Commons |