# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTA RAMOS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, et al.,<br><br>Defendants. | Case No. 18-cv-01554-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S DISCOVERY ORDER**<br><br>Docket No. 73 |

Defendants have moved for relief from a discovery order issued by Judge Kim on August 10, 2018.[1] *See* Docket No. 63 (discovery order). Pursuant to 28 U.S.C. § 636, the Court reviews Judge Kim's discovery order for clear error or a ruling contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) (providing that "[a] judge may designate a magistrate to hear and determine any pretrial matter pending before the court [with limited exceptions]" and that a judge "may reconsider any pretrial matter . . . where it has been shows that the magistrate judge's order is clearly erroneous or contrary to law"); *see also BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. C-14-9371 (KPF) (SN), 2018 U.S. Dist. LEXIS 136777, at *27 (S.D.N.Y. Aug. 13, 2018) (stating that "[o]rders involving discovery, such as those here involving privilege issues, are nondispositive rulings subject to review for clear error or rulings that are contrary to law").

The Court holds that Defendants have failed to show that the discovery order is either clearly erroneous or contrary to law and therefore **DENIES** Defendants' motion for relief. The Court has reviewed the twenty documents submitted to Judge Kim for in camera review. The

---

[1] The Court **GRANTS** Defendants' request for a page extension. *See* Docket No. 72 (motion).

Court has evaluated the documents bearing in mind that Defendants have the burden of establishing that the deliberative process privilege ("DPP") applies. Based on the Court's review, the privilege does not apply to some documents but does apply to others. However, even in those instances where the DPP does obtain, Plaintiffs have made a sufficient showing that the privilege – a qualified one – should be overcome.[2]

The Court notes that it has doubts as to whether the DPP applies to a document that post-dates the decision(s) to terminate the TPS designation(s). The relevant policy or decision in the instant case is each decision to terminate the TPS designation. Subsidiary decisions made thereafter – *e.g.*, related to public relations, diplomatic relations, and congressional inquiries – are arguably not protected.[3] Unlike the TPS decisions, these decisions do not appear to implicate the formulation of important public policy. *See D.A. v. Nielsen*, No. 18-cv-09214 (ES)(CLW), 2018 U.S. Dist. LEXIS 108125, at *15 (D.N.J. June 28, 2018) (noting that "[c]ourts in this District have been reluctant to classify discretionary lower-level decision-making as the type of policy deliberation protected by the privilege"; indicating that "the privilege 'should be limited to communications designed to contribute, directly, to the formulation of important public policy'"); *Soto v. City of Concord*, 162 F.R.D. 603, 612 (N.D. Cal. 1995) (stating that "[t]he deliberative process privilege should be invoked only in the context of communications designed to directly contribute to the formulation of important public policy"); *Grossman v. Schwarz*, 125 F.R.D. 376, 381 (S.D.N.Y. 1989) (stating that the DPP "is properly applicable only to communications relating to policy formulation at the higher levels of government; it does not operate indiscriminately to shield all decision-making by public officials").

Even if the DPP were to apply to these kinds of documents, the DPP would still be overcome. The balancing of factors on these kinds of documents weighs in favor of Plaintiffs, not

---

[2] To the extent Defendants maintain that other privileges may apply – *e.g.*, the attorney-client privilege – the Court makes no ruling but shall defer to Judge Kim in the first instance. Any such documents (or portions thereof) subject to other privilege claims shall not be produced until Judge Kim so orders.

[3] *Lemieux & O'Neill v. McCarthy*, No. CV 16-00570-AB (Ex), 2017 WL 679652 (C.D. Cal. Jan. 27, 2017), is distinguishable as it involved "*pre-decisional* discussions of communications strategy." *Id.* *4 (emphasis added).

2

only under the four factors identified by the Ninth Circuit in *FTC v. Warner Communications*, 742 F.2d 1156 (9th Cir. 1984), but also the additional four factors district courts have considered, including the seriousness of the litigation and the issues involved and the federal interest in the enforcement of federal law. *See N. Pacific, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1120-22 (N.D. Cal. 2003). The balancing calculus of such post-decision documents pertaining, *e.g.*, to public relations strategy, differs materially from that which informs the substantial TPS decisions; for instance, the federal interest in enforcement of federal law in such documents is attenuated.[4]

To the extent Defendants argue that a document-by-document analysis is required to evaluate the privilege claimed – *i.e.*, that the sampling approach taken by Judge Kim is inadequate – the Court does not agree.[5] Putting aside the fact that it is not clear that such an evaluation could be completed in time for the preliminary injunction briefing, the Court finds that Defendants have not demonstrated that the sampling approach is not representative and will yield incorrect results.

However, out of an abundance of caution, the Court rules as follows. If Defendants have a good faith belief that there are specific documents that are not sufficiently "represented" by the twenty bellwether documents selected by Defendants and/or Plaintiffs, then Defendants may present those specific documents to Judge Kim for an in camera review no later than **noon, August 17, 2018**. Defendants must demonstrate that any such documents are materially different from and not disposed of by Judge Kim's analysis as supplemented herein. The Court underscores that Defendants must act in good faith and it does not expect Defendants to deluge Judge Kim with voluminous documents for review.

Finally, to the extent Plaintiffs have made arguments about, *inter alia*, an inadequate privilege log or an insufficient search for responsive documents, those issues should be promptly taken to Judge Kim if Plaintiffs seek substantive relief (*i.e.*, a full and complete privilege log or a reasonably diligent search). The Court does not address these issues to the extent Plaintiffs argue

---

[4] The Court also notes that, as Plaintiffs point out, Defendants submitted no declaration, and hence no evidence, that any of the documents reviewed is typically kept confidential or that disclosure of such is likely to inhibit frank discussions and debate in any deliberative process.
[5] The Court acknowledges Plaintiffs' argument that Defendants waived the argument of a document-by-document review. *See* Opp'n at 9. The Court nevertheless entertains the merits of the argument given the importance of the issues presented.

that they justify a sanction (*i.e.*, waiver of the DPP).  *See* Opp'n at 8 (citing Federal Rule of Civil Procedure 37(b)(2)(A)).

This order disposes of Docket No. 73.

**IT IS SO ORDERED**.

Dated: August 15, 2018

_____
EDWARD M. CHEN
United States District Judge