CHAD A. READLER
Acting Assistant Attorney General
Civil Division
JOHN R. TYLER
Assistant Branch Director.
RHETT P. MARTIN (DC Bar No. 999272)
KEVIN SNELL (NY Bar)
ADAM KIRSCHNER (IL Bar # 6286601)
JOSEPH C. DUGAN (OH Bar # 0093997)
Trial Attorneys
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 514-3259
Fax: (202) 616-8470
Joseph.Dugan@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTA RAMOS, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, *et al.*,<br><br>  Defendants. | Case No. 3:18-cv-01554-EMC-SK<br><br>**NOTICE OF PRESENTATION OF WHITE HOUSE DELIBERATION DOCUMENTS FOR *IN CAMERA* REVIEW AND REQUEST FOR ADMINISTRATIVE STAY OF DISCOVERY OBLIGATION** |

**NOTICE OF PRESENTATION OF WHITE HOUSE DELIBERATION DOCUMENTS FOR *IN CAMERA* REVIEW AND  REQUEST FOR ADMINISTRATIVE STAY OF DISCOVERY OBLIGATION**

In accordance with prior Orders of this Court, Defendants will be producing to Plaintiffs an estimated 350 documents totaling approximately 3000 pages on Friday, August 17, 2018, that Defendants formerly withheld as deliberative. However, pursuant to Judge Chen's August 15, 2018, Order Denying Defendants' Motion for Relief from Magistrate Judge's Discovery Order,

*Ramos, et al. v. Nielsen, et al.*, No. 3:18-cv-1554
NOTICE OF PRESENTATION OF WHITE HOUSE DELIBERATION DOCUMENTS FOR *IN CAMERA* REVIEW

ECF No. 79 ("August 15 Order"), and contemporaneously with this filing, Defendants are submitting *ex parte* 15 deliberative documents involving White House equities for Magistrate Judge Kim's further review. The August 15 Order provides that if

> Defendants have a good faith belief that there are specific documents that are not sufficiently represented by the twenty bellwether documents selected by Defendants and/or Plaintiffs, then Defendants may present those specific documents to Judge Kim for an in camera review no later than noon, August 17, 2018. Defendants must demonstrate that any such documents are materially different from and not disposed of by Judge Kim's analysis as supplemented [in the August 15 Order].

August 15 Order at 3.[1] The documents associated with this submission, referred to herein as the White House Deliberation Documents, are materially different in kind from the bellwether documents that the parties previously submitted because these documents involve communications with White House officials. The documents thus implicate "special considerations," *Cheney v. U.S. District Court*, 542 U.S. 367, 370 (2004), and warrant a fresh balancing of the relevant facts and circumstances pursuant to *FTC v. Warner Communications*, 742 F.2d 1156 (9th Cir. 1984).

## **ARGUMENT**

As Defendants have previously argued, the deliberative process privilege is "predicated on the recognition that the quality of administrative decision-making would be seriously undermined if agencies were forced to operate in a fishbowl." *Dow Jones & Co. v. DOJ*, 917 F.2d 571, 573 (D.C. Cir. 1990). The concern animating this privilege must surely be heightened when participants in the decisionmaking process are high-level White House officials close to the

---

[1] Document 9 has been produced in full except for the paragraph about the National Security Council recommendation and other limited language that was based on underlying classified information. The paragraph about the National Security Council recommendation is being submitted *ex parte* concurrently with this filing.

*Ramos, et al. v. Nielsen, et al.*, No. 3:18-cv-1554
NOTICE OF PRESENTATION OF WHITE HOUSE DELIBERATION DOCUMENTS FOR *IN CAMERA* REVIEW - 2

President.[2]  In a somewhat analogous context, the Supreme Court recognized in *Cheney* that the "high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery." 542 U.S. at 385 (citation omitted); *see also Nixon v. Fitzgerald*, 457 U.S. 731, 753 (1982) ("Courts traditionally have recognized the President's constitutional responsibilities and status as factors counseling judicial deference and restraint."). Thus, "[s]pecial considerations control when the Executive's interests in maintaining its autonomy and safeguarding its communications' confidentiality are implicated." *Cheney*, 542 U.S. at 370; *see also id*. at 382 ("[T]he public interest requires that a coequal branch of Government 'afford Presidential confidentiality the greatest protection consistent with the fair administration of justice .'" (citation omitted)). Here, this Court should uphold the Government's assertion of the deliberative process privilege for this small handful of White House Deliberation Documents.  The Court should likewise uphold the Government's assertion of the deliberative process privilege at any deposition at which a deponent is asked about communications with White House officials comparable to the communications memorialized in the White House Deliberation Documents.

To be sure, unlike *Cheney*, this case does not involve discovery requests propounded directly on the White House or its officials.  Yet the White House Deliberation Documents that

---

[2] While the Government is not invoking the presidential communications privilege with respect to the White House Deliberation Documents associated with this submission, except in one instance, the same heightened care and caution that supports that privilege should tilt the *Warner* balance in the Government's favor with respect to these documents. The Government is, however, invoking the presidential communications privilege with respect to a briefing to the Vice President, Document 12 of those documents submitted *ex parte* to the Court, so the Government will not be producing that document on August 17, 2018. The Court's Order does not bar the Government's assertion of other privileges, to include the presidential communications privilege. The Government made this privilege determination subsequent to the Court's August 15 Order, and the document was withheld as part of the Government's August 16 production to Plaintiffs.

