Alycia A. Degen (SBN 211350)
adegen@sidley.com
Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6010
Facsimile: +1 213 896 6600

Ahilan T. Arulanantham (SBN 237841)
aarulanantham@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: +1 213 977 5211
Fax: +1 213 977 5297

Jessica Karp Bansal (SBN 277347)
jbansal@ndlon.org
Emilou MacLean (SBN 319071)
emi@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
674 S. La Fayette Park Place
Los Angeles, CA  90057
Telephone: +1 213 380 2214
Fax: +1 213 380 2787

Attorneys for Plaintiffs
[*Additional Counsel Listed on Next Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| CRISTA RAMOS, *et al.*, <br><br>            Plaintiffs, <br><br>       vs. <br><br> KIRSTJEN NIELSEN, *et al.*, <br><br>            Defendants. | Case No.  3:18-cv-1554-EMC <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF PRESENTATION** <br><br> Complaint Filed:   March 12, 2018 <br> Trial Date:             None set |

*Additional Counsel for Plaintiffs*

William S. Freeman (SBN 82002)
wfreeman@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: +1 415 621 2493
Fax: +1 415 863 7832

Mark E. Haddad (SBN 205945)
markhadd@usc.edu
Part-time Lecturer in Law
USC Gould School of Law*
University of Southern California
699 Exposition Boulevard
Los Angeles, CA 90089-0071
Telephone: +1 213 675 5957

Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
Ryan M. Sandrock (SBN 251781)
rsandrock@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1219
Facsimile: +1 415 772 7400

Andrew B. Talai (SBN 300053)
atalai@sidley.com
Marisol Ramirez (SBN 307069)
marisol.ramirez@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600

Katelyn N. Rowe (SBN 318386)
krowe@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA  90067
Telephone: +1 310 595 9598
Facsimile: +1 310 595 9501

* *Institution listed for identification purposes only*

## INTRODUCTION

After five prior rounds of briefing over the course of a month, Defendants cannot satisfy the most basic requirements for withholding documents under the qualified deliberative process privilege ("DPP"). (Dkts. 43, 47, 59, 61, 64, 73.) Defendants also cannot overcome the findings from the District Court and this Court regarding Plaintiffs' need for these documents, including because interference by the White House forms a core allegation in this litigation. (Dkt. 1 ¶¶ 70-73.) Plaintiffs thus respectfully request that the Court deny Defendants' motion. In the alternative, the Court can enter a protective order under Federal Rule of Evidence 502(d), entirely resolving Defendants' concerns about the scope of waiver or purported damage from public disclosure.

## STANDARD OF REVIEW

Defendants seek reconsideration of this Court's prior ruling but do not explain why the 15[1] new documents were not previously submitted to this Court. Civ. L.R. 7-9(c) (requiring a showing of a "manifest failure by the Court to consider material facts or dispositive legal arguments *which were presented to the Court*") (emphasis added).

## ARGUMENT

**I.    Defendants Still Have Not Established A *Prima Facie* Basis for Withholding Materials.**

Defendants bear the burden of establishing DPP applies. *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003). The first and most basic requirement is the timely production of a compliant privilege log. Tellingly, Defendants do not disclose the log entries for the 15 documents submitted *in camera* because their logs have been consistently deficient. (Dkts. 43-7, 43-8, 43-9, 43-10, 43-15, 43-16, 43-17, 43-18, 59-1, 61-2.)

This Court and the District Court require "detailed privilege log[s]." (Dkt. 34 p. 5). Defendants' entries, in contrast, often do not contain one or more of the following: "[t]he title and description of the document"; "[t]he subject matter"; "[t]he identity and position of its author(s)"; "[t]he identity and position of all addressees and recipients"; or "[t]he date the document was prepared and, if different, the date(s) on which it was sent to or shared with" others. Magistrate

---

[1] While preparing this response, Plaintiffs were advised that Defendants believe two other documents form part of the same email threads as some of the 15 documents submitted *in camera*.

Kim's Standing Order at 7. In particular, ***none*** of the log entries identify ***any*** "steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication." *Id.* Defendants have not cured this defect by submitting a declaration, which courts typically expect before the Government can withhold relevant evidence as DPP. *See Coleman v. Schwarzenegger*, 2007 WL 4328476, at *7 (E.D. & N.D. Cal. Dec. 6, 2007); Dkt. 79 p. 3 n.4 (citing lack of "declaration, and hence no evidence" regarding steps to preserve confidentiality); *see also* Dkt. 62 (admitting a document selected by Plaintiff for *in camera* review, which was withheld in full in this case, had previously been produced in other litigation).

Defendants' failure to produce compliant logs backed by declarations—despite multiple opportunities, including the most recent one afforded by the District Court—amply supports a finding of waiver. Stated another way, Defendants have not established even a *prima facie* basis for asserting privilege. *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015).

