United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTA RAMOS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KIRSTJEN NIELSEN, et al.,<br><br>    Defendants. | Case No. 18-cv-01554-EMC (SK)<br><br>**ORDER REGARDING PRODUCTION OF DOCUMENTS**<br><br>Regarding Docket Nos. 79, 81, 82, 83 |

    Defendants submitted 15 documents for *in camera* review, pursuant to the District Court's Order of August 15, 2018. (Dkts. 79, 81.) The District Court accepted this Court's ruling that the deliberative process privilege did not protect documents from disclosure in this case but provided Defendants with an opportunity to present additional documents as "bellwether" documents to demonstrate the deliberative process privilege. (Dkt. 79.) In addition to submitting 15 additional bellwether documents, on August 16, 2018, Defendants submitted a letter brief arguing that the 15 documents submitted for *in camera* review fall under a subset of the deliberative process privilege. (*Id*.) Defendants refer to the 15 documents submitted for *in camera* review as the "White House Deliberation Documents." (*Id*.) Defendants for the first time argue that the White House Deliberation Documents deserve treatment different from the other documents that Defendants withheld under the deliberative process privilege. (Dkt. 81.) In essence, Defendants attempt to create a hybrid, new privilege – for communications that are protected by the deliberative process privilege and that constitute communications with the White House. Defendants assert the executive privilege, as described in *United States v. Nixon*, 418 U.S. 683 (1974) over one of the 15 documents, but Defendants specifically disavow assertion of the executive privilege over the other 14 documents in the White House Deliberation Documents. (Dkt. 81, at n. 2.)[1] Rule 501 of the

---

[1] Defendants also withheld a portion of another document based on the classified nature of

Federal Rules of Evidence provides for "common law – as interpreted by United States courts in the light of reason and experience" to govern the law of privilege in federal cases. There is no common law creating this hybrid privilege that Defendants suggest. In addition, the District Court's Order allowing Defendants to submit additional bellwether documents for *in camera* review did not allow Defendants to submit documents and argue for creation of a new privilege.

Review of the additional documents does not change this Court's analysis of the applicability of the deliberative process privilege. For all the reasons set forth in the Order dated August 10, 2018, the Court ORDERS that Defendants produce documents withheld on the basis of the deliberative process privilege. Thus, the Court DENIES Defendants' request to shield 14 of the additional 15 White House Deliberation Documents from production. Defendants may withhold from production the one document among the White House Deliberation Documents for which Defendants claim executive privilege and the portion of another document withheld on the basis of its classified status. In addition, Defendants may continue to withhold documents generally based on the assertion of other privileges which Plaintiffs have not challenged.

Defendants sought a stay of any order requiring production of the 15 White House Deliberation Documents so that Defendants may seek appropriate review at a higher level, and the parties then stipulated to a stay of production of the 15 White House Deliberation Documents to August 20, 2018 at 11:59 p.m. (Dkt. 82.) The Court GRANTS Defendants' motion for stay and GRANTS the stipulation and STAYS the production of the 15 White House Deliberation Documents. This Order supersedes and amends the Order requiring production by August 17, 2018. (Dkt. 63.) In all other respects, though, the Order requiring production by August 17, 2018 remains in effect.

**IT IS SO ORDERED**.

Dated: August 17, 2018



SALLIE KIM
United States Magistrate Judge

---

the material. (Dkt. 81 at n.1.)