# EXHIBIT 6

| | |
|---|---|
| **From:** | Prelogar, Brandon B ████████████████████ |
| **Sent:** | Thursday, August 31, 2017 12:39 PM |
| **To:** | Nuebel Kovarik, Kathy ███████████████; Rigdon, Jerry L ████████████; Anderson, Kathryn E ███████████ |
| **Cc:** | Deshommes, Samantha L ██████████████████; Danzy, Alford L (AI) ████████████; Boivin, Mark R ██████████████ |
| **Subject:** | RE: URGENT: TPS Sudan and S. Sudan Passbacks |
| **Attach:** | TPS_Sudan_Termination 08-31-17 Option 1.docx; TPS_Sudan_Termination 08-31-17 Option 2.docx |

Kathy,

Got it. Here's our thinking. The country conditions are what they are. If they're uncomfortable with the termination conclusion following from them, and they want to stick with that conclusion, we propose paring down that section to simply the statutory language or that plus one, simple sentence highlighting the primary conditions animating the decision. Providing sanitized country conditions in a public-facing document would open us to the charge that our account is lopsided and invite criticism. In line with this reasoning, here's what we'd propose (one of two options):

Option 1 (no country conditions included):

**Why is the Secretary terminating the TPS designation for Sudan as of November 2, 2018?**

DHS and the Department of State (DOS) have reviewed conditions in Sudan. Based on the reviews and after consulting with DOS, the Secretary has determined that ongoing armed conflict and extraordinary and temporary conditions preventing nationals of Sudan from returning in safety no longer exist and that termination of the TPS designation of Sudan is required because Sudan no longer meets the statutory conditions for designation. To provide for an orderly transition, this termination is effective November 2, 2018, twelve months following the end of the current designation.

Option 2 (simple single sentence, highlighted, on country conditions included):

**Why is the Secretary terminating the TPS designation for Sudan as of November 2, 2018?**

DHS and the Department of State (DOS) have reviewed conditions in Sudan. Based on the reviews and after consulting with DOS, the Secretary has determined that ongoing armed conflict and extraordinary and temporary conditions preventing nationals of Sudan from returning in safety no longer exist and that termination of the TPS designation of Sudan is required because Sudan no longer meets the statutory conditions for designation. Specifically, the Secretary took into account the geographically limited scope of the conflict in Sudan, renewed ceasefire agreements and a concomitant reduction in violence and rhetoric from the parties to the conflict, and improvements in access for humanitarian actors to provide humanitarian aid. To provide for an orderly transition, this termination is effective November 2, 2018, twelve months following the end of the current designation.

Advantage of Option 1 is being insulated from the charge that we're being selective in our presentation of country conditions. Advantage of Option 2 is that it provides *some* justification for the Secretary's determination, and highlights the primary considerations behind her decision to terminate, but could open us to the charge we cherry picked country conditions.

Attaching two revised FRNs reflecting these changes.

BP/KA

---

**From:** Nuebel Kovarik, Kathy
**Sent:** Thursday, August 31, 2017 12:04 PM
**To:** Prelogar, Brandon B; Rigdon, Jerry L; Anderson, Kathryn E
**Cc:** Deshommes, Samantha L; Danzy, Alford L (AI); Boivin, Mark R
**Subject:** RE: URGENT: TPS Sudan and S. Sudan Passbacks

As expected, and expressed concern with Kathryn and Brandon yesterday, we're getting questions about the sudan TPS notice and how the rationale for termination reads.  We're going to need to cut/redraft that section I referred to.  Front office holding.

**Kathy Nuebel Kovarik**
Chief, Office of Policy and Strategy
U.S. Citizenship and Immigration Services
Direct: █████████
Cell: █████████

---

**From:** Prelogar, Brandon B
**Sent:** Wednesday, August 30, 2017 6:07 PM
**To:** Rigdon, Jerry L; Nuebel Kovarik, Kathy; Anderson, Kathryn E
**Cc:** Deshommes, Samantha L; Danzy, Alford L (AI); Boivin, Mark R
**Subject:** RE: URGENT: TPS Sudan and S. Sudan Passbacks

Excellent   just a couple items to address and no showstoppers. See attached our quick responses.

---

**From:** Rigdon, Jerry L
**Sent:** Wednesday, August 30, 2017 5:56 PM
**To:** Nuebel Kovarik, Kathy; Anderson, Kathryn E; Prelogar, Brandon B
**Cc:** Deshommes, Samantha L; Danzy, Alford L (AI); Boivin, Mark R
**Subject:** URGENT: TPS Sudan and S. Sudan Passbacks
**Importance:** High

Hello All,

We just received word of OGC edits to the FRNs for Sudan and South Sudan. I have pulled them from RAMS and attached them here for your review. Please return your responses to me and Sam and we will get them back to OGC. (Note: I only found one small grammatical edit on page 8 for the Sudan notice.)

