# EXHIBIT 14

004034

# THE WHITE HOUSE
## WASHINGTON

November 3, 2017

MEMORANDUM FOR

MS. LISA D. KENNA
Executive Secretary
Department of State

MS. TASHINA GAUHAR
Associate Deputy Attorney
  General
Department of Justice

MR. SCOTT KRAUSE
Executive Secretary
Department of Homeland Security

GEN JOHN F. KELLY, USMC (RET)
Assistant to the President
  and Chief of Staff

MS. KIRSTJEN NIELSEN
Assistant to the President
  and Principal Deputy Chief of
  Staff

MS. SARAH H. SANDERS
Assistant to the President
  and Press Secretary

MR. ANDREW BREMBERG
Assistant to the President
  and Director of the Domestic
  Policy Council

MR. MARC SHORT
Assistant to the President
  and Director of Legislative
  Affairs

MR. JOHN EISENBERG
Deputy Assistant to the
  President and Deputy
  Counsel to the President

SUBJECT:     Principals Small Group Meeting on Temporary
             Protected Status

There will be a Principals Small Group meeting on Temporary
Protected States on Friday, November 3, 2017, from 9:15 - 10:00
a.m. in the White House Situation Room. An agenda is attached
at Tab A. A discussion paper is attached at Tab B. **Please pass
the attached to Principals.** If you have any questions, please
contact Scott Oudkirk at ████.

LTG (Ret) J. Keith Kellogg
Executive Secretary and Chief of Staff
National Security Council

DPP_00003567

Attachments
Tab A    Agenda
Tab B    Discussion Paper on Temporary Protected Status (NSC)

DPP_00003568

DPP_00003569

DPP_00003570

DPP_00003571

004034

RESTRICTED PRINCIPALS COMMITTEE MEETING
ON TEMPORARY PROTECTED STATUS

DATE: November 3, 2017
LOCATION: White House Situation Room
TIME: 9:15-10:00 AM

AGENDA

I. Overview of Temporary Protected Status...................DHS

II. Discussion of Extension and Termination Options.........ALL

III. Recommendations and Implementation......................ALL

DPP_00003572

DPP_00003573

# TAB B

DPP_00003574

DPP_00003575

004034

## DISCUSSION PAPER FOR
## PRINCIPALS SMALL GROUP MEETING ON TEMPORARY PROTECTIVE STATUS

### Purpose

To coordinate the conditions and process for terminating temporary protected status (TPS) for aliens from El Salvador, Honduras, Nicaragua, and Haiti. The Acting Secretary of Homeland Security must make a decision by Monday, November 6, 2017.

### Background

TPS, legislated by Congress in 1990 as Section 244 of the Immigration and Nationality Act (INA), was designed as a humanitarian response tool to shelter aliens present in the United States whose countries suffer from either an ongoing armed conflict or natural disaster. Although the INA stipulates that TPS be temporary, in the cases of these four countries, successive administrations have routinely extended it. TPS, although not providing a durable legal status in the United States, allows its beneficiaries to gain work authorization and otherwise live fully integrated lives here. Over the course of the beneficiaries' many years residing in the United States, many have had U.S. citizen children and established extensive ties to their local communities.

Nine countries are designated for TPS and approximately 435,000 individuals benefit. The total number of beneficiaries for the four countries under immediate consideration is approximately 413,500 people or 95 percent of all TPS beneficiaries in the United States (Tab A). Honduras and Nicaragua received TPS designation in 1999 as a result of Hurricane Mitch. El Salvador and Haiti received their designation in 2001 and 2010, respectively after earthquakes. Although a decision on El Salvador is not required until January, the Acting Secretary of Homeland Security intends to handle all three Central American countries simultaneously in light of their shared geography and the similar predicates. The deadline for a determination on Haiti's TPS is on November 23, 2017, supporting a case for setting a unified course of action for all four countries simultaneously.

### Discussion

INA Section 244(b)(3)(A) requires the Acting Secretary of Homeland Security to determine 60 days before the expiration of a country's TPS period of designation whether to extend or terminate the status based on an evaluation of the conditions that initially warranted granting TPS. The Department of Homeland Security (DHS) conducts its own assessment of country conditions, but the law also requires consultation with appropriate agencies, which for TPS has customarily resulted in the Secretary of State providing an assessment and recommendation. The Acting Secretary of Homeland Security is not obliged to concur with the Secretary of State's recommendations but often does. Extensions may be for a period not less than six months and not more than 18 months.

DPP_00003577

In addition to the option of terminating or extending TPS, there are two other possibilities. The INA allows a re-designation, which can redefine the rationale for the designation based on changed but still extraordinary and temporary conditions in the foreign state or redefine which aliens present in the United States are eligible to benefit. INA Section 244(b)(3)(C) also permits the Secretary of Homeland Security not to make a determination, which would automatically extend TPS for six-months or, at her discretion, up to 18 months.

In the cases of El Salvador, Honduras, Nicaragua, and Haiti, the temporary conditions that arose out of natural disasters and supported TPS designations have long ceased to exist. The Secretary of State assessed that conditions in all four countries no longer support TPS designations and recommended terminations with an effective date 18 months later to allow affected parties to arrange for an orderly exit and return. INA Section 244(d)(3) permits the Acting Secretary of Homeland Security to delay the effective date of termination to provide for an orderly transition period for beneficiaries. The Acting Secretary of Homeland Security took that approach when she terminated TPS for Sudan in September 2017 with an effective date in November 2018.

## Recommendation

Terminate with an effective date of January 5, 2019 and engage Congress to pass a comprehensive immigration reform to include a merit based entry system. A 12 month delay in the effective termination date would allow for an orderly transition period for beneficiaries. Moreover, it would allow Congress time to act and to factor the fate of TPS beneficiaries into legislation. While many TPS beneficiaries may not qualify for legal status under a merit based system, Congress could craft alternatives to allow members of this group to remain. The Administration could signal its support for such a resolution provided Congress enact needed immigration reforms.

Extending TPS for any or all of the four countries would prolong the distortion between the temporary protections that TPS was designed to provide and current circumstances. It would also lengthen the period during which beneficiaries would deepen their connections to the United States, making any future resolution of their status in the United States more complicated. Redesignation is not a viable option because the challenges all four countries face are long-term political, security, and economic deficiencies and are unrelated to ongoing armed conflict or natural disasters.

ATTACHMENT
Tab A         Temporary Protective Status: Countries, Beneficiaries, and Key Dates

DPP_00003579

## Temporary Protective Status:
## Designated Countries, Beneficiaries, and Key Dates

| Country | Number of Beneficiaries | Target Decision & Federal Register Notice Publication | Expiration Date |
|---|---|---|---|
| Honduras (1999) | 86,163 | 11/06/2017 | 01/05/2018 |
| Nicaragua (1999) | 5,349 | 11/06/2017 | 01/05/2018 |
| El Salvador (2001) | 263,282 | 11/06/2017 | 03/09/2018 |
| Haiti (2010) | 58,706 | 11/23/2017 | 01/22/2018 |
| Syria (2012) | 6,177 | 01/30/2018 | 03/31/2018 |
| Nepal (2015) | 12,967 | 04/25/2018 | 06/24/2018 |
| Yemen (2015) | 819 | 07/05/2018 | 09/03/2018 |
| Somalia (1991) | 497 | 07/19/2018 | 09/17/2018 |
| S. Sudan (2011) | 49 | 03/03/2019 | 05/02/2019 |

DPP_00003581