UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CRISTA RAMOS, et al.,

    Plaintiffs,

    v.

KIRSTJEN NIELSEN, et al.,

    Defendants.

Case No.: 18-cv-01554-EMC

**DECLARATION OF ROBERT E. PEREZ**

1. I am employed by U.S. Customs and Border Protection in Washington, DC, as the Acting Deputy Commissioner.  I have been employed in this capacity since July 1, 2018.  Prior to my role as Acting Deputy Commissioner, I served as the Acting Executive Assistant Commissioner for Operations Support since February 27, 2017.  Prior to coming to Operations Support, I served as the Director of Field Operations (DFO) for CBP's New York Field Office.  In that capacity, I directed the activities of nearly 3,000 CBP employees and oversaw the arrival of more than 21 million international travelers and over $240 billion in imported goods.

2. In my capacity as the Acting Deputy Commissioner, I serve as the agency's senior career official.  My responsibilities include providing executive leadership in planning short and long-range strategies, activities, and projects.  Other top CBP priorities for which I am responsible include facilitating legitimate global trade and travel, and keeping illegal drugs and illegal aliens from crossing our borders.  To implement the top CBP priorities for which I am responsible,

1

    I work with various components within CBP, including the Office of Field Operations (OFO), U.S. Border Patrol (USBP), Air and Marine Operations, and the Office of Trade.

3. I make this declaration on the basis of my personal knowledge, as well as the documents and information made available to me in my position.

4. I am aware of the above captioned case. I am similarly aware that on October 3, 2018, the Court issued an order that granted the plaintiffs' motion for a preliminary injunction, which enjoined and restrained DHS from implementing and/or enforcing the decisions to terminate Temporary Protected Status (TPS) for Sudan, Haiti, El Salvador, and Nicaragua, pending the resolution of the case on the merits.

5. CBP does not play any role in processing an individual's request for TPS.  In determining whether a particular alien is a TPS recipient, CBP relies on the U.S. Citizenship and Immigration Services.  If a CBP officer or agent encounters an individual claiming that he or she is a TPS recipient, the officer or agent will review that individual's documents and check the relevant system of records to determine whether the individual has been granted TPS by U.S. Citizenship and Immigration Services.  CBP does not decide whether an individual has TPS or not.  Should there be a reason to recommend that a particular individual no longer be afforded TPS, those recommendations are referred to USCIS for consideration.  Similarly, CBP does not determine whether or not a country or class of people is eligible for TPS designation or not.

6. I understand that as of the date of the Court's order all of the countries at issue in this case, Sudan, Haiti, El Salvador, and Nicaragua were still afforded TPS protection.  In fact, no TPS designations were set to expire until November 2, 2018 (for Sudan).  Moreover, CBP's operations continued at a *status quo*, that is, relying on the USCIS systems of record to

determine whether an individual is a TPS-recipient. However, out of an abundance of caution, CBP issued guidance to ensure that officers and agents were aware of the Court's ruling.

7. On October 4, 2018, the Executive Director for Admissibility and Passenger Programs in OFO issued a memorandum to all DFOs and the Director of the Field Operations Academy entitled "Guidance on Injunction Against Temporary Protected Status Termination." This memorandum states in relevant part that "DHS is enjoined from implementing and enforcing the decisions to terminate Temporary Protected Status (TPS) for Sudan, Haiti, El Salvador, and Nicaragua, pending the resolution of the case. . . . [T]his decision requires CBP to maintain status quo with respect to individuals from these countries who have been afforded TPS. . . . Unless and until instructed otherwise through superseding guidance, aliens with TPS from Sudan, Haiti, El Salvador, and Nicaragua, should continue to be treated as if TPS has not been terminated, regardless of whether the Acting Secretary or Secretary's decision to terminate TPS was supposed to have taken effect by that date."

8. Similarly, on October 9, 2018, the Chief of USBP issued a memorandum to all Chief Patrol Agents and all Directorate Chiefs, also entitled "Guidance on Injunction Against Temporary Protected Status Termination." This memorandum is substantially similar to OFO's memorandum and contains the same guidance quoted above.

I declare under penalty of perjury that the foregoing is all true and correct to the best of my knowledge, information, and belief.

Date: 10-17-18

Robert E. Perez
Acting Deputy Commissioner
Washington, DC
U.S. Customs and Border Protection

3