UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRISTA RAMOS, et al.,

        Plaintiffs,

Case No.: 18-cv-01554-EMC

        v.

KIRSTJEN NIELSEN, et al.,

        Defendants.

---

<u>DECLARATION OF JOSEPH D SIMON</u>

Pursuant to 28 U.S.C. § 1746, I, Joseph D Simon, declare and state as follows:

1.     I am the Acting Deputy Chief of Staff in the Office of the Director at U.S. Immigration and Customs Enforcement (ICE) within the U.S. Department of Homeland Security. I have served in this position since January 2018. Before that, I served as Acting Deputy Chief of Staff in the Office of the Executive Associate Director for Enforcement and Removal Operations, and prior to that, as a Detention and Deportation Officer. I have been employed with ICE since September 2009.

2.     As Acting Deputy Chief of Staff, I support the Office of the Director and the ICE leadership team in the day-to-day operations, leading approximately 20,000 employees, including more than 12,000 officers and agents. I make this declaration based on personal knowledge of the subject matter acquired by me in the course of the performance of my official duties, and information provided to me by ICE personnel.

1

3.      ICE consists of three core operational programs: Enforcement and Removal Operations (ERO), which handles civil immigration enforcement; Homeland Security Investigations (HSI), which handles criminal investigations; and the Office of Professional Responsibility (OPR), which is responsible for investigating allegations of misconduct involving employees of ICE, and overseeing ICE detention functions, ensuring that facilities adhere to the agency's detention standards.  I am generally aware of the operational activities of each of these operational programs.

4.      I am aware that on Wednesday October 3, 2018, the United States District Court for the Northern District of California issued an order granting the Plaintiffs' motion for a Preliminary Injunction (PI) in *Ramos v. Nielsen*, No. 3:18-cv-01554 (N.D. Cal. filed Mar. 12, 2018).  I understand that the PI prevents the Government from effectuating the termination of Temporary Protected Status (TPS) for Sudan, Haiti, El Salvador, and Nicaragua, pending resolution of the underlying litigation by a) enjoining and restraining the Government from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, implementation and/or enforcement of the decisions to terminate TPS for Sudan, Haiti, El Salvador, and Nicaragua pending resolution of the case on the merits, and b) ordering the Government to take all administrative actions needed to preserve the status quo pending completion of discovery and a ruling on the merits of the action, including all steps needed to ensure the continued validity of documents that prove lawful status and employment authorization for TPS holders.

5.      In order to ensure that the ICE work force was aware of this PI, each operational office – ERO, HSI, and OPR – issued guidance to its law enforcement officers.

a.      On October 5, 2018, ERO issued an email broadcast to all ERO personnel entitled "Guidance on Preliminary Injunction Against Termination of TPS Designations –

2

Ramos v. Nielsen, No. 18-01554 (N.D. Cal. filed Mar. 12, 2018)." This email broadcast is attached as Exhibit A.

      b.     On October 5, 2018, HSI issued an email broadcast to all HSI personnel entitled "Guidance on Preliminary Injunction Against Termination of TPS Designations – Ramos v. Nielsen, No. 18-01554 (N.D. Cal. filed Mar. 12, 2018)." This email broadcast is attached as Exhibit B.

      c.     On October 5, 2018, OPR issued an email broadcast to all OPR personnel entitled "Guidance on Preliminary Injunction Against Termination of TPS Designations." This email broadcast is attached as Exhibit C.

     9.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this __17__ day of October, 2018.

Joseph D. Simon
Acting Deputy Chief of Staff
Office of the Director
U.S. Immigration and Customs Enforcement

# EXHIBIT A

| | |
|---|---|
| **From:** | ERO Taskings |
| **Subject:** | Guidance on Preliminary Injunction Against Termination of TPS Designations – Ramos v. Nielsen, No. 18-01554 (N.D. Cal. filed Mar. 12, 2018) |
| **Date:** | Friday, October 5, 2018 10:05:05 AM |

***The following message is sent on behalf of Nathalie R. Asher, Acting Executive Associate Director for Enforcement and Removal Operations:***

**To:**          **All ERO Personnel**

**Subject:**     **Guidance on Preliminary Injunction Against Termination of TPS Designations – *Ramos v. Nielsen*, No. 18-01554 (N.D. Cal. filed Mar. 12, 2018)**

On Wednesday October 3, 2018, the U.S. District Court for the Northern District of California issued an order granting a Preliminary Injunction (PI), which prevents the Department of Homeland Security from implementing and enforcing decisions to terminate Temporary Protected Status (TPS) designations or Sudan, Haiti, El Salvador, and Nicaragua, pending resolution of the underlying litigation. The PI has two prongs: 1) the Government is enjoined and restrained from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, implementation and/or enforcement of the decisions to terminate TPS for Sudan, Haiti, El Salvador, and Nicaragua pending resolution of the case on the merits; and 2) the Government shall take all administrative actions needed to preserve the status quo pending completion of discovery and a ruling on the merits of the action, including all steps needed to ensure the continued validity of documents that prove lawful status and employment authorization for TPS holders. The case is *Ramos v. Nielsen*, No. 18-01554 (N.D. Cal. filed Mar. 12, 2018).

