1   Ahilan T. Arulanantham, SBN 237841
    aarulanantham@aclusocal.org
2   Zoë N. McKinney, SBN 312877
    zmckinney@aclusocal.org
3   ACLU FOUNDATION OF SOUTHERN CALIFORNIA
    1313 West 8th Street
4   Los Angeles, CA 90017
    Telephone: (213) 977-5211/Fax: (213) 977-5297
5

6   Attorneys for Plaintiffs Keshav Bhattarai, et al.
    [*Additional Counsel Listed on Next Page*]
7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO

11  CRISTA RAMOS, individually and on behalf    Case No.  3:18-cv-01554
    of other similarly situated; CRISTINA
12  MORALES; BENHAMIN ZEPEDA,                    **BHATTARAI, ET AL., PLAINTIFFS'**
    individually and on behalf of other similarly **ADMINISTRATIVE MOTION TO**
13  situated; ORLANDO ZEPEDA; JUAN               **CONSIDER WHETHER CASES SHOULD BE**
    EDUARDO AYALA FLORES, individually           **RELATED**
14  and on behalf of others similarly situated;
    MARIA JOSE AYALA FLORES; ELSY                [N.D. Cal. Civ. L.R. 3-12, 7-11]
15  YOLANDA FLORES DE AYALA; HNAIDA
    CENEMAT, individually and on behalf of
16  others similarly situated; WILNA DESTIN;
    RILYA SALARY; individually and on behalf     The Honorable Edward M. Chen
17  of other similarly situated; SHERIKA BLANC;
    IMARA AMPIE; MAZIN AHMED; and
18  HIWAIDA ELARABI,

19                 *Plaintiffs,*

20          v.

21  KIRSTJEN NIELSEN, in her official capacity
    as Secretary of Homeland Security; ELAINE
22  C. DUKE, in her official capacity as Deputy
    Secretary of Homeland Security; UNITED
23  STATES DEPARTMENT OF HOMELAND
    SECURITY; and UNITED STATES OF
24  AMERICA

25                 *Defendants.*

26

27

28

Additional Counsel for Plaintiffs

Jessica Karp Bansal, SBN 277347
jbansal@ndlon.org
Emilou MacLean, SBN 319071
emi@ndlon.org
NATIONAL DAY LABORER
ORGANIZING NETWORK
1030 S. Arroyo Pkwy, Suite 106
Pasadena, CA 91105
Telephone: 626-799-2160
Fax: (626) 799-3560

Alycia A. Degen, SBN 211350
adegen@sidley.com
Sean A. Commons, SBN 217603
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000/Fax: (213) 896-6600

Laboni Hoq, SBN 224140
lhoq@advancingjustice-la.org
Christopher Lapinig, SBN 322141
clapinig@advancingjustice-la.org
Michelle (Minju) Cho, SBN 321939
mcho@advancingjustice-la.org
ASIAN AMERICANS ADVANCING JUSTICE – LOS ANGELES
1145 Wilshire Blvd., 2nd Floor
Los Angeles, CA 90017
Telephone: (213) 977-7500/Fax: (213) 977-7500

Jingni (Jenny) Zhao, SBN 284684
Jennyz@advancingjustice-alc.org
Winifred Kao, SBN 241473
winifredk@advancingjustice-alc.org
ASIAN AMERICANS ADVANCING JUSTICE – ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, California 94111
Telephone: (415) 896-1701/Fax: (415) 896-1702

1   Tami Weerasingha-Cote, SBN 995355 (Washington, D.C.)*
    tweerasi@sidley.com
2   Ava X. Guo, SBN 1027694 (Washington, D.C.)*
    aguo@sidley.com
3   Kimberly Leaman, SBN 85925 (Virginia) (*pro hac vice*)
    kimberly.leaman@sidley.com
4   Tyler Domino, SRN 5614631 (New York) (*pro hac vice*)
    tdomino@sidley.com
5   Jon Dugan, SBN 93480 (Virginia)*
    jdugan@sidley.com
6   SIDLEY AUSTIN LLP
    1501 K Street, NW
7   Washington D.C., 20005
    Telephone: (202) 736-8000/Fax: (202) 736-8711
8   Attorneys for Plaintiffs.

