Ahilan T. Arulanantham (SBN 237841)
arulanantham@law.ucla.edu
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW
385 Charles E. Young Dr. East
Los Angeles, CA 90095
Telephone: (310) 825-1029

Jessica Karp Bansal (SBN 277347)
jessica.b@uwunited.org
UNEMPLOYED WORKERS UNITED
P.O. Box 142
Claremont, CA 91107
Telephone: (818) 570-6731

Sean A. Commons (SBN 217603)
scommons@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6010
Facsimile: (213) 896-6600

Attorneys for Plaintiffs

[*Additional Counsel Listed on Next Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTA RAMOS, individually and on behalf of others similarly situated; CRISTINA MORALES; BENJAMIN ZEPEDA, individually and on behalf of others similarly situated; ORLANDO ZEPEDA; JUAN EDUARDO AYALA FLORES, individually and on behalf of others similarly situated; MARIA JOSE AYALA FLORES; ELSY YOLANDA FLORES DE AYALA; HNAIDA CENEMAT, individually and on behalf of others similarly situated; WILNA DESTIN; RILYA SALARY, individually and on behalf of others similarly situated; SHERIKA BLANC; IMARA AMPIE; MAZIN AHMED; HIWAIDA ELARABI; and SALMA AHMED,<br><br>      *Plaintiffs*,<br><br>   v.<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED | Case No. 3:18-cv-01554-EMC<br><br>The Honorable Edward M. Chen<br><br>**DECLARATION OF SEAN A. COMMONS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>Date: August 15, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 5, 17th Floor |

| | |
|---|---|
| 1  STATES OF AMERICA, | |
| 2         *Defendants.* | |
| 3  KESHAV BHATTARAI; SAJJAN PANDEY; SUMNIMA THAPA; DONALDO POSADAS CACERES; SORAYDA RODRIGUEZ MOTIÑO; DENIS MOLINA CHAVEZ; S.S., individually and on behalf of others similarly situated; and G.D.P., individually and on behalf of others similarly situated, | Case No. 3:19-cv-00731-EMC  **DECLARATION OF SEAN A. COMMONS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**  The Honorable Edward M. Chen |
|         *Plaintiffs,* | |
|         v. | |
| ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES OF AMERICA, | |
|         *Defendants.* | |

*Additional Counsel for Plaintiffs*

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
William S. Freeman (SBN 82002)
wfreeman@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Michael Kaufman (SBN 254575)
mkaufman@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1250
Facsimile: (415) 772-7400

Leslie A. Ridings (SBN 349465)
lridings@sidley.com
Amelia Mazzarella (SBN 35168)
amazzarella@sidley.com
Robert P. McMahon (SBN 351271)
rmcmahon@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Winifred Kao (SBN 241473)
winifredk@advancingjustice-alc.org
ADVANCING JUSTICE – ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, CA 94111
Telephone: (415) 896-1701
Facsimile: (415) 896-1702

Keally Cieslik (SBN 55413)
keally.c@uwunited.org
UNEMPLOYED WORKERS UNITED
100 N. Howard Street, Suite 4000
Spokane, WA 99201
Telephone: (508) 250-0518
Admitted Pro Hac Vice

---

DECLARATION OF SEAN A. COMMONS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES;
CASE NO. 3:18-CV-01554-EMC

I, SEAN A. COMMONS, declare as follows:

1. I am an attorney admitted to practice in this matter and counsel for Plaintiffs in the above-entitled consolidated cases. This declaration is submitted in support of Plaintiffs' Notice of Motion and Motion for Attorneys' Fees, and is based on my own personal knowledge, unless otherwise indicated. I am over 18 years of age and competent to testify as to the matters in this declaration.

2. I am a partner in the Los Angeles office of Sidley Austin LLP ("Sidley"). I was lead counsel at Sidley on behalf of Plaintiffs in these actions, along with my former partners Alycia A. Degen and Mark E. Haddad, including in connection with pre-litigation planning and strategy following the terminations of Temporary Protected Status ("TPS") for the countries at issue. Among other things, I personally participated in and oversaw all aspects of work by Sidley attorneys, paralegals, and staff on these matters, including factual and legal research, motion practice, document and deposition discovery, meet and confers with counsel for defendants, and preparations for hearings. I also worked closely with co-counsel on all such matters.

3. I graduated from the USC Gould School of Law in 2001, where I received the Law Alumni Award for maintaining the highest GPA during law school. After law school, I served as a law clerk to the Honorable George H. King of the United States District Court for the Central District of California. After completing my clerkship, I joined Sidley as an associate and became a partner in 2010. Throughout my career at Sidley, I have litigated numerous complex federal, state, and arbitration matters, including through jury and bench trials. My trial work includes a jury trial of a certified class that was recognized by the *Daily Journal* in its Top Verdicts report in 2018. A true and correct copy of my resume is attached as **Exhibit A**.

