1  Ahilan T. Arulanantham (SBN 237841)
   arulanantham@law.ucla.edu
2  CENTER FOR IMMIGRATION LAW AND
   POLICY, UCLA SCHOOL OF LAW
3  385 Charles E. Young Dr. East
   Los Angeles, CA 90095
4  Telephone: (310) 825-1029

5  Jessica Karp Bansal (SBN 277347)
   jessica.b@uwunited.org
6  UNEMPLOYED WORKERS UNITED
   P.O. Box 142
7  Claremont, CA 91107
   Telephone: (818) 570-6731

8
   Sean A. Commons (SBN 217603)
9  scommons@sidley.com
   SIDLEY AUSTIN LLP
10 350 South Grand Avenue
   Los Angeles, CA 90071
11 Telephone: (213) 896-6010
   Facsimile: (213) 896-6600
12
   Attorneys for Plaintiffs
13
   [*Additional Counsel Listed on Next Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRISTA RAMOS, individually and on behalf of others similarly situated; CRISTINA MORALES; BENJAMIN ZEPEDA, individually and on behalf of others similarly situated; ORLANDO ZEPEDA; JUAN EDUARDO AYALA FLORES, individually and on behalf of others similarly situated; MARIA JOSE AYALA FLORES; ELSY YOLANDA FLORES DE AYALA; HNAIDA CENEMAT, individually and on behalf of others similarly situated; WILNA DESTIN; RILYA SALARY, individually and on behalf of others similarly situated; SHERIKA BLANC; IMARA AMPIE; MAZIN AHMED; HIWAIDA ELARABI; and SALMA AHMED, <br>      *Plaintiffs*, <br><br>v. <br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF | Case No. 3:18-cv-01554-EMC <br><br>The Honorable Edward M. Chen <br><br>**DECLARATION OF CAROL A. SOBEL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** <br><br>Date:  August 15, 2024 <br>Time:  1:30 p.m. <br>Dept.:  Courtroom 5, 17th Floor |

|   |   |   |
|---|---|---|
| 1 | HOMELAND SECURITY; and UNITED STATES OF AMERICA, | |
| 2 | *Defendants.* | |
| 3 | | |
| 4 | KESHAV BHATTARAI; SAJJAN PANDEY; SUMNIMA THAPA; DONALDO POSADAS CACERES; SORAYDA RODRIGUEZ MOTIÑO; DENIS MOLINA CHAVEZ; S.S., individually and on behalf of others similarly situated; and G.D.P., individually and on behalf of others similarly situated, | Case No. 3:19-cv-00731-EMC |
| 5 | | **DECLARATION OF CAROL A. SOBEL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES** |
| 6 | | |
| 7 | | The Honorable Edward M. Chen |
| 8 | *Plaintiffs*, | |
| 9 | v. | |
| 10 | ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES OF AMERICA | |
| 11 | | |
| 12 | | |
| 13 | *Defendants.* | |

*Additional Counsel for Plaintiffs*

Emilou MacLean (SBN 319071)
emaclean@aclunc.org
William S. Freeman (SBN 82002)
wfreeman@aclunc.org
ACLU FOUNDATION
OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, California 94111
Telephone: (415) 621-2493
Facsimile: (415) 863-7832

Michael Kaufman (SBN 254575)
mkaufman@aclusocal.org
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236

Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1219
Facsimile: (415) 772-7400

Leslie A. Ridings (SBN 349465)
lridings@sidley.com
Amelia Mazzarella (SBN 35168)
amazzarella@sidley.com
Robert P. McMahon (SBN 351271)
rmcmahon@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Winifred Kao (SBN 241473)
winifredk@advancingjustice-alc.org
ADVANCING JUSTICE – ASIAN LAW
CAUCUS
55 Columbus Avenue
San Francisco, California 94111
Telephone: (415) 896-1701
Facsimile: (415) 896-1702

Keally Cieslik (SBN 55413)
keally.c@uwunited.org
UNEMPLOYED WORKERS UNITED
100 N. Howard Street, Suite 4000
Spokane, WA 99201
Telephone: (508) 250-0518
Admitted Pro Hac Vice

# DECLARATION OF CAROL A. SOBEL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

I, Carol A. Sobel, declare as follows:

1.    I am an attorney admitted to practice before the Supreme Court of the State of California, the Supreme Court of the United States, the Ninth Circuit Court of Appeals, and the United States District Courts for the Central and Eastern Districts of California. I submit this declaration in support of the fees requested by counsel in this matter. It is based on facts of which I have personal knowledge and, if I called to testify to those facts, I could and would do so competently.