*Ramos, et al. v. Nielsen, et al.*, No. 3:18-cv-1554
NOTICE OF PRESENTATION OF WHITE HOUSE DELIBERATION DOCUMENTS FOR *IN CAMERA* REVIEW - 3

Defendants proffer with this submission implicate the same separation-of-powers concerns that underlie the Court's analysis in *Cheney*. Simply put, White House materials are different, and this Court has not yet had an opportunity to assess these materials or to consider the harm to the Government and the autonomy of the Executive Branch if these materials were to be forcibly disclosed. Nor has the Court undertaken a proper *Warner* review in connection with these particular materials. *See Desert Survivors v. Dep't of Interior*, 231 F. Supp. 3d 368, 380 (N.D. Cal. 2017) ("The Ninth Circuit in *Warner* set forth four non-exclusive factors that may be considered in determining whether the litigant has met this requirement: '1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions.' . . . 'Other factors that a court may consider include: (5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law.'" (citations omitted)).

Many of those *Warner* factors compel a different outcome than the Court previously reached with regard to materials withheld as deliberative that involved solely agency-level decisionmakers. Plaintiffs do not require the White House Deliberation Documents to litigate their anticipated preliminary injunction motion, yet disclosure of these documents (which reflect the views and opinions of White House officials) could potentially hinder frank and independent discussion among those individuals at the highest level of Executive decision-making. These materials constitute a fraction of those that Defendants will have produced by the August 17, 2018, deadline, and there is therefore a wealth of other evidence that Plaintiffs have at their disposal.

And while Defendants do not dispute the importance of this litigation to the Plaintiffs who brought suit, the Court will be thoroughly equipped to assess Plaintiffs' likelihood of success on the merits of their claims as well as the equities in play in adjudicating the forthcoming preliminary injunction motion, and it can do so regardless whether the Court has these particular materials before it. Further, among these White House Deliberation Documents are core deliberative materials that pre-dated certain TPS terminations, such as a recommendation by the National Security Council and handwritten notes from a Principals Committee meeting at the White House.

To be sure, some of the White House Deliberation Documents involve decisionmaking about media communications and strategy along lines that Judge Chen flagged as potentially outside the scope of the deliberative process privilege. *See* August 15 Order at 2. However, Judge Chen did not hold that such communications are necessarily excluded from the privilege, and the Government respectfully submits that these materials, which are predecisional insofar as they involve high-level deliberations about an appropriate press strategy, are protected deliberative material. Plaintiffs' need for such communications is further diminished with regard to White House press strategy, whereas the chilling effect on White House deliberations remains even where the decision is about press strategy rather than a regulatory act. As a practical matter, *any* document that reflects internal deliberations among top White House advisors and that is made public will garner substantial attention, and it would be pernicious if such advisors, who are charged with critical decisionmaking responsibilities, were to refrain from engaging in candid discussion and debate out of concern that their comments would be published (perhaps without appropriate context).

Thus, the Government respectfully submits that the Court should take an opportunity to review the *ex parte* submission of White House Deliberation Documents and determine, under

*Ramos, et al. v. Nielsen, et al.*, No. 3:18-cv-1554
NOTICE OF PRESENTATION OF WHITE HOUSE DELIBERATION DOCUMENTS FOR *IN CAMERA* REVIEW - 5

*Warner* and progeny, whether the Government may continue to protect this small collection of documents. To ensure that the Court has adequate time to undertake that analysis, and in view of the Government's production obligation on Friday, August 17, 2018, the Government further requests an administrative stay while this Court considers this submission; and if it does not modify its previous Order, the Government further requests a stay pending review in the district court and, if necessary, in the appellate courts, or, at a minimum, a further administrative stay until Monday August 20, 2018, at 5 PM PT, so we can seek further relief from those courts. The Government respectfully requests an immediate ruling both to ensure that it remains in full compliance with the discovery orders and to preserve any appellate remedies that may be available to the Government in the event of an adverse ruling. *See, e.g.*, *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) ("[O]nce information is published, it cannot be made secret again."); *United States v. Fei Ye*, 436 F.3d 1117, 1123 (9th Cir. 2006) (recognizing that an order directing the disclosure of trade secrets would cause irreparable harm to the Government); *Hiken v. DOD*, No. C 06-02812 JW, 2012 WL 1030091, at *2 (N.D. Cal. Mar. 27, 2012) (granting a stay of an order upon finding that agency likely would suffer "irreparable injury" by disclosing information). Undersigned counsel will make themselves available for a telephonic hearing, should the Court deem such a hearing necessary.

## CONCLUSION

For the foregoing reasons, the Court should review the documents Defendants are submitting *in camera* concurrently with this filing and should uphold the Government's assertion of the deliberative process privilege as to these 15 White House Deliberation Documents. The Court should also grant an administrative stay pending the Court's review of these documents or, at minimum, until Monday, August 20, 2018, at 5PM PT.

| | |
|---|---|
| Dated: August 16, 2018 | Respectfully submitted, |
| | CHAD A. READLER<br>Acting Assistant Attorney General<br>Civil Division |
| | JOHN R. TYLER<br>Assistant Branch Director |
| | */s/ Joseph C. Dugan*<br>RHETT P. MARTIN (DC Bar 999272)<br>KEVIN SNELL (NY Bar)<br>ADAM KIRSCHNER (IL Bar # 6286601)<br>JOSEPH C. DUGAN (OH Bar # 0093997)<br>Trial Attorneys<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br>Tel: (202) 514-3259<br>Fax: (202) 616-8470<br>Joseph.Dugan@usdoj.gov |

*Ramos, et al. v. Nielsen, et al.*, No. 3:18-cv-1554
NOTICE OF PRESENTATION OF WHITE HOUSE DELIBERATION DOCUMENTS FOR *IN CAMERA* REVIEW - 7