**II.     Disclosure Can Be Ordered Under Federal Rule Of Civil Procedure 37.**

The District Court ordered Defendants to complete responses to RFP Nos. 1, 4, 6, and 7 by July 9, 2018. (Dkt. 34 p. 5.) Defendants construed that order as setting the date to begin a rolling production, forcing Plaintiffs to seek relief and setting off what has become a chain of motions requiring this Court and the District Court to rule on shortened notice. Moreover, Plaintiffs have learned that Defendants' selection of custodians omitted critical individuals with significant responsibility and input into the TPS decisions at issue. Defendants selected individuals with seemingly no meaningful roles or connections—individuals whom none of the witnesses produced by Defendants to date have recognized or mentioned as playing a role in the TPS decisions at issue. (Dkt. 58 p.3 (explaining DHS's person-most-knowledgeable did not recognize or mention at least 8 of the Government's 20 custodians as having any meaningful role in TPS decisions).) Defendants' search terms also do not "hit" on highly relevant documents, which Plaintiffs have been able to confirm based on a review of materials produced in FOIA litigation relating to the TPS termination decisions.

In light of the defective privilege logs, delay, incomplete custodian list, and inadequate search protocols, this Court can order Defendants to promptly supplement their productions (a

request Plaintiffs renew), and also treat DPP as waived. *See* Fed. R. Civ. P. 37(b)(2)(A); *see S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 162-63 (S.D.N.Y. 2014) (finding DPP and other privileges waived in light of overbroad assertions, which raised "serious concerns … as to the[ir] *bona fides*").

### III. Defendants Disregard the Majority of Factors Which Support Disclosure.

Defendants do not dispute that Plaintiffs have no other way to obtain this evidence, that the involvement of the White House is squarely at issue in Plaintiffs' claims, that the public has a strong interest in accurate and truthful fact finding, that the documents are responsive to narrowly tailored discovery requests, and that this litigation raises serious constitutional concerns about government misconduct. All of these factors strongly favor disclosure. *N. Pacifica*, 274 F. Supp. 2d at 1124 (describing lack of availability through other sources as "perhaps the most important factor" favoring disclosure); Dkt. 63 p. 3 (citing "specific allegations" of misconduct as supporting disclosure). Defendants claim disclosure will hinder "full and frank" discussions, but the record is devoid of any evidence to support this assertion. *Coleman*, 2007 WL 4328476, at *7 (finding declarations inadequate to support DDP because declarants failed to "aver[] that they have personally reviewed the documents," "tie[] any of the statements in their declarations to particular documents," or confirm "the confidentiality of the specific documents" had been preserved); Dkt. 79 p. 3 n.4 ("Defendants submitted no declaration, and hence no evidence, … that disclosure of such is likely to inhibit frank discussions and debate"). Defendants also advocate for a heightened standard, but these are not internal communications exclusively between White House officials, which might warrant different treatment.[2]

Based on Defendants' descriptions, these documents were not "designed to contribute, directly, to the formulation of important public policy," further weakening any claim of DPP. (Dkt. 79 pp. 2-3 (internal quotation omitted).) But if any bear directly on public policy, then they support Plaintiffs' assertion that the White House improperly inserted itself into TPS determinations.

---

[2] The Court can take judicial notice that this Administration has experienced a steady stream of public disclosures of internal communications on matters far more sensitive than TPS. There is no evidence that such disclosures have materially impaired full and frank discussions.

**IV.    Alternatively, This Court Can Enter An Order Under Federal Rule of Evidence 502(d).**

Though not required under the circumstances, this Court has discretion to enter an order under Federal Rule of Evidence 502(d) that any disclosure of the 15 documents (and two related email chains) does not constitute waiver for purposes of this litigation, or any other state or federal litigation. Fed. R. Evid. 502(d). The Court can further direct Plaintiffs to maintain such documents and information as confidential, including by submitting them under seal to the extent used in future filings. Such orders would ensure Plaintiffs receive these materials in time for the preliminary injunction briefing (due next Thursday) and depositions (one of which is scheduled for next Wednesday), while eliminating Defendants' concern about the loss of privilege or unwarranted disclosure to the general public. (Dkt. 73 p. 10.)[3] Finally, entering such orders would further tilt the scales in favor of disclosure.

## CONCLUSION

For these reasons, the Court should deny Defendants request to withhold the 15 documents or related documents as DPP.

Respectfully submitted,

Date:  August 17, 2018

SIDLEY AUSTIN LLP

By:  */s/ Sean A. Commons*
     Sean A. Commons

---

[3] With respect to Document 9 (Dkt. 81 p. 2), Defendants suggest, but do not clearly state, that certain information is classified. If, in fact, a portion of the document is classified, then Plaintiffs do not object to the redactions of that information. Otherwise, it is subject to disclosure.

4