Thanks,
Jerry

*Jerry Rigdon*
Deputy Chief, Regulatory Coordination Division
Office of Policy and Strategy
USCIS Headquarters
Office: █████████
Mobile: █████████
█████████████████

*This email, along with any attachments, is intended solely for the use of the addressee(s) and may contain information that is sensitive or protected by applicable law. Unauthorized use or dissemination of this email and any attachments is strictly prohibited. If you are not the intended recipient, please*

*notify the sender and delete or destroy all copies.*

DPP_00003151

9111-97

## DEPARTMENT OF HOMELAND SECURITY

## U.S. Citizenship and Immigration Services

## [CIS No. 2610-17; DHS Docket No. USCIS-2014-0003]

## RIN 1615-ZB66

## Termination of the Designation of Sudan for Temporary Protected Status

**AGENCY:** U.S. Citizenship and Immigration Services, Department of Homeland Security.

**ACTION:** Notice.

**SUMMARY:** The designation of Sudan for Temporary Protected Status (TPS) is set to expire on November 2, 2017. After reviewing country conditions and consulting with the appropriate U.S. Government agencies, the Secretary of the Department of Homeland Security (Secretary) has determined that conditions in Sudan no longer support its designation for TPS and is therefore terminating the TPS designation of Sudan. To provide for an orderly transition, this termination is effective November 2, 2018, twelve months following the end of the current designation.

Nationals of Sudan (and aliens having no nationality who last habitually resided in Sudan) who have been granted TPS and wish to maintain their TPS and have their current TPS-based Employment Authorization Documents (EAD) extended through November 2, 2018, should re-register for TPS in accordance with the procedures set forth in this Notice. On November 3, 2018, nationals of Sudan (and aliens having no nationality who last habitually resided in Sudan) who have been granted TPS under the Sudan designation will no longer have TPS.

1

**EFFECTIVE DATE:**  The designation of Sudan for TPS is terminated effective at 11:59 p.m., local time, on November 2, 2018.  The 60-day re-registration period runs from **[Insert date of publication in the FEDERAL REGISTER]** through **[Insert date 60 days from date of publication in the FEDERAL REGISTER]**.  (**Note:**  It is important for re-registrants to timely re-register during this 60-day period and not to wait until their EADs expire.)

**FURTHER INFORMATION:**

- For further information on TPS, including guidance on the application process and additional information on eligibility, please visit the USCIS TPS Web page at http://www.uscis.gov/tps.  You can find specific information about this termination of Sudan for TPS by selecting "Sudan" from the menu on the left side of the TPS Web page.

- You can also contact Samantha Deshommes, Chief, Regulatory Coordination Division, Office of Policy and Strategy, U.S. Citizenship and Immigration Services, Department of Homeland Security, 20 Massachusetts Avenue, N.W., Washington, DC 20529-2060; or by phone at (202) 272-8377 (this is not a toll-free number). **Note:** The phone number provided here is solely for questions regarding this TPS Notice. It is not for individual case status inquiries.

- Applicants seeking information about the status of their individual cases can check Case Status Online, available at the USCIS Web site at http://www.uscis.gov, or call the USCIS National Customer Service Center at 800-375-5283 (TTY 800-767-1833). Service is available in English and Spanish.

- Further information will also be available at local USCIS offices upon publication of

2

this Notice.

**SUPPLEMENTARY INFORMATION:**

**Table of Abbreviations**

BIA – Board of Immigration Appeals

DHS – Department of Homeland Security

DOS – Department of State

EAD – Employment Authorization Document

FNC – Final Nonconfirmation

Government – U.S. Government

IJ – Immigration Judge

INA – Immigration and Nationality Act

IER – U.S. Department of Justice Civil Rights Division, Immigrant and Employee Rights

Section (IER)

SAVE – USCIS Systematic Alien Verification for Entitlements Program

Secretary – Secretary of Homeland Security

TNC – Tentative Nonconfirmation

TPS – Temporary Protected Status

TTY – Text Telephone

USCIS – U.S. Citizenship and Immigration Services

   Through this Notice, DHS sets forth procedures necessary for eligible nationals of

Sudan (or aliens having no nationality who last habitually resided in Sudan) to re-register

for TPS and to apply for renewal of their EADs with USCIS.  Re-registration is limited to

persons who have previously registered for TPS under the designation of Sudan and

DPP_00003154

whose applications have been granted.