**<u>Guidance</u>**

<u>Unless and until instructed otherwise through superseding guidance, aliens with TPS from Sudan, Haiti, El Salvador, and Nicaragua, should continue to be treated as if the relevant TPS designations have not been terminated,</u> regardless of whether the Secretary's decision or former Acting Secretary's decision to terminate TPS was scheduled to have taken effect by that date.

Officers and agents should continue to consult appropriate databases and documentary evidence to determine whether an individual alien has valid TPS. Any alien with TPS may not be removed from the United States during the period in which they possess such status, INA § 244(a)(1)(A), and may not be detained on the basis of their immigration status in the United States, INA § 244(d)(4). The decision in this case should not impact your normal operations. An alien from any of these countries with TPS should be treated like any other alien with TPS. The decision merely impacts the categories of aliens eligible for a grant of TPS by U.S. Citizenship and Immigration Services and the extension of such status. Accordingly, unless and until further notice, the following determinations by the Secretary or former Acting Secretary have been enjoined by the district court and should not be considered in any enforcement action.

- Acting Secretary Duke's decision to terminate Haiti's TPS designation as of July 22, 2019, was announced on January 18, 2018. 83 Fed. Reg. 2648, 2650 (Jan. 18, 2018).
- Acting Secretary Duke's decision to terminate Sudan's TPS designation as of November

2, 2018, was announced on October 11, 2017.  82 Fed. Reg. 47228, 47230 (Oct. 11, 2017).

- Acting Secretary Duke's decision to terminate Nicaragua's TPS designation as of January 9, 2019, was announced on December 15, 2017.  82 Fed. Reg. 59636, 69637 (Dec. 15, 2017).
- Secretary Nielsen's decision to terminate El Salvador's TPS designation as of September 9, 2019, was announced on January 18, 2018.  83 Fed. Reg. 2654, 2655-56 (Jan. 18, 2018).

Additional guidance will be provided as appropriate.

**Limitation on the Applicability of this Guidance.** This message is intended to provide internal guidance to the operational components of U.S. Immigration and Customs Enforcement. It does not, is not intended to, shall not be construed to, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any person in any matter, civil or criminal.

NOTICE: This communication may contain privileged or otherwise confidential information. If you are not an intended recipient or believe you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use this information. Please inform the sender that you received this message in error and delete the message from your system.

# EXHIBIT B

**From:** HSI EAD Message
**To:** #HSI-All Personnel
**Subject:** Guidance on Preliminary Injunction Against Termination of TPS Designations – Ramos v. Nielsen, No. 18-01554 (N.D. Cal. filed Mar. 12, 2018)
**Date:** Friday, October 5, 2018 3:45:22 PM

**HSI** HOMELAND SECURITY INVESTIGATIONS
Message from the Executive Associate Director 

**To:**        **All HSI Personnel**

**Subject:**   **Guidance on Preliminary Injunction Against Termination of TPS Designations –** *Ramos v. Nielsen,* **No. 18-01554 (N.D. Cal. filed Mar. 12, 2018)**

On Wednesday October 3, 2018, the U.S. District Court for the Northern District of California issued an order granting a Preliminary Injunction (PI), which prevents the Department of Homeland Security from implementing and enforcing decisions to terminate Temporary Protected Status (TPS) designations or Sudan, Haiti, El Salvador, and Nicaragua, pending resolution of the underlying litigation.  The PI has two prongs: 1) the Government is enjoined and restrained from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, implementation and/or enforcement of the decisions to terminate TPS for Sudan, Haiti, El Salvador, and Nicaragua pending resolution of the case on the merits; and 2) the Government shall take all administrative actions needed to preserve the status quo pending completion of discovery and a ruling on the merits of the action, including all steps needed to ensure the continued validity of documents that prove lawful status and employment authorization for TPS holders.  The case is *Ramos v. Nielsen,* No. 18-01554 (N.D. Cal. filed Mar. 12, 2018).

**Guidance**

Unless and until instructed otherwise through superseding guidance, aliens with TPS from Sudan, Haiti, El Salvador, and Nicaragua, should continue to be treated as if the relevant TPS designations have not been terminated, regardless of whether the Secretary's decision or former Acting Secretary's decision to terminate TPS was scheduled to have taken effect by that date.

Officers and agents should continue to consult appropriate databases and documentary evidence to determine whether an individual alien has valid TPS.  Any alien with TPS may not be removed from the United States during the period in which they possess such status, INA § 244(a)(1)(A), and may not be detained on the basis of their immigration status in the United States, INA § 244(d)(4).  The decision in this case should not impact your normal operations.  An alien from any of these countries with TPS should be treated like any other alien with TPS.  The decision merely impacts the

categories of aliens eligible for a grant of TPS by U.S. Citizenship and Immigration
Services and the extension of such status. Accordingly, unless and until further notice,
the following determinations by the Secretary or former Acting Secretary have been
enjoined by the district court and should not be considered in any enforcement action.