9   *pro hac vice application forthcoming*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# BHATTARAI, ET AL. PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE CASES

Pursuant to N.D. Cal. Civil Local Rules 3-12 and 7-11, Plaintiffs in *Bhattarai v. Nielsen et al.*, Case No. 3:19-cv-00731 ("*Bhattarai*") move for *Bhattarai* to be deemed related.

## I.    ACTION REQUESTED

An order pursuant to Civil Local Rule 3-12 relating *Bhattarai* to this action (the "*Ramos*" action).

## II.    REASONS SUPPORTING THE REQUEST

Civil Local Rule 3-12 requires parties to "promptly" alert the court overseeing an earlier-filed action of related actions in this district. Actions are related "when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *Bhattarai* and *Ramos* involve the same defendants, transactions, and events. Both concern the current Administration's process for evaluating Temporary Protected Status ("TPS") and assert claims for violations of the Administrative Procedures Act ("APA") and the Fifth Amendment's guarantees of equal protection and due process. Litigation before different judicial officers would result in burdensome duplication of labor and expense, and create a risk of conflicting results, as multiple matters addressed in *Ramos* will be raised in *Bhattarai*.

The United States, through counsel, has stated it "takes no position as to whether *Bhattarai* and *Ramos* are related for purposes of the local rules."

### A.    *Bhattarai* And *Ramos* Involve Substantially The Same Parties And Events.

#### 1.    *Bhattarai and Ramos involve substantially the same parties.*

*Plaintiffs:* Like *Ramos*, *Bhattarai* is brought by TPS holders who face imminent loss of TPS status due to decisions by the Trump Administration. *Compare Ramos* Dkt. 1 at 4–6 *with Bhattarai* Dkt. 1 at 5–6. Like *Ramos*, *Bhattarai* also is brought on behalf of school-age, U.S. citizen children of TPS holders. *Compare Ramos* Dkt. 1 at 4–5 *with Bhattarai* Dkt. 1 at 6. In addition, some counsel for the parties in both actions overlap. The difference between the

1

plaintiffs in the two actions is that *Bhattarai* relates to TPS holders from Honduras and Nepal, whereas *Ramos* concerns TPS holders from Sudan, Nicaragua, Haiti, and El Salvador. Defendants terminated TPS for Nepal and Honduras after *Ramos* was first filed, on May 22, 2018 and June 5, 2018, respectively.

*Defendants*: *Bhattarai* and *Ramos* name the same defendants—Kirstjen Nielsen, Elaine C. Duke, the United States Department of Homeland Security, and the United States of America as defendants.

> 2.   *Bhattarai and Ramos involve the same transactions and events.*

*Bhattarai* and *Ramos* rest on the same core nucleus of facts. Both challenge decision-making processes and procedures adopted by the current Administration to end TPS. Plaintiffs in *Bhattarai* allege the decisions to terminate TPS for Honduras and Nepal (1) rested on the same, novel interpretation of the TPS statute invented by the Administration to terminate TPS for Sudan, Nicaragua, Haiti, and El Salvador; (2) were infected by the same race-based animus that motivated terminations of TPS for Sudan, Nicaragua, Haiti, and El Salvador; and (3) arbitrarily changed the same long-standing practices as did those terminations for Sudan, Nicaragua, Haiti, and El Salvador, without a sufficiently weighty government interest in light of the fundamental rights burdened and the serious reliance interests the prior policy engendered. Indeed, many of the same internal memoranda, meeting notes, Congressional testimony, deposition transcripts, witness statements, and agency emails relied upon in *Ramos* support the claims of the plaintiffs in *Bhattarai*. *See, e.g.*, *Bhattarai Compl.* at 2 (citing and quoting documents obtained in *Ramos*); *see also Ramos, et al. v. Nielsen, et al.*, No. 18-cv-01554, Order Granting Plaintiffs' Motion for Preliminary Injunction, at 26 (discussing part of the decision-making process leading up to the Trump Administration's brief extension of TPS for Honduras). The decisions to terminate TPS for people from Honduras and Nepal were made by many of the same government actors at issue in *Ramos*, carrying out the Administration's pre-ordained goal of ending TPS to achieve a racially-based anti-immigrant agenda.