4. Since approximately 2010, the majority of my pro bono work has been on behalf of immigrants. In addition to these consolidated cases on behalf of TPS holders and their families, examples include immigration cases on behalf of (a) certified classes of detained immigrants in a matter that was argued twice between the Supreme Court (*Alejandro Rodriguez v. James Hayes et al.*, 2:07-cv-03239-TJH-RNB (C.D. Cal.)), (b) a certified class of Cambodian immigrants subject to arbitrary removal (*Chhoeun, et al. v. Giles, et al.*, 8:17-cv-01898-CJC (C.D. Cal.)), and (c) a putative

class of immigrant detainees deprived access to counsel (*Ernesto Torres et al v. United States Department of Homeland Security et al.*, 5:18-cv-02604-JGB-SHK (C.D. Cal.)).

5. At Sidley, I served as the chair or co-chair of the Los Angeles Pro Bono Committee from 2015 to 2019, and remain a member of that committee to this day. In 2014, California Lawyer magazine recognized me with an "Attorneys of the Year" award for my pro bono work on behalf of immigrants. The ACLU also recognized my pro bono work on behalf of immigrants in 2012, 2016, and 2017 with Humanitarian and Access to Justice awards.

6. Sidley is committed to pro bono service. Our pro bono clients receive the same respect, commitment, and devotion as paying clients. At the same time, our attorneys have significant billable requirements. We make personal commitments of time and effort when choosing to participate in pro bono matters. In addition, Sidley's practice is to donate fees recovered in pro bono cases to charitable organizations, and we will do so with any fees recovered here. For this and other reasons, including our general ethical obligations, we did not have an incentive to perform unnecessary work on these consolidated cases. We did not hold team meetings unless appropriate for coordination and overall efficiency. Similarly, multiple attorneys would not attend meet-and-confer calls, depositions, or hearings unless warranted in light of their responsibilities and anticipated projects to improve overall efficiency.

7. For Sidley and co-counsel, these consolidated cases required intense and concentrated effort on behalf of a core team of lawyers, with additional support by other colleagues and staff as appropriate to complete tasks under often demanding timelines. These cases regularly required work late into the evening, over weekends, and during holidays and vacations. For example, between May and August 2018 alone, Plaintiffs needed to move or oppose nine discovery-related motions. *Ramos*, ECF Nos. 14 (05/03/2018), 28 (06/25/2018), 43 (07/17/2018), 47 (07/30/2018), 54 (08/03/2018), 58 (08/06/2018), 59 (08/07/2018), 78 (08/15/2018), 83 (08/17/2018). These efforts were essential. The vast majority of evidence obtained—truly impactful evidence—was the product of successful discovery motion practice. Collectively, Plaintiffs gathered and needed to digest over 92,000 pages of evidence obtained via requests for the administrative record, formal discovery, FOIA requests, and informal discovery efforts.

8.     All told, Sidley time keepers recorded more than 8,600 hours from inception through April 2024 on these matters. If they had devoted that time to billable matters at Sidley's standard rates, Sidley's fees would have exceeded $6,050,000. Likewise, if these cases had been billable matters, Sidley would have sought recovery for over $295,000 in costs. Sidley devoted the time to these matters based on the demands of the litigation, not in hopes of recovering fees and expenses.

9.     All time keepers at Sidley receive training on proper billing practices, which involves the use of timekeeping software. Over the course of these consolidated cases, all Sidley timekeepers used that software to record their time. In addition, as a supervising partner, I regularly reviewed time entries by colleagues on these consolidated matters, including to ensure that Sidley's resources were being used efficiently. Nonetheless, in connection with the instant motion, I reviewed the time entries and costs for these matters from inception through April 30, 2024, and exercised discretion to write down or write off certain fees and expenses. As a result, in addition to excluding time and expenses after April 30, 2024, Sidley has eliminated from this request a significant portion of the fees and costs that Sidley could have billed if these were paying clients, including:

    a.     1,080.8 hours for paralegals, project assistants, library staff, docketing specialists, a staff attorney, and a summer law clerk (1,050.3 for *Ramos*; 30.5 for *Bhattarai*), equivalent to $384,226 in fees had these been standard billable matters ($376,264.00 for *Ramos*; $7,962 for *Bhattarai*).

    b.     633.2 hours for lawyers who primarily served in consulting roles, assisted with smaller projects, or who had smaller roles during certain periods of the litigation (566.5 for *Ramos*; 66.7 for *Bhattarai*), equivalent to $570,023 in fees had these been standard billable matters ($521,276 for *Ramos*; $48,747 for *Bhattarai*).

    c.     790.3 hours for lawyers based on internal communications or office conferences, or multiple attorneys working on a project, even though the communications and work were warranted and appropriate given the demands of the litigation (655 for *Ramos*; 135.3 for *Bhattarai*), equivalent to $527,132

                in fees had these been standard billable matters ($420,135 for *Ramos*; $106,997 for *Bhattarai*).

      d.      1,036 hours for lawyers based on other discretionary factors, even though the work was to advance the interests of the clients (910.3 for *Ramos*; 129 for *Bhattarai*), equivalent to $701,429 in fees had these been standard billable matters ($616,793 for *Ramos*; $87,585 for *Bhattarai*).

      e.      226.4 hours of time associated with this fee motion, equivalent to $183,968 in fees had these been billable matters.

      f.      $150,971.36 in costs that Sidley regularly charges on billable matters ($129,472.37 for Ramos; $21,498.99 for *Bhattarai*), including substantial expenses associated with the hosting and technical support of electronic document review platforms.