2.    I graduated from law school and was admitted in 1978. Following 20 years with the ACLU Foundation of Southern California, I entered private practice in April of 1997. My practice primarily involves complex civil rights litigation, focusing on homelessness, First Amendment rights, and police practices.

3.    I have received many awards for my legal work over the years. These awards are set out in my resumé at **Exhibit A**.

4.    For the six years prior to 1997, I was a Senior Staff Counsel in the legal department of the ACLU Foundation of Southern California. In this position, I was responsible for preparing many of the fee motions in cases where the ACLU represented the prevailing party. Because the ACLU does not bill clients on an hourly basis for its services, I was required to obtain information to establish reasonable market rates for the ACLU lawyers. It was my practice to obtain current billing rates for lawyers of comparable skill and experience at several firms throughout the City. I did this on an annual basis, contacting partners who were familiar with the ACLU lawyers in question so that they could make an informed judgment about the comparable skill levels of the attorneys at their firms whose rates were used to establish ACLU billing rates.

5.    Since leaving the ACLU, I continue to survey firms annually to obtain relevant comparisons for rates. I generally begin this process the first time in each year I prepare a fee motion or enter settlement discussions regarding fees. I make it a point to obtain information concerning rates for attorneys in both larger law firms engaged in complex litigation, as well as smaller boutique

civil rights law firms. Based on the information I obtained regarding rates at each of these firms, I believe there is a significant difference between fees sought and awarded to attorneys at smaller civil rights firms and those at larger firms that sometimes do pro bono civil rights work.

6. While most of the declarations I file concerning market rates involve cases brought in the Central District of California, over the past several years I also submitted declarations supporting fee applications for civil rights attorneys in the Eastern, Northern and Southern Districts of California, as well as the Western District of Washington. To obtain information regarding market rates for attorneys in the relevant legal market, I also review fee applications and awards in cases other than my own. Specifically, I review fee applications submitted by, and awards to, private attorneys practicing the range of civil rights law, as well as court awards made to various ACLU offices, Disability Rights Legal Center ("DRLC"), Disability Rights Advocates, Asian Americans Advancing Justice, the Western Center on Law and Poverty ("WCLP"), MALDEF and other public interest groups in the relevant legal market. In some instances, the relevant legal market is the home court for an attorney who seeks out-of-market rates based on special skills not available in the legal market where the case was brought.

7. I look to rates for attorneys in previous cases as they are strong evidence of reasonable rates. *See Chaudhry v. City of Los Angeles*, 751 F3d 1096, 1111 (9th Cir. 2014); *U.S. v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1106 (9th Cir. 2015); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 976 (9th Cir. 2008).

8. I also review fee motions filed by private civil rights and public interest firms and attorneys in the relevant geographic market. For Los Angeles, those firms include McLane Bednarski & Litt; Schonbrun Seplow Harris Hoffman & Zeldes; Hadsell Stormer Renick & Dai, Law Office of Dale Galipo; and The Cochran Firm, among other firms. I do this to learn what is being sought and approved as market rates for lawyers at these firms.

9. Because many of the cases brought by public interest groups are co-counseled by attorneys at commercial firms regularly engaged in complex anti-trust and other business litigation, I review those billing rates as well. In addition, when I become aware of a case where statutory fees are sought, I regularly obtain fee applications and any resulting awards from on-line public records

for the courts, including PACER and state court websites, as well as legal research databases such as LEXIS and Westlaw. Declarations by attorneys at, and awards to, large firms engaged in complex litigation provide me with information regarding customary billing rates for these firms, I estimate that I review around 100 or more fee motions, supporting declarations and fee awards annually.