- For individuals who have already been granted TPS under Sudan's designation, the 60-day re-registration period runs from **[Insert date of publication in the FEDERAL REGISTER]** through **[Insert date 60 days from date of publication in the FEDERAL REGISTER]**.  USCIS will issue new EADs with a November 2, 2018 expiration date to eligible Sudan TPS beneficiaries who timely re-register and apply for EADs.  Given the timeframes involved with processing TPS re-registration applications, DHS recognizes that not all re-registrants will receive new EADs before their current EADs expire on November 2, 2017.  However, provided a Sudan TPS beneficiary timely re-registers and properly files an application for an EAD during the 60-day re-registration period, his or her EAD will be automatically extended for an additional period not to exceed 180 days from the date the current EAD expires, i.e., through May 1, 2018. This notice explains how TPS beneficiaries and their employers may determine which EADs are automatically extended and their impact on Employment Eligibility Verification (Form I-9) and the E-Verify processes.

**What is Temporary Protected Status (TPS)?**

- TPS is a temporary immigration status granted to eligible nationals of a country designated for TPS under the Immigration and Nationality Act (INA), or to eligible persons without nationality who last habitually resided in the designated country.

- During the TPS designation period, TPS beneficiaries are eligible to remain in the United States, may not be removed, and are authorized to work and obtain EADs so long as they continue to meet the requirements of TPS.

4

DPP_00003155

- TPS beneficiaries may also apply for and be granted travel authorization as a matter of discretion.

- The granting of TPS does not result in or lead to lawful permanent resident status.

- To qualify for TPS, beneficiaries must meet the eligibility standards at INA section 244(c)(2), 8 U.S.C. 1254a(c)(2).

- When the Secretary terminates a country's TPS designation, beneficiaries return to the same immigration status they maintained before TPS, if any (unless that status has since expired or been terminated), or to any other lawfully obtained immigration status they received while registered for TPS that is still valid on the date TPS terminates.

**When was Sudan designated for TPS?**

On November 4, 1997, the Attorney General designated Sudan for TPS due to ongoing armed conflict and extraordinary and temporary conditions within Sudan. See Designation of Sudan Under Temporary Protected Status, 62 FR 59737 (Nov. 4, 1997). Since the initial designation, the Attorney General and, later, the Secretary, have continuously extended TPS and/or redesignated Sudan for TPS. Sudan's most recent redesignation for TPS was in 2013, when the Secretary both extended Sudan's designation and redesignated Sudan for TPS for 18 months. See Extension and Redesignation of Sudan for Temporary Protected Status, 78 FR 1872 (Jan. 9, 2013). Sudan's TPS designation was most recently extended in 2016, when the Secretary extended Sudan's designation for TPS for 18 months through November 2, 2017. See Extension and Redesignation of Sudan for Temporary Protected Status, 81 FRN 4045 (Jan. 25, 2016).

5

**What authority does the Secretary have to terminate the designation of Sudan for TPS?**

Section 244(b)(1) of the INA, 8 U.S.C. 1254a(b)(1), authorizes the Secretary, after consultation with appropriate U.S. Government agencies, to designate a foreign state (or part thereof) for TPS if the Secretary determines that certain country conditions exist.[1] The Secretary may then grant TPS to eligible nationals of that foreign state (or eligible aliens having no nationality who last habitually resided in the designated country).  See INA section 244(a)(1)(A), 8 U.S.C. 1254a(a)(1)(A).

At least 60 days before the expiration of a country's TPS designation or extension, the Secretary, after consultation with appropriate Government agencies, must review the conditions in a foreign state designated for TPS to determine whether the conditions for the TPS designation continue to be met.  See INA section 244(b)(3)(A), 8 U.S.C. 1254a(b)(3)(A).  If the Secretary determines that a foreign state continues to meet the conditions for TPS designation, the designation must be extended for an additional period of 6 months and, in the Secretary's discretion, may be extended for 12 or 18 months.  See INA section 244(b)(3)(C), 8 U.S.C. 1254a(b)(3)(C).  If the Secretary determines that the foreign state no longer meets the conditions for TPS designation, the Secretary must terminate the designation, but such termination may not take effect earlier than 60 days after the date the Federal Register notice of termination is published, or if later, the expiration of the most recent previous extension of the country designation.  See

---

[1] As of March 1, 2003, in accordance with section 1517 of title XV of the Homeland Security Act of 2002, Public Law 107-296, 116 Stat. 2135, any reference to the Attorney General in a provision of the INA describing functions transferred from the Department of Justice to the Department of Homeland Security (DHS) "shall be deemed to refer to the Secretary" of Homeland Security.  See 6 U.S.C. 557 (codifying the Homeland Security Act of 2002, tit. XV, section 1517).

6

DPP_00003157

INA section 244(b)(3)(B), 8 U.S.C. 1254a(b)(3)(B).  The Secretary may determine the appropriate effective date of the termination and the expiration of any TPS-related documentation, such as EADs, for the purpose of providing an orderly transition.  See Id.; INA section 244(d)(3), 8 U.S.C. 1254a(d)(3).