- Acting Secretary Duke's decision to terminate Haiti's TPS designation as of July
  22, 2019, was announced on January 18, 2018. 83 Fed. Reg. 2648, 2650 (Jan.
  18, 2018).
- Acting Secretary Duke's decision to terminate Sudan's TPS designation as of
  November 2, 2018, was announced on October 11, 2017. 82 Fed. Reg. 47228,
  47230 (Oct. 11, 2017).
- Acting Secretary Duke's decision to terminate Nicaragua's TPS designation as
  of January 9, 2019, was announced on December 15, 2017. 82 Fed. Reg. 59636,
  69637 (Dec. 15, 2017).
- Secretary Nielsen's decision to terminate El Salvador's TPS designation as of
  September 9, 2019, was announced on January 18, 2018. 83 Fed. Reg. 2654,
  2655-56 (Jan. 18, 2018).

Additional guidance will be provided as appropriate.

**Limitation on the Applicability of this Guidance.** This message is intended to
provide internal guidance to the operational components of U.S. Immigration and
Customs Enforcement. It does not, is not intended to, shall not be construed to, and
may not be relied upon to create any rights, substantive or procedural, enforceable at
law by any person in any matter, civil or criminal.


*Derek N. Benner*
*Deputy Executive Associate Director and Senior Official Performing the Duties of*
*the Executive Associate Director*
*Homeland Security Investigations*

# EXHIBIT C

| | |
|---|---|
| **From:** | OPR-Broadcast |
| **To:** | #OPR-All Personnel |
| **Subject:** | Guidance on Preliminary Injunction Against Termination of TPS Designations – |
| **Date:** | Friday, October 5, 2018 11:19:57 AM |

This message is being disseminated to all ICE program personnel at the request of agency leadership:

On Wednesday October 3, 2018, the U.S. District Court for the Northern District of California issued an order granting a Preliminary Injunction (PI), which prevents the Department of Homeland Security from implementing and enforcing decisions to terminate Temporary Protected Status (TPS) designations or Sudan, Haiti, El Salvador, and Nicaragua, pending resolution of the underlying litigation.  The PI has two prongs: 1) the Government is enjoined and restrained from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, implementation and/or enforcement of the decisions to terminate TPS for Sudan, Haiti, El Salvador, and Nicaragua pending resolution of the case on the merits; and 2) the Government shall take all administrative actions needed to preserve the status quo pending completion of discovery and a ruling on the merits of the action, including all steps needed to ensure the continued validity of documents that prove lawful status and employment authorization for TPS holders.  The case is *Ramos v. Nielsen*, No. 18-01554 (N.D. Cal. filed Mar. 12, 2018).

Guidance

Unless and until instructed otherwise through superseding guidance, aliens with TPS from Sudan, Haiti, El Salvador, and Nicaragua, should continue to be treated as if the relevant TPS designations have not been terminated, regardless of whether the Secretary's decision or former Acting Secretary's decision to terminate TPS was scheduled to have taken effect by that date.

Officers and agents should continue to consult appropriate databases and documentary evidence to determine whether an individual alien has valid TPS.  Any alien with TPS may not be removed from the United States during the period in which they possess such status, INA § 244(a)(1)(A), and may not be detained on the basis of their immigration status in the United States, INA § 244(d)(4).  The decision in this case should not impact your normal operations.  An alien from any of these countries with TPS should be treated like any other alien with TPS.  The decision merely impacts the categories of aliens eligible for a grant of TPS by U.S. Citizenship and Immigration Services and the extension of such status.  Accordingly, unless and until further notice, the following determinations by the Secretary or former Acting Secretary have been enjoined by the district court and should not be considered in any enforcement action.

- Acting Secretary Duke's decision to terminate Haiti's TPS designation as of July 22, 2019, was announced on January 18, 2018.  83 Fed. Reg. 2648, 2650 (Jan. 18, 2018).
- Acting Secretary Duke's decision to terminate Sudan's TPS designation as of November 2, 2018, was announced on October 11, 2017.  82 Fed. Reg. 47228, 47230 (Oct. 11, 2017).
- Acting Secretary Duke's decision to terminate Nicaragua's TPS designation as of January 9, 2019, was announced on December 15, 2017.  82 Fed. Reg. 59636, 69637 (Dec. 15, 2017).
- Secretary Nielsen's decision to terminate El Salvador's TPS designation as of September 9, 2019, was announced on January 18, 2018.  83 Fed. Reg. 2654, 2655-56 (Jan. 18, 2018).

Additional guidance will be provided as appropriate.

**Limitation on the Applicability of this Guidance.** This message is intended to provide internal guidance to the operational components of U.S. Immigration and Customs Enforcement. It does not, is not intended to, shall not be construed to, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any person in any matter, civil or criminal.