> B.   **Relating *Bhattarai* And *Ramos* Will Conserve Judicial Resources And Avoid Inconsistent Results.**

1       The Court resolved a number of legal and factual issues in *Ramos* that are likely to be

2   presented again in *Bhattarai*. First, the Court decided a motion to dismiss, overruling a variety of

3   jurisdictional and merits arguments relating to the same APA, due process, and equal protection

4   claims asserted by the plaintiffs in *Bhattarai*; defendants likely will renew some or all of those

5   arguments in an effort to dismiss the claims in *Bhattarai*. Second, the Court issued rulings on a

6   host of discovery-related matters, such as whether defendants must provide discovery before

7   plaintiffs file for a preliminary injunction and whether defendants can withhold evidence relating

8   to discriminatory intent and their new interpretation of the TPS statute as "deliberative"; plaintiffs

9   in *Bhattarai* anticipate defendants will again resist timely disclosing similar information. Third,

10  the Court resolved a dispute concerning the proper scope of the administrative record, and the

11  *Bhattarai* plaintiffs will seek production of the administrative record. Fourth, the Court granted a

12  preliminary injunction to prevent irreparable harm to TPS holders in *Ramos*, and plaintiffs in

13  *Bhattarai* expect to bring a preliminary injunction to prevent irreparable harm virtually identical in

14  nature to the harms at issue in *Ramos*. That motion will raise very similar, if not the same, claims

15  as in *Ramos*, and many of the legal issues presented will be virtually identical to those presented

16  by the preliminary injunction in *Ramos*.

17      Given the number and complexity of the overlapping issues in *Ramos* and *Bhattarai*, and

18  the Court's familiarity with the relevant facts, testimony, and documents, this Court is best

19  situated to preside over *Bhattarai* to avoid undue duplication of labor and expense, and eliminate

20  the risk of "conflicting results" on matters that will bear on the rights of hundreds of thousands of

21  individuals. L.R. 3-12(a)(2).

## III.   CONCLUSION

23      For the foregoing reasons, the *Bhattarai* plaintiffs request that *Bhattarai* be related to

24  *Ramos* pursuant to Civil L.R. 3-12.

25

26

27

28

Date:  February 15, 2019                         Respectfully submitted,

                                                 SIDLEY AUSTIN LLP

                                                 /s/ *Alycia A. Degen*
                                                 Alycia A. Degen
                                                 Sean A. Commons
                                                 Tami Weerasingha-Cote
                                                 Ava Guo
                                                 Kimberly Leaman
                                                 Tyler Domino
                                                 Jon Dugan

                                                 ACLU FOUNDATION OF SOUTHERN
                                                 CALIFORNIA
                                                 Ahilan T. Arulanantham
                                                 Zoë N. McKinney

                                                 NATIONAL DAY LABORER
                                                 ORGANIZING NETWORK
                                                 Jessica Karp Bansal
                                                 Emilou MacLean

                                                 ASIAN AMERICANS ADVANCING
                                                 JUSTICE - LOS ANGELES
                                                 Laboni Hoq
                                                 Christopher Lapinig
                                                 Michelle (Minju) Cho

                                                 ASIAN AMERICANS ADVANCING
                                                 JUSTICE -  ASIAN LAW CAUCUS
                                                 Jingni (Jenny) Zhao
                                                 Winifred Kao

                                                 *Attorneys for Bhattarai Plaintiffs*

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2019, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record. I further certify that on February 15, 2019, true copies of the foregoing were served by first-class mail to the following:

1. Chambers of U.S. District Judge Jon S. Tigar;

2. Counsel for Defendants in *Bhattarai v. Nielsen et al.*, Case No. 3:19-cv-00731;

/s/ *Alycia Degen*

SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Fax: (213) 896-6600
adegen@sidley.com