10.      The following exhibit contains support for the $1,382,358 in fees and $144,308.69 in costs that Sidley seeks:

      a.      **Exhibit B** contains time entries for the $1,311,189 in fees requested for *Ramos*, after all write offs and write downs. As a result, Exhibit B contains entries only relating to specific time entries for which Plaintiffs seek to recover.

      b.      **Exhibit C** contains time entries for the $71,169 in fees requested for *Bhattarai*, after all write offs and write downs. As a result, Exhibit C contains entries only relating to specific time entries for which Plaintiffs seek to recover.

      c.      **Exhibit D** contains line items for the $138,410.95 in costs requested for *Ramos*, after all write offs and write downs. As a result, Exhibit D contains entries only relating to costs for which Plaintiffs seek to recover.

      d.      **Exhibit E** contains line items for the $5,897.74 in costs requested for *Bhattarai*, after all write offs and write downs. As a result, Exhibit E contains entries only relating to costs for which Plaintiffs seek to recover.

DECLARATION OF SEAN A. COMMONS IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES;
CASE NO. 3:18-CV-01554-EMC

11. Multiple Sidley lawyers who worked on these matters brought highly specialized skills essential to effectively advocate on behalf of the clients. Due to the technical issues in these cases, and the potential consequences of almost every decision on the lives of literally hundreds of thousands of people, I and other Sidley partners needed to be actively involved at all stages to bring our specialized experience to bear, including due to complex jurisdictional, administrative, procedural, constitutional, and privilege questions. Similarly, counsel at the public interest organizations with whom Sidley partnered on this litigation brought an incredible depth of knowledge and experience about, among other things, immigration and constitutional law, as well as the needs of the TPS community. The teams assembled within Sidley and by co-counsel worked together remarkably well, leveraging our unique sets of skills and abilities to advocate for Plaintiffs' best interests.

12. Based on decades of work in private practice, I am confident that Plaintiffs would not have been able to find lawyers in private practice willing to charge only the statutory EAJA rates who would have possessed equivalent specialized experience as the team of lawyers from Sidley and co-counsel who worked on this matter. Sidley, however, seeks to recover above the statutory EAJA rates only for my time, and co-counsel seeks to recover above the statutory EAJA rates only for a subset of colleagues who have truly distinguished themselves . My standard hourly rate throughout the case was as follows: $975 per hour (2018), $1,025 per hour (2019), $1,100 per hour (2020), $1,200 per hour (2021), $1,375 per hour (2022), $1,450 per hour (2023), and $1,675 (2024). Based on my experience in private practice, these hourly rates for each of these years has been consistent with market rates for partners with my level of skill and experience at competitor firms.

13. Sidley staffed this matter with multiple lawyers because of the number of factual and legal issues that warranted research, the need for teams of lawyers often to work in parallel to ensure that we could meet deadlines, and to ensure that we could promptly review thousands of documents produced during discovery in time for the preliminary injunction. At the time, Defendants likewise represented to the Court that they needed to "deploy[] significant resources" just to address the tens of thousands of documents at issue during discovery. *See, e.g.*, *Ramos*, ECF No. 28 at 5, 7; No. 43 at 9 (claiming to have employed "18 reviewers" just for document discovery).

14. Based on emails exchanged with Defendants, telephone conferences, captions on filings at the trial and appellate level, captions on discovery responses, and appearances at hearings and deposition, Defendants have been represented by at least seventeen (17) attorneys over the life of these consolidated cases. They also undoubtedly received additional support, though I did not have visibility as to the number or identify of all of those individuals as I did not generally interact with them directly. *See, e.g.*, *Ramos*, ECF 43 at 9 (claiming to have employed "18 reviewers" just for document discovery).

15. Defendants regularly had multiple lawyers participate in meet and confers and other activities in this litigation. For example, Defendants regularly had more attorneys in attendance at depositions than Plaintiffs:

    a. August 3, 2018 deposition: three attorneys attended on behalf of Plaintiffs (two from Sidley); five attorneys attended on behalf of Defendants (two from the DOJ).

    b. August 9, 2018 deposition: three attorneys attended on behalf of Plaintiffs (two from Sidley); four attorneys attended on behalf of Defendants (two from the DOJ).

    c. August 14, 2018 deposition: two attorneys attended on behalf of Plaintiffs (one from Sidley); three attorneys attended on behalf of Defendants (two from the DOJ).

    d. August 22, 2018 deposition: two attorneys attended on behalf of Plaintiffs (one from Sidley); two attorneys attended on behalf of Defendants (one from the DOJ).

16. Attached as **Exhibit F** is a summary reflecting the fees and costs collectively requested by all counsel who have represented Plaintiffs in the litigation.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed: May 24, 2024

_____
Sean A. Commons