10. I do not charge to provide a fee declaration, although I do suggest that, if successful, the attorneys in private civil rights practices donate to a non-profit legal organization. I believe I am extremely qualified to provide declarations for the civil rights bar and the non-profit legal community because of my work at the ACLU and in private practice, my adjunct teaching at Loyola Law School for the past 16 years, and my role in organizing legal representation for large-scale legal actions. For example, at the request of the ACLU of Georgia, I organized the initial representation of nearly 1,000 Mariel Cubans in immigration hearings after they were transferred to federal prisons in Southern California following their uprising at the Atlanta Federal Penitentiary in the late 1980s. Ultimately, the USC Criminal Law Clinic took over responsibility; however, in the initial rounds of hearings, I recruited dozens of law students from UCLA, Loyola and USC and supervised them in representing the Mariel Cubans at administrative hearings. I also organized attorneys and students to represent about 5,000 high- school students in Southern California charged as truants after they walked out of school to protest the proposed Sensenbrenner immigration bill in Congress in 2005. Through all this work, I am familiar with a significant portion of civil rights and public interest law students and lawyers in Los Angeles and can assess their skill, experience and reputation based on my professional interactions with them.

11. In addition, unlike most other attorneys providing "expert" evidence of market rates, I have extensive experience in a broad range of civil rights litigation, including, among other areas, employment law, First Amendment Church/State law, free speech and assembly, anti-SLAPP litigation, homelessness litigation, excessive force, false arrest and class actions. As my resumé demonstrates, I successfully brought landmark cases in these and other civil rights subject areas, including a state-wide class-action on behalf of women's health-care providers in California against the anti-abortion group Operation Rescue. *National Abortion Federation, et al. v. Operation Rescue, et. al.*, 8 F.3d 680 (9th Cir. 1993). Many of these cases required novel approaches to the issues and

became models for attorneys challenging similar issues around the country.

12. For example, in *Jones v. City of Los Angeles*, 2014 U.S. App. LEXIS 6640 (9th Cir. Apr. 10, 2014) (subsequent citation on vacatur upon settlement omitted), first filed in 2003, the groundwork was laid for *Martin v. City of Boise,* 920 F.3d 584 (9th Cir. 2019). When *Jones* was filed, I faced three cases in the Ninth Circuit and one at the California Supreme Court, as well as multiple lawsuits across the country, all unsuccessful in striking policies criminalizing homelessness and replicating *Pottinger v. City of Miami*, 720 F. Supp. 955 (S.D. Fla. 1989), *aff'd*. 40 F.3d 1155 (11th Cir. 1994). In *National Abortion Federation*, the district court dismissed the action pursuant to *Bray v. Alexandria Clinic,* 506 U.S. 263 (1993), holding the first two clauses of the Ku Klux Klan Act, 42 U.S.C.S. § 1985 did not state a claim for relief. The Circuit reversed and remanded, finding the district court erred in denying Plaintiffs' move to amend to add a claim under 42 U.S.C.S. § 1985(3), the "hindrance" clause. 8 F.3d at 685-87.

13. My declarations in support of fee applications for civil rights and public interest attorneys have been cited repeatedly by courts as evidence of reasonable market rates. Most recently, Judge Bernal noted my declaration as support for the rates approved for the Law Office of Dale Galipo in *Paola French, et al. v. City of Los Angeles, et al.,* EDCV 20-0416 JGB (SPx) (February 21, 2024). In September 2023, my declaration was cited with approval for both rates and methodology in an award of attorney fees in *Mickail Myles v. County of San Diego*, Case No. 3:15-cv-01985-JAH-BLM (S.D. Cal. 2023) [Doc. 484, p.7]. The motion in *Myles* was filed in late 2022. My declaration was also cited with approval in *Valenzuela v. City of Anaheim*, Case No. SACV 17-00278-CJC (DFMx) (C.D. CA. 2023) [Dkt. 462] and the companion case of *Craig v. City of Anaheim*, SACV 17-02094-CJC (DFMx) (C.D. CA 2023) [Dkt. 280].