**Why is the Secretary terminating the TPS designation for Sudan as of November 2, 2018?**

DHS and the Department of State (DOS) have reviewed conditions in Sudan. Based on the reviews and after consulting with DOS, the Secretary has determined that ongoing armed conflict and extraordinary and temporary conditions preventing nationals of Sudan from returning in safety no longer exist and that termination of the TPS designation of Sudan is required because Sudan no longer meets the statutory conditions for designation.  Specifically, the Secretary took into account the geographically limited scope of the conflict in Sudan, renewed ceasefire agreements and a concomitant reduction in violence and rhetoric from the parties to the conflict, and improvements in access for humanitarian actors to provide humanitarian aid.  To provide for an orderly transition, this termination is effective November 2, 2018, twelve months following the end of the current designation.

**Notice of Termination of the TPS Designation of Sudan**

By the authority vested in me as Secretary under INA section 244, 8 U.S.C. 1254a, I have determined, after consultation with the appropriate U.S. Government agencies, that Sudan no longer meets the conditions for designation of TPS under 244(b)(1) of the Act.  8 U.S.C. 1254a(b)(1). Accordingly, I order as follows:

(1) Pursuant to INA section 244(b)(3)(B), to provide for an orderly transition, the

7

designation of Sudan for TPS is terminated effective at 11:59 p.m., local time, on November 2, 2018, 12 months following the end of the current designation.

(2) DHS estimates that there are approximately 1,039 nationals of Sudan (and aliens having no nationality who last habitually resided in Sudan) who currently receive TPS benefits.

(3) Information concerning the termination of TPS for nationals of Sudan (and aliens having no nationality who last habitually resided in Sudan) will be available at local USCIS offices upon publication of this Notice and through the USCIS National Customer Service Center at 1-800-375-5283.  This information will be published on the USCIS website at www.USCIS.gov.

_____
**Elaine C. Duke**,
<u>Acting Secretary</u>.

8

DPP_00003159

**Required Application Forms and Application Fees to Re-register for TPS**

To re-register for TPS based on the designation of Sudan, you must submit each of the following applications:

1.  Application for Temporary Protected Status (Form I-821):

    - You do not need to pay the fee for the Form I-821.  <u>See</u> 8 CFR 244.17.

2.  Application for Employment Authorization (Form I-765):

    - If you want an EAD, you must pay the fee (or request a fee waiver) for the Application for Employment Authorization (Form I-765), regardless of your age.

    - If you do not want an EAD, you do not have to pay the Form I-765 fee.

If you do not want to request an EAD now, you may also file Form I-765 later to request an EAD and pay the fee (or request a fee waiver), provided that you still have TPS or a pending TPS application. Your EAD application will be considered timely filed even if the date on your current TPS-related EAD has expired. But unless you timely re-register and properly file an EAD application, the validity of your current EAD will end on November 2, 2017. Accordingly, you must also properly file your EAD application during the 60-day re-registration period for your current EAD to be automatically extended for 180 days (i.e., through May 1, 2018). You are strongly encouraged to properly file your EAD application as early as possible during the 60-day re-registration period to avoid lapses in your employment authorization and to ensure that you receive your Form I-797C prior to November 2, 2017.

You must submit both completed forms together.  If you are unable to pay the application form fee for the I-765 and/or biometrics fee, you may complete a Request for Fee Waiver (Form I-912) or submit a personal letter requesting a fee waiver with

DPP_00003160

satisfactory supporting documentation.  For more information on the application forms

and fees for TPS, please visit the USCIS TPS Web page at http://www.uscis.gov/tps.

Fees for the Form I-765, and biometric services are also described in 8 CFR

103.7(b)(1)(i).

**Biometric Services Fee**

Biometrics (such as fingerprints) are required for all applicants 14 years and

older.  Those applicants must submit a biometric services fee.  As previously stated, if

you are unable to pay for the biometric services fee, you may complete a Form I-912 or

submit a personal letter requesting a fee waiver with satisfactory supporting

documentation.  For more information on the biometric services fee, please visit the

USCIS Web site at http://www.uscis.gov.  If necessary, you may be required to visit an

Application Support Center to have your biometrics captured.

**Re-filing a Re-registration TPS Application after Receiving a Denial of a Fee
Waiver Request**

You should file as soon as possible within the 60-day re-registration period so

USCIS can process your application and issue any EAD promptly.  Properly filing early

will also allow you to have time to re-file your application before the deadline and

receive a Form I-797C demonstrating your EAD's automatic extension, should USCIS

deny your fee waiver request.  If, however, you receive a denial of your fee waiver

request and are unable to re-file by the re-registration deadline, you may still re-file your

I-765 application.  This situation will be reviewed to determine whether you established

good cause for late re-registration.  However, you are urged to re-file within 45 days of

the date on any USCIS fee waiver denial notice, if possible.  See INA section

244(c)(3)(C); 8 U.S.C. 1254a(c)(3)(C); 8 CFR 244.17(b).  For more information on good

cause for late re-registration, visit the USCIS TPS Web page at http://www.uscis.gov/tps.