14. In addition, in *Nadarajah v. Holder*, 569 F.3d 906, 912–14 (9th Cir. 2009), the Ninth Circuit referenced my declaration with approval in support of the rates for Mr. Arulanantham and other ACLU attorneys under the Equal Access to Justice Act ("EAJA"). In *Torrance Unified School District v. Magee*, 2008 U.S. Dist. LEXIS 95074 (C.D. Cal. Nov. 10, 2008), granting fees pursuant to the federal IDEA statute, 20 U.S.C. § 1415(i)(3)(c), the court cited to my declaration as persuasive evidence of rates. In *Atkins v. Miller*, CV 01-01574 DDP (C.D. Cal. 2007), this Court awarded fees

to a 1975 graduate at $675 an hour, specifically citing my declaration and that of Barry Litt to support the rate. *Id*. at 8-9 and n.4. Additional cases in which my declarations have been cited favorably include, among others, *Charlebois v. Angels Baseball LP*, 993 F.Supp.2d 1109, 1119-20 (C.D. Cal. 2012); *Orantes-Hernandez v. Holder*, 713 F.Supp.2d 29, 963-964 (C.D. Cal. 2010); *Hiken v. DOD*, 2013 U.S. Dist. LEXIS 118165 (N.D. Cal. Jan. 14, 2013), *Vasquez v. Rackauckas*, 2011 U.S. Dist. LEXIS 83696 (C.D. Cal. July 29, 2011); *Rauda v. City of L.A.*, 2010 U.S. Dist. LEXIS 138837 (C.D. Cal. Dec. 20, 2010); *Jochimsen v. Cty. of L.A.*, No. B223518, 2011 Cal.App.Unpub. LEXIS 4688, at *19-*22 (June 23, 2011) (unpublished); *Dugan v. Cty. of L.A.*, No. 2:11-cv-08145-CAS-SHx, 2014 U.S. Dist. LEXIS 195199, at *5–*14 (C.D. Cal. Mar. 3, 2014); *Flores v. City of Westminster*, No. SA CV 11-0278-DOC(RNBx), 2014 U.S. Dist. LEXIS 200551, at *19-*20 (C.D. Cal. Oct. 23, 2014); *Lu v. United States*, No. CV 01-01758 CBM (Ex), 2014 U.S. Dist. LEXIS 77789, at *21-*23 (C.D. Cal. May 23, 2014); *Wagafe v. Trump*, No. 2:17-cv-00094-RAJ (W.D. Wash. Feb. 27, 2019) [Dkt. 223]; *Webb v. Officer J. Ackerman*, No. 13-cv-01992 PLA (C.D. Cal. January 4, 2018) [Dkt. 180, p.5]; and *Carrillo v. Schneider Logistics*, awarding fees in Circuit Case No. 12-55042 (9th Cir. Apr. 2014), following the affirmance of a preliminary injunction (*see* 501 Fed. Appx. 713(9th Cir. Dec. 28, 2012). The Ninth Circuit cited my declaration in approving EAJA rates for the ACLU and other immigration attorneys in *Gomez-Sanchez v. Sessions*, No. 14-72506 (9th Cir. July 17, 2019) [Dkt. 88].

15.     I also litigated statutory fee issues at the appellate level in several of my cases. Most notably, I successfully argued before the California Supreme Court in *Tipton-Whittingham v. City of L.A.*, 34 Cal.4th 604 (2004), the companion case to *Graham v. Daimler-Chrysler*, 34 Cal.4th 533 (2004), establishing the continued vitality of the "catalyst" fee doctrine under California law. I was also lead counsel in *Jones v. City of L.A.*, 555 Fed. App'x 659 (9th Cir. 2014), holding entitlement to fees as a "prevailing party" based on the Ninth Circuit's necessary approval of a settlement conditioned on vacatur of the panel decision.