**Note:**  Although a re-registering TPS beneficiary age 14 and older must pay the biometric

services fee (but not the initial Form I-821 fee) when filing a TPS re-registration

application, you may decide to wait to request an EAD, and therefore not pay the Form

I-765 fee (or request a fee waiver) until after USCIS has approved your TPS re-

registration, if you are eligible.  If you choose to do this, you would file the Form I-821

with the biometrics services fee, if applicable, (or request a fee waiver) and the Form I-

765 without the fee and without requesting an EAD.

**Mailing Information**

Mail your application for TPS to the proper address in Table 1.

**Table 1-Mailing Addresses**

| If… | Mail to… |
| --- | --- |
| You are applying through the U.S. Postal Service | USCIS<br>Attn:  TPS Sudan<br>P.O. Box 6943<br>Chicago, IL  60680-6943 |
| For FedEx, UPS, and DHL deliveries: | USCIS<br>Attn:  TPS Sudan<br>131 S. Dearborn Street, 3rd Floor<br>Chicago, IL  60603-5517 |

If you were granted TPS by an Immigration Judge (IJ) or the Board of

Immigration Appeals (BIA) and you wish to request an EAD or are re-registering for the

first time following a grant of TPS by an IJ or the BIA, please mail your application to

the appropriate mailing address in Table 1.  When re-registering and/or requesting an

EAD based on an IJ/BIA grant of TPS, please include a copy of the IJ or BIA order

granting you TPS with your application.  This will aid in the verification of your grant of

11

DPP_00003162

TPS and processing of your application, as USCIS may not have received records of your grant of TPS by either the IJ or the BIA.

**Supporting Documents**

The filing instructions on the Application for Temporary Protected Status (Form I-821) list all the documents needed to establish eligibility for TPS. You must also submit two color passport-style photographs of yourself. You may also find information on the acceptable documentation and other requirements for applying or registering for TPS on the USCIS Website at www.uscis.gov/tps under "Sudan."

Do I need to submit additional supporting documentation?

If one or more of the questions listed in Part 4, Question 2 of the Form I-821 applies to you, then you must submit an explanation on a separate sheet(s) of paper and/or additional documentation.

12

DPP_00003163

**Employment Authorization Document (EAD)**

How can I obtain information on the status of my EAD request?

  To get case status information about your TPS application, including the status of a request for an EAD, you can check Case Status Online at http://www.uscis.gov, or call the USCIS National Customer Service Center at 800-375-5283 (TTY 800-767-1833).  If your Form I-765 has been pending for more than 90 days, and you still need assistance, you may request an EAD inquiry appointment with USCIS by using the InfoPass system at https://infopass.uscis.gov.  However, we strongly encourage you first to check Case Status Online or call the USCIS National Customer Service Center for assistance before making an InfoPass appointment.

Am I eligible to receive an extension of my current EAD while I wait for my new one to arrive?

  Provided that you currently have a Sudan TPS-based EAD, you may be eligible to have the validity of your current EAD extended for 180 days (through May 1, 2018) if you:

- Are a national of Sudan (or an alien having no nationality who last habitually resided in Sudan);

- Received an EAD under the designation of Sudan for TPS;

- Have an EAD with a marked expiration date of November 2, 2017, bearing the notation "A-12" or "C-19" on the face of the card under "Category;"

- Timely re-registered for TPS during the 60-day re-registration period; and

- Properly filed an application for an EAD during the 60-day re-registration period. You must timely re-register for TPS in accordance with the procedures described

13

in this Notice if you would like to maintain your TPS and in order to have the validity of your current EAD extended by 180 days. You are strongly encouraged to file your EAD renewal application as early as possible during the 60-day re-registration period to avoid lapses in your employment authorization.

When hired, what documentation may I show to my employer as evidence of employment authorization and identity when completing Employment Eligibility Verification (Form I-9)?

You can find a list of acceptable document choices on the "Lists of Acceptable Documents" for Form I-9. You can find additional detailed information about Form I-9 on the USCIS I-9 Central Web page at http://www.uscis.gov/I-9Central. Employers are required to verify the identity and employment authorization of all new employees by using Form I-9. Within three days of hire, an employee must present evidence of identity and employment authorization to his or her employer by presenting documentation sufficient to satisfy Form I-9 requirements.