16.     I am informed that EAJA fees are being sought by this motion for attorneys Ahilan Arulanantham, Jessica Bansal, Emi MacLean and Sean Commons. I am very familiar with all but Mr. Commons. Ahilan Arulanantham and I co-counseled on a case with Marc Van Der Hout and

1  David Cole. I know Emi MacLean since she first worked for NDLON and have maintained contact
2  with her over the years. I mostly know Ms. Bansal by reputation.
3      17.     It is my understanding that the motion seeks EAJA fees for the four attorneys listed
4  below. The chart below sets out the attorney, year of graduation and their rate for the years 2017
5  through 2024. Because Plaintiffs seek enhanced rate pursuant to EAJA, I discuss the rates by year.
6  For the reasons below, it is my opinion that these rates are reasonable and consistent with, or even
7  below, court approved rates for other comparable cases of attorneys of a similar skill level.
8      18.     **2017 Rates:** The only attorney seeking fees for 2017 is Mr. Arulanantham. He

| Year | Ahilan Arulanantham (1999) | Jessica Bansal (2009) | Emi Maclean (2006) | Sean Commons (2001) |
|---|---|---|---|---|
| 2017 | $ 745.00 | ---- | ---- | ----- |
| 2018 | $ 785.00 | $ 530.00 | $ 600.00 | $ 975.00 |
| 2019 | $ 810.00 | $ 630.00 | $ 660.00 | $1,025.00 |
| 2020 | $ 840.00 | $ 680.00 | $ 720.00 | $1,100.00 |
| 2021 | $ 875.00 | $ 725.00 | $ 780.00 | $1,200.00 |
| 2022 | $ 925.00 | $ 770.00 | $ 850.00 | $1,375.00 |
| 2023 | $ 975.00 | $ 820.00 | $ 910.00 | $1,450.00 |
| 2024 | $1,075.00 | $ 890.00 | $ 965.00 | $1,675.00 |

requests $745 an hour, below the rate he previously sought for 2017. Attached at **Exhibit B** is a copy of a declaration I provided in support of the fee motion in the Ninth Circuit in *Gomez-Sanchez v. Sessions*, 892 F.3d 985 (9th Cir. 2018). The conformed copy of the Circuit's website is restricted because of the nature of the case.  Mr. Arulanantham sought enhanced EAJA rates of $760 an hour for 2017 and $785 an hour for 2018. I reviewed the docket for this case and understand that the attorneys fees were resolved through the Circuit mediation program per the order of the panel.

     19.     **2018 Rates:** Attached at **Exhibit C** is the order approving fees in a class settlement in *McKibben v. McMahon,* Case No.  EDCV 14-2171 JGB (SPx) (C.D. Cal. Feb. 28, 2019).  In *McKibben*, the Court approved 2018 lodestar rates for attorneys at the ACLU and Kaye, McLane, Bednarski and Litt in a class-action challenging jail conditions for lesbian, trans and non-binary

1  prisoners. The rates included $600 for Lindsay Battles, then with 10 years of experience; $715 for
2  Melissa Goodman, then with 15 years of experience; $640 for Amanda Goad, then with 13 years of
3  experience. The approved 2018 rates in *McKibben* support the reasonableness of the 2018 rates
4  sought in this matter for Mr. Arulanantham ($785 an hour with 19 years of experience), Ms. Bansal
5  ($530 with 9 years of experience), and Ms. MacLean ($600 with 12 years of experience). In fact, all
6  the 2018 EAJA rates requested by this motion are below the rates approved for comparably skilled
7  attorneys in *McKibben*.

8  20.  **2018 & 2019 Rates:** Attached at **Exhibit D** is the order in *Ubaldo Arroyo, et al. v.
9  United States Department of Homeland Security, et al.*, Case No. 8:19-cv-00815-JGB-SHK (C.D.
10 Cal. 2020) [Doc. 53], awarding EAJA fees for 2018 and 2019 to Mr. Arulanantham and Michael
11 Kaufman, also of the ACLU of Southern California. As is noted in the court's order, I provided a
12 declaration in support of the requested rates. Ex. 4, p.7. I reviewed my declaration, which is under
13 seal in the Court's docket. The EAJA rates approved for Mr. Arulanantham were $785 for 2018 and
14 $810 for 2019. The rates approved for Mr. Kaufman were $620 for 2018 and $645 for 2019. I am
15 the person that first hired Mr. Kaufman to work at the ACLU when he was a law student, so I am
16 aware that he is a 2007 law graduate. His 2018 and 2019 court-approved rates are slightly higher
17 than those sought here for Emi MacLean, a 2006 graduate.