You may present any document from List A (which provides evidence of both identity and employment authorization), or one document from List B (which provides evidence of your identity) together with one document from List C (which is evidence of employment authorization), or you may present an acceptable receipt for List A, List B, or List C documents as described in the Form I-9 Instructions.  An EAD is an acceptable document under List A. Employers may not reject a document based on a future expiration date.

If your EAD has an expiration date of November 2, 2017, and states "A-12" or "C-19" under "Category," and you timely and properly filed an EAD renewal application

14

during the 60-day re-registration period, you may choose to present your EAD to your employer together with the Form I-797C Notice of Action (showing the qualifying eligibility category of either A-12 or C-19) as a List A document that provides evidence of your identity and employment authorization for Form I-9 through May 1, 2018, unless your TPS has been finally withdrawn or your request for TPS has been finally denied. See the subsection titled, "How do my employer and I complete the Employment Eligibility Verification (Form I-9) using an automatically extended EAD for a new job?" for further information.

   To minimize confusion over this extension at the time of hire, you should explain to your employer that your EAD has been automatically extended through May 1, 2018. You may also provide your employer with a copy of this Federal Register Notice which explains how your EAD could be automatically extended; however, this Federal Register Notice is not acceptable evidence that your EAD has been automatically extended. As an alternative to presenting evidence of your automatically extended EAD, you may choose to present any other acceptable document from List A, a combination of one selection from List B and one selection from List C, or a valid receipt.

What documentation may I show my employer for my Employment Eligibility Verification (Form I-9) if I am already employed but my current TPS-related EAD is set to expire?

   Even though you may be eligible to have your EAD automatically extended, your employer will need to ask you about your continued employment authorization no later than before you start work on November 3, 2017. You will need to present your employer with evidence that you are still authorized to work. Once presented, you may correct

15

your employment authorization expiration date in Section 1 and your employer should

correct the employment authorization document expiration date in Section 2 of Form I-9.

See the subsection titled, "What corrections should my current employer and I make to

Employment Eligibility Verification (Form I-9) if my employment authorization has been

automatically extended?" for further information. In addition, you may also show this

Notice to your employer to explain what to do for Form I-9.

When you properly file your Form I-765 to renew your current EAD, you will

receive a USCIS receipt notice (Form I-797C). The receipt notice will state that your

current "A-12" or "C-19" coded EAD is automatically extended for 180 days.  You may

show this receipt notice to your employer along with your EAD to confirm your EAD

has been automatically extended through May 1, 2018, unless your TPS has been finally

withdrawn or your request for TPS has been finally denied.  You may also show this

Federal Register Notice to your employer to minimize confusion; however, this Federal

Register Notice is not acceptable evidence that your EAD has been automatically

extended. To avoid delays in receiving the Form I-797C and a lapse in your employment

authorization, you should file your EAD renewal application as early as possible during

the re-registration period.

The last day of the automatic EAD extension is May 1, 2018.  Before you start

work on May 2, 2018, your employer must reverify your employment authorization.  At

that time, you must present any document from List A or any document from List C on

Form I-9 Lists of Acceptable Documents, or an acceptable List A or List C receipt

described in the Form I-9 Instructions to reverify employment authorization. Your

employer should either complete Section 3 of the Form I-9 originally completed for you;

16

or if this section has already been completed or if the version of Form I-9 has expired

(check the date in the bottom left-hand corner of the form), complete Section 3 of a new

Form I-9 ensuring it is the most current version. Note that your employer may not specify

which List A or List C document you must present and cannot reject an acceptable

receipt.

<u>Can my employer require that I provide any other documentation to prove my status,</u>
<u>such as proof of my Sudanese citizenship?</u>

No. When completing Form I-9, including reverifying employment authorization,

employers must accept any documentation that appears on the appropriate "Lists of

Acceptable Documents" for Form I-9 that reasonably appears to be genuine and that

relates to you, or an acceptable List A, List B (for new hires only), or List C receipt.

Employers may not request documentation that does not appear on the "Lists of

Acceptable Documents." Therefore, employers may not request proof of Sudanese

citizenship or proof of re-registration for TPS when completing Form I-9 for new hires or

reverifying the employment authorization of current employees. If the expired EAD with

category A-12 or C-19 is presented with the Form I-797C Notice of Action as described

herein, an employer should accept this document combination as a valid List A document

so long as the EAD reasonably appears to be genuine and to relate to the employee. Refer

to the Note to Employees section of this Notice for important information about your

rights if your employer rejects lawful documentation, requires additional documentation,

or otherwise discriminates against you based on your citizenship or immigration status, or

your national origin.

17

DPP_00003168

How do my employer and I complete Employment Eligibility Verification (Form I-9) on the basis of automatically extended employment authorization for a new job?