18 21.  **2019 & 2020 Rates:** Attached at **Exhibit E** is the Declaration of Scott Edelman, a
19 partner at Gibson, Dunn & Crutcher in Los Angeles. The declaration was submitted in support of a
20 fee motion in the United States District Court for the Southern District of California. Mr. Edelman's
21 declaration sets out the customary billing rates for attorneys in 2019 and 2020. These include $915
22 an hour for 2019 for Nathaniel Bach and $625 for mid-level associates. Ex. 5, ¶ 18. I reviewed Mr.
23 Bach's biographical information online and on that basis believe that he is a 2006 graduate of UCLA
24 Law School, the same year as Ms. MacLean. Mr. Bach's customary 2020 billing rate was $960 an
25 hour. Ex. 5, ¶ 19.

26 22.  I also reviewed Marissa Moshell's information on the firm's website. She was
27 identified in the Edelman Declaration as one of the mid-level associates. Based on that review, I
28 concluded that Ms. Moshell is a 2017 law graduate. Her customary 2019 rate, with two years of

experience, was slightly below the 2019 rates sought for Ms. MacLean and Ms. Bansal, both with at least five times Ms. Moshell's experience in 2019. The 2020 rate for Ms. Moshell was $740 an hour, higher than the 2020 rates requested for Ms. MacLean and Ms. Bansal.

23. **2022 Rates:** Attached at **Exhibit F** is the order approving fees for attorneys at McLane, Bednarski & Litt and the ACLU of Southern California, among other public-interest firms, in *Duncan Roy v. County of Los Angeles*, Case No.: 2:12-cv-09012-AB (FFMx). Because the court's order did not delineate the individual rates, I also provide at **Exhibit G** the Declaration of Barrett Litt in support of final approval of the class settlement. The requested rates and experience of each attorney are set out in a table at **Exhibit H**, p.19.

24. Among the attorneys approved for fees in *Roy* are Lindsay Battles, of McLane, Bednarski & Litt, a 2008 graduate with a 2021 rate of $770 an hour; Jennie Pasquarella of the ACLU of Southern California, a 2006 graduate with a 2021 rate of $775 an hour; and Ms. Bansal at the rate of $725 an hour. The EAJA rates for 2021 for Ms. Bansal and Ms. MacLean are the same rates approved in *Duncan Roy*.

25. **2022 Rates:** Attached at **Exhibit H** is a copy of the supporting fee declaration I provided for the ACLU of Southern California and Munger, Tolles & Olson, among others, in *Kidd v. Mayorkas*, 2021 U.S. Dist. LEXIS 79667 (Case No. 2:20-cv-03512 ODW-JPR). The 2022 rates included $855 an hour for Annie Lai, a clinical professor at UCI Law School and a 2006 law graduate, the same year as Ms. MacLean. The rates also included $820 an hour for Michael Kaufman, a 2007 law graduate at the ACLU of Southern California.

26. I also provided a declaration supporting rates for attorneys at Munger, Tolles & Olsen, including a 2022 rate of $1,150 for Jacob Kreilkamp, a 2003 law graduate with four years less experience in 2022 than Mr. Commons has now.

27. Applying an annual adjustment of 10 percent for 2023 and 2024, the equivalent rate for an attorney with 19 years of experience would be about $1,400 an hour. That does not include adjustment for the two years of additional experience for Mr. Commons in 2024. Another 10 percent for Mr. Commons' added experience brings the comparable 2024 rate to about $1,600 an hour,

28.     Attached at **Exhibit I** is the order in *Benjamin Woodhouse v. The United States Government, et al.*, Case No. 2:22-cv-00079-RGK (C.D. Cal. 2022) awarding fees to Austin Schwing, a partner in the San Francisco office of Gibson, Dunn & Crutcher at the 2022 rate of $1,310 an hour. Ex. 11, p.2.