As proof of the automatic extension of your employment authorization, you may present your expired EAD with category A-12 or C-19 in combination with the Form I-797C Notice of Action showing that the EAD renewal application was timely filed and that the qualifying eligibility category is either A-12 or C-19. Unless your TPS has been finally withdrawn or your request for TPS has been finally denied, this document combination is considered an unexpired Employment Authorization Document (Form I-766) under List A. When completing Form I-9 for a new job you are starting before May 2, 2018, you and your employer should do the following:

1. For Section 1, you should:

a. Check "An alien authorized to work until" and enter the date that is 180 days from the date your current EAD expires (May 1, 2018) as the "expiration date, if applicable, mm/dd/yyyy" ; and

b. Enter your Alien Number /USCIS number or A-Number where indicated (your EAD or other document from DHS will have your USCIS Number or A-Number printed on it; the USCIS number is the same as your A-Number without the A prefix).

2. When completing Section 2, employers should:

a. Determine if the EAD  is auto-extended for 180 days by ensuring:

- It is in category A-12 or C-19;

- The "received date" on Form I-797 is on or before the end of the 60-day re-registration period stated in this Notice; and

18

DPP_00003169

- The category code on the EAD is the same category code on Form I-797C, noting that employers should consider category codes A-12 and C-19 to be the same category code.

b. Write in the document title;

c. Enter the issuing authority;

d. Provide the document number; and

e. Insert May 1, 2018, the date that is 180 days from the date the current EAD expires .By the start of work on May 2, 2018, employers must reverify the employee's employment authorization in Section 3 of the Form I-9.

<u>What corrections should my current employer and I make to Employment Eligibility Verification (Form I-9) if my employment authorization has been automatically extended?</u>

If you are an existing employee who presented a TPS-related EAD that was valid when you first started your job and your employment authorization has now been automatically extended because you timely and properly filed a new application for employment authorization during the 60-day re-registration period, you may present your expired EAD with category A-12 or C-19 in combination with the Form I-797C Notice of Action. The Form I-797C should show that the EAD renewal application was timely filed and that the qualifying eligibility category is either A-12 or C-19. To avoid confusion, you may also provide your employer a copy of this Federal Register Notice; however, this Federal Register Notice is not acceptable evidence that your EAD has been automatically extended. Your employer may need to re-inspect your current EAD if your

DPP_00003170

employer does not have a copy of the EAD on file. You and your employer should correct your previously completed Form I-9 as follows:

1. For Section 1, you may

a. Draw a line through the expiration date in Section 1;

b. Write the date that is 180 days from the date your current EAD expires (May 1, 2018) above the previous date (November 2, 2017); and

c. Initial and date the correction in the margin of Section 1.

2. For Section 2, employers should:

a. Determine if the EAD is auto-extended for 180 days by ensuring:

- It is in category A-12 or C-19;

- The "received date" on Form I-797 is on or before the end of the 60-day re-registration period stated in this Notice; and

- The category code on the EAD is the same category code on Form I-797C, noting that employers should consider category codes A-12 and C-19 to be the same category code;

b. Draw a line through the expiration date written in Section 2;

c. Write the date that is 180 days from the date the employee's current EAD expires (May 1, 2018) above the previous date (November 2, 2017); and

d. Initial and date the correction in the margin of Section 2.

Note: This is not considered a reverification.  Employers do not need to complete Section 3 until either the 180-day extension has ended or the employee presents a new document to show continued employment authorization, whichever is sooner. By May 2, 2018,

20

DPP_00003171

when the employee's automatically extended employment authorization has ended,
employers must reverify the employee's employment authorization in Section 3.

<u>If I am an employer enrolled in E-Verify, how do I verify a new employee whose EAD
has been automatically extended?</u>

Employers may create a case in E-Verify for a new employee using the Form I-797C
receipt information provided on Form I-9. The receipt number entered as the document
number on Form I-9 should be entered into the document number field in E-Verify.

<u>If I am an employer enrolled in E-Verify, what do I do when I receive a "Work
Authorization Documents Expiration" alert for an automatically extended EAD ?</u>

E-Verify automated the verification process for employees whose TPS-related EAD  was
automatically extended. If you have an employee who is a TPS beneficiary who provided
a TPS-related EAD when he or she first started working for you, you will receive a
"Work Authorization Documents Expiring" case alert when the auto-extension period for
this EAD  is about to expire. This indicates that you should update Form I-9 in
accordance with the instructions above. By the employee's start of work on May 2, 2018,
employment authorization must be reverified in Section 3. Employers should not use E-
Verify for reverification.