29.     Attached at **Exhibit J** is Mr. Schwing's declaration in support of the motion for attorneys' fees, averring that the requested rate is the discounted rate the firm charges clients such as Facebook, Meta and other tech companies because of the volume of work they provide. Ex. 11, ¶ 9. I reviewed Mr. Schwing's biography on the firm's website and, on that basis, believe that he is a 2000 graduate of UCLA Law School with comparable qualifications to those of Mr. Arulanantham (1999) and Mr. Commons (2001). Mr. Schwing's approved discounted 2022 rate supports the 2022 rates sought for Mssrs. Arulanantham and Commons. It is less than five percent below the rate sought for Mr. Commons and almost 20 percent above the rate for Mr. Arulanantham.

30.     **2023 & 2024 Rates:** Attached at **Exhibit K** is the recent fee award by Judge Marshall to the law firm of Hadsell, Stormer, Renick and Dai in *Pineda v. City of Los Angeles*, Case 2:21-cv-06470-CBM-AS (C.D. Cal. April 19, 2024) [Doc. 195]. The motion was filed in 2023, seeking current market rates. The Court approved $915 an hour for Morgan Ricketts, $800 an hour for attorney Shaleen Shanbhag and $700 an hour for David Washington. The Court's order notes that Ms. Ricketts is a 2009 law graduate, Ms. Shanbhag is a 2014 law graduate and Mr. Washington was practicing eight years (2016). Ex.12, p. 7. I am very familiar with all three attorneys and reviewed the fee application submitted in *Pineda*. Ms. Ricketts graduated the same year as Ms. Bansal and was approved in 2023 at a rate higher than the rates requested for 2023 for Ms. Bansal (2009) and Ms. MacLean (2006) and just $60 below the rate sought for Mr. Arulanantham (1999), who has 10 years more experience than Ms. Ricketts.

31.     The 2023 and 2024 rates sought by Mr. Commons are also reasonable. I compared Mr. Commons' rates against those approved for Jacob Kreilkamp at Munger Tolles & Olsen in *Kidd*. Ex. 8. Applying an annual adjustment of 10 percent for 2023 and 2024 to the rate I supported for Mr. Kreilkamp of $1,150 for 2022 in *Kidd*, the equivalent rate for an attorney with 19 years of experience would be approximately $1,265 for 2023 and $1,400 an hour for 2024. This does not

1  include a step increase adjustment for the two years of additional experience for Mr. Commons.
2  Applying a five percent step increase for each year, the equivalent 2024 rate would be just under
3  $1,600 an hour.

4      32.    Attached at **Exhibit L** is an excerpt from the 2023 Real Rate Report showing rates for
5  attorneys in Los Angeles. The 2023 Real Rate Report was published in mid-2023.  Ex. 13, p. 2.  For
6  partners at firms with more than 1,000 attorneys, the Report reflects a mean trend of a 7- to 10-
7  percent increase in rates over each of the preceding two years.  It is my understanding, based on
8  reviewing the Sidley Austin website, that the firm has more than 2,000 attorneys.  With the Real
9  Rate Report data in mind, I applied an average 8.5 percent increase in rates for 2023 and 2024. The
10 rates sought by Mr. Commons are within the range of rates set out in the Real Rate Report. For
11 example, the third-quartile rate for partners practicing commercial litigation is $1,393 an hour for
12 firms with more than 1,000 attorneys. Ex. 12, p. 4. Applying an increase of 8.5 percent for 2023, the
13 third-quartile rate would be approximately $1,500 and the 2024 rate would be $1,630. Mr.
14 Commons' customary billing rates are consistent with these numbers as well as the rates found
15 reasonable in *Kidd v. Mayorkas*. See paragraph 25, *supra*.

16     33.    Based on the foregoing, it is my opinion that the enhanced EAJA rates sought by this
17 motion are well within the range of reasonable market rates for comparably skilled and experienced
18 attorneys.

19     I declare under penalty of perjury of the laws of the United States that the foregoing is true
20 and correct. Executed this 24th day of May, 2024 in Los Angeles, California.

                                                                                               _____
                                                                             Carol A. Sobel