**Note to All Employers**

Employers are reminded that the laws requiring proper employment eligibility
verification and prohibiting unfair immigration-related employment practices remain in
full force. This Notice does not supersede or in any way limit applicable employment
verification rules and policy guidance, including those rules setting forth reverification
requirements. For general questions about the employment eligibility verification

21

process, employers may call USCIS at 888-464-4218 (TTY 877-875-6028) or email USCIS at I9Central@dhs.gov. Calls and emails are accepted in English and many other languages. For questions about avoiding discrimination during the employment eligibility verification process (Form I-9 and E-Verify), employers may call the U.S. Department of Justice's Civil Rights Division, Immigrant and Employee Rights Section (IER) (formerly the Office of Special Counsel for Immigration-Related Unfair Employment Practices) Employer Hotline at 800-255-8155 (TTY 800-237-2515). The IER offers language interpretation in numerous languages. Employers may also email IER at IER@usdoj.gov.

**Note to Employees**

For general questions about the employment eligibility verification process, employees may call USCIS at 888-897-7781 (TTY 877-875-6028) or email USCIS at I-9Central@dhs.gov. Calls are accepted in English, Spanish, and many other languages. Employees or applicants may also call the IER Worker Hotline at 800-255-7688 (TTY 800-237-2515) for information regarding employment discrimination based upon citizenship, immigration status, or national origin, including discrimination related to Employment Eligibility Verification (Form I-9) and E-Verify. The IER Worker Hotline provides language interpretation in numerous languages.

To comply with the law, employers must accept any document or combination of documents from the Lists of Acceptable Documents if the documentation reasonably appears to be genuine and to relate to the employee, or an acceptable List A, List B, or List C receipt as described in the Employment Eligibility Verification (Form I-9) Instructions. Employers may not require extra or additional documentation beyond what is required for Employment Eligibility Verification (Form I-9) completion. Further,

22

employers participating in E-Verify who receive an E-Verify case result of "Tentative Nonconfirmation" (TNC) must promptly inform employees of the TNC and give such employees an opportunity to contest the TNC. A TNC case result means that the information entered into E-Verify from Employment Eligibility Verification (Form I-9) differs from Federal or state government records.

Employers may not terminate, suspend, delay training, withhold pay, lower pay, or take any adverse action against an employee based on the employee's decision to contest a TNC or because the case is still pending with E-Verify. A Final Nonconfirmation (FNC) case result is received when E-Verify cannot verify an employee's employment eligibility. An employer may terminate employment based on a case result of FNC. Work-authorized employees who receive an FNC may call USCIS for assistance at 888-897-7781 (TTY 877-875-6028). For more information about E-Verify-related discrimination or to report an employer for discrimination in the E-Verify process based on citizenship,  immigration status, or  national origin, contact IER's Worker Hotline at 800-255-7688 (TTY 800-237-2515). Additional information about proper nondiscriminatory Employment Eligibility Verification (Form I-9) and E-Verify procedures is available on the IER Web site at https://www.justice.gov/ier and the USCIS Web site at http://www.dhs.gov/E-verify.

**Note Regarding Federal, State, and Local Government Agencies (Such as Departments of Motor Vehicles)**

While Federal Government agencies must follow the guidelines laid out by the Federal Government, state and local government agencies establish their own rules and guidelines when granting certain benefits. Each state may have different laws, requirements, and

23

determinations about what documents you need to provide to prove eligibility for certain benefits. Whether you are applying for a Federal, state, or local government benefit, you may need to provide the government agency with documents that show you are a TPS beneficiary and/or show you are authorized to work based on TPS. Examples of such documents are:

(1) Your current EAD;

(2) A copy of your receipt notice (Form I-797C) for your application to renew your current EAD providing an automatic extension of your currently expired or expiring EAD;

(3) A copy of your Application for Temporary Protected Status Notice of Action (Form I-797) for this re-registration; and

(4) A copy of your past or current Application for Temporary Protected Status Notice of Action (Form I-797), if you received one from USCIS.

Check with the government agency regarding which document(s) the agency will accept. Some benefit-granting agencies use the USCIS Systematic Alien Verification for Entitlements (SAVE) program to confirm the current immigration status of applicants for public benefits. In most cases, SAVE provides an automated electronic response to benefit-granting agencies within seconds, but, occasionally, verification can be delayed. You can check the status of your SAVE verification by using CaseCheck at the following link: https://save.uscis.gov/casecheck/, then by clicking the "Check Your Case" button. CaseCheck is a free service that lets you follow the progress of your SAVE verification using your date of birth and one immigration identifier number. If an agency has denied your application based solely or in part on a SAVE response, the agency must offer you

24

DPP_00003175

the opportunity to appeal the decision in accordance with the agency's procedures. If the agency has received and acted upon or will act upon a SAVE verification and you do not believe the response is correct, you may make an InfoPass appointment for an in-person interview at a local USCIS office. Detailed information on how to make corrections, make an appointment, or submit a written request to correct records under the Freedom of Information Act can be found on the SAVE Web site at http://www.uscis.gov/save.

25