# Exhibit B

**DECLARATION OF CAROL A. SOBEL**

I, CAROL A. SOBEL, declare:

1. I am an attorney admitted to practice in the State of California. I make this declaration in support of Plaintiffs' request for an award of attorneys' fees. The declaration is based on facts of which I have personal knowledge. If I were called to testify as a witness to these facts, I could and would do so competently.

2. I was admitted to the California Bar in December 1978, following my graduation from law school in May of 1978. For 20 years, I was employed by the ACLU Foundation of Southern California, including approximately 12 years as its First Amendment attorney. For the last seven years prior to my departure from the ACLU, I served as a Senior Staff Counsel. I left the ACLU to begin a private civil rights practice in late April 1997. Attached at Exhibit "1" is my current resumé.

3. My billing rate for 2018 is $990 an hour. I settled fees in several cases in 2017, applying a rate of $975 an hour to calculate the lodestar. These cases included *Schuler v. County of Orange*, 8:17-cv-00259 DOC KES (C.D. Cal. 2017). I did not file a motion for fees in 2016. In 2014 and 2015, several courts approved my rate of $875 an hour. In *Desertrain v. City of Los Angeles*, 754 F.3d 1147 (9th Cir. 2014), the Circuit granted the motion for fees and referred the matter to the Appellate Commissioner to determine the amount of the award. The parties then settled the trial court and appellate fees together with only an approximately 5 percent reduction of the appellate lodestar. In a second case in 2015, the Circuit panel approved the full award at $875 an hour. *See CPR for Skid Row v. City of Los Angeles*, 779 F.3d 1098 (9th Cir. 2015).

4. In 2012, I was paid my then full rate of $795 an hour by an insurance carrier in a non-contingency case before the Hon. Dean Pregerson of the Central District of California. *Federal Deposit Insurance Company v. Larry B Faigin,* 2:12-cv-03448-DDP-CW (C.D. Cal. 2012). In 2010, I was awarded fees at $725 an hour in *Long Beach Area Peace Network v. City of Long Beach*, 574 F.3d 1011 (9th Cir. 2009), a First Amendment case. In 2009, I was awarded fees at $710 an hour in *Fitzgerald v.*

*City of Los Angeles*, 2009 U.S. Dist. LEXIS 34803 (CD Cal. 2009), and in *Multi-Immigrant Worker Organizing Network ("MIWON") v. City of Los Angeles*, cv 07-7032 AHM, both police misconduct cases. In 2008, I was awarded fees at $695 an hour in *Jones v. City of Los Angeles*, cv-03-1142 R. *See* 444 F.3d 1118 (2006), *vacatur* per settlement, 505 F.3d 1006 (9th Cir. 2007), affirmed on appeal. 2014 U.S. App. LEXIS 1952 (9th Cir. Jan. 31, 2014).

5. My practice involves complex civil rights litigation and class actions, focusing primarily on the rights of homeless persons, First Amendment rights and police practices. I received several awards for my legal work over the years. In 2008, I was named a California Lawyer of the Year (CLAY) recipient for civil rights by California Lawyer Magazine and also named in the Top 75 Women Litigators in California by the Daily Journal Corporation. In 2007, I received an Angel Award from California Lawyer Magazine for pro bono work and also was named by the Daily Journal as one of the Top 100 Most Influential Lawyers in California. In 2013 and again in 2017, I was named one of the top women lawyers in Los Angeles. I have been named as a Superlawyer in the area of First Amendment and civil rights litigation for more than a decade. Additional recognition of my legal work is set forth in my attached resumé.

6. I have been qualified twice as an expert to testify at trial on issues concerning non-profit legal practice: once before the State Bar and once in Los Angeles Superior Court. Recently, the Second Appellate District noted my qualification as an expert on reasonable market rates for attorney fees. *See Jochimsen v. County of Los Angeles*, B223518 (2d Dist. June 23, 2011) (unpublished) (approving expert basis for opinion). My declarations and the supporting evidence of reasonable market rates have been repeatedly cited favorably by federal and state courts in awarding fees. For example, in *Nadarajah v. Holder,* 569 F.3d 906, 912-914 (9th Cir. 2009), the Ninth Circuit referenced my declaration with approval in support of the application of attorneys from the ACLU for fees under the Equal Access to Justice Act ("EAJA"). In *Torrance Unified School District v. Magee*, 2008 U.S. Dist. LEXIS 95074 (CD

1  CA 2008), granting fees under the federal IDEA statute, 20 U.S.C. §1415(i)(3)(c), the
2  Court cited my declaration as persuasive evidence of market rates. In *Atkins v. Miller*,
3  CV 01-01574 DDP (CD CA 2007), fees were awarded to a 1975 graduate at $675
4  an hour, citing to my declaration and that of Barry Litt to support the requested rates.
5  *Id*. at pp.8-9 and n.4. My declarations were also cited with approval in, among other
6  cases, *Orantes-Hernandez v. Holder*, 713 F.Supp.2d 963-964 (C.D.Cal.2010);
7  *Charlebois v. Angels Baseball LP*, SACV 10-0853 DOC (May 30, 2012); *Hiken v.
8  DOD*, 2013 U.S. Dist. LEXIS 118165 (N.D. Cal. Jan. 14, 2013); *Vasquez v.
9  Rackauckas*, 2011 U.S. Dist. LEXIS 83696 (C.D. Ca. 2011); *Rauda v. City of Los
10  Angeles*, 2010 U.S. Dist. LEXIS 138837 (C.D. Cal. 2010); *Dugan v. County of
11  Los Angeles*, cv-11-08145 CAS (C.D. Cal. March 3, 2014); and *Flores v. City of
12  Westminster*, SA-CV-11-0278 DOC (C.D. Cal. Oct. 23, 2014). The most recent
13  decision approving rates based, in part, on my declaration is *Webb v. Officer J.
14  Ackerman*, 13-cv-01992 PLA (C.D. Cal. January 4, 2018), Doc. 180, p.5.

15  7.  In addition, I have litigated statutory fee issues at the appellate level in
16  several cases. I was lead counsel before the California Supreme Court in *Tipton-
17  Whittingham v. City of Los Angeles*, 34 Cal.4th 604 (2004), the companion case to
18  *Graham v. Daimler-Chrysler*, 34 Cal.4th 533 (2004), establishing the continued
19  vitality of the "catalyst" fee doctrine in California courts. I was also lead counsel
20  in *Jones v. City of Los Angeles*, 555 Fed. Appx. 659 (2014), holding entitlement
21  to fees as a "prevailing party" based on the Ninth Circuit's necessary approval of
22  a settlement conditioned on vacatur of the panel decision.

23  8.  I have been asked to submit this declaration to attest to the
24  reasonableness of the fee rates requested by the counsel in this case. I am not being
25  compensated for my time in this matter.

26  9.  To prepare my declaration, I communicated with Victor Leung, Ahilan
27  Arulanantham and other attorneys at the ACLU by email on several occasions. I
28  reviewed the decision that is the basis of the fee motion. Based on my long time

1  involvement with the ACLU, I am very familiar with the three attorneys for whom
2  EAJA fees are sought.

3      10.   I am informed that the following enhanced EAJA rates are being sought
4  for the attorneys listed below at the historic rates listed for each year.

| Attorney | Graduation | 2014 | 2015 | 2016 | 2017 | 2018 |
|---|---|---|---|---|---|---|
| Ahilan Arulanantham | 1999 | 680 | 710 | 735 | 760 | 785 |
| Bardis Vakili | 2006 | 510 | 535 | 560 | 590 | 620 |
| Carmen Iguina | 2010 | 450 | 475 | 500 | 525 | --- |

9      11.   It is my opinion that the rates sought are reasonable for these attorneys.
10 I base my opinion on past fee awards for several of these attorneys and other
11 attorneys at the ACLU of Southern California, as well as other awards and
12 supporting declarations I reviewed over the course of the past few years, as described
13 more fully below, and the exhibits attached to my declaration.

14     12.   I have extensive experience with the methodology applied to set
15 reasonable market rates for public interest and civil rights attorneys who do not
16 have paying clients. When I was at the ACLU, I prepared numerous fee motions
17 under federal and state fee-shifting statutes for cases in which the ACLU
18 represented the prevailing party. I was responsible for preparing these motions in
19 cases in which I was directly involved in the underlying litigation, as well as in cases
20 brought by other staff attorneys and volunteer counsel for the ACLU.

21     13.   In this role, I obtained information on market rates through a variety of
22 sources that I continue to use to evaluate reasonable rates each year. I review
23 current billing rates and fees sought by, and awarded to, attorneys at large,
24 commercial law firms to establish rates for individuals of comparable experience at
25 public interest and civil rights firms. The attorneys at large commercial firms
26 handle similarly complex federal litigation and, in many instances, they are also
27 familiar with the skill and experience levels of various non-profit attorneys

because they serve as pro bono co-counsel in cases with the public interest bar.

14. It is my practice to use rates at large firms to establish market rates for civil rights lawyers based on my understanding that billing rates by lawyers at civil rights firms and public interest organizations at rates even marginally comparable to those of attorneys who do other types of complex litigation is consistent with the decision of the U.S. Supreme Court in *Blum v. Stenson*, 465 U.S. 886, 895 (1984) ("The statute and legislative history establish that 'reasonable fees' under [42 U.S.C.] § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel").

15. To analyze reasonable market rates, I apply several additional principles. First, I look to rates awarded to the same attorneys in previous cases because these are strong evidence of reasonable market rates. *See Chaudhry v. City of Los Angeles*, 751 F3d 1096, 1111 (9th Cir. 2014); *U.S. v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1106 (9th Cir. 2015); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 976 (9th Cir. 2008).

16. Next, I look to evidence of billing rates by attorneys engaged in similarly complex business litigation as an approved method of establishing reasonable market rates for civil rights attorneys who do not regularly bill clients on an hourly basis. *See Blum*, 465 U.S. at 895. This approach recognizes that almost all civil rights cases are taken on a contingency basis.

17. Third, I premise my opinion on the rule that the relative "simplicity" or "complexity" of a matter is reflected in the efficiency of the requested hours, not the lodestar rate of the attorney. *Van Skike v Director, Office of Workers' Compensation Programs*, 557 F3d 1041, 1046 (9th Cir. 2009).

18. I estimate that I review more than 100 fee motions, fee awards and supporting declarations each year. My practice is to obtain this information from

court orders awarding statutory fees or awarding fees as a discovery sanction. In addition, I subscribe to several websites that report legal news.

19. Attached at Exhibit 2 is a true and correct copy of the declaration I provided in support of the ACLU's fee motion for the ACLU of Southern California and other attorneys in *Franco-Gonzalez v. Holder*, 10-cv-02211 DMG (C.D. Cal.). As set forth in the Court's Order, the fees were settled with a discount of slightly more than 10 percent of the hours on a total demand of approximately $11 million. *Id.* (C.D. Cal. Oct. 8, 2015) [Doc. 866].

20. Both Ahilan Arulanantham and Bardis Vakili were counsel in *Franco*. Their 2015 EAJA rates were $710 and $535 an hour, respectively, the same historic rates requested for 2015 in this motion. Ex. 2, p.4. *Franco* also applied a 2015 rate of $490 an hour for ACLU attorney Victor Leung, listed as a 2009 law graduate. *Id.* At the time of the *Franco* fee motion, Mr. Leung had one year more of experience than Ms. Iguina had in 2015. With the same amount of experience, the rate requested for Ms. Iguina for 2016 is only $10 above the 2015 rate for Mr. Leung, a modest two percent increase. Her requested 2017 rate of $525 an hour is also reasonable when compared to the 2015 rate $510 an hour for Marisol Oriheula, listed as a 2008 law graduate. *Id.* With the same seven years of experience, Ms. Iguina's 2017 rate reflects slightly less than a three percent increase base rate increase over two years.

21. Attached at Exhibit 3 is the recent decision in *Webb v. Officer J. Ackerman*, a civil rights case involving police excessive force. Case No. 13-cv-09112-PLA (C.D. Cal. Jan. 4, 2018), Document 180. In *Webb*, the Court approved the 2017 rate of $650 an hour for Elliot Tiomkin, a 2006 law graduate. I provided a supporting fee declaration for Mr. Tiomkin, as noted in the court's opinion at p.5. In my view, Bardis Vakili is considerably more skilled in complex litigation than Mr.

Tiomkin, who had only one year less experience when he was awarded fees at the 2017 rate of $650 an hour.

22. Attached at Exhibit 4 is a true and correct copy of the order of the Los Angeles Superior Court approving attorney fees at 2013 rates to, among others, attorneys at Traber & Voorhees in *Hernandez v. Goliath, Inc.*, LASC BC 463953, a wage and hour class action. I provided a supporting declaration on rates for the motion for fees. Lauren Teukolsky was one of the attorneys awarded fees in *Hernandez*. I have known Ms. Teukolsky since shortly after she graduated from law school. Based on my personal knowledge, I believe her to be a 2000 law graduate. In 2013, she had one year more experience than Bardis Vakili has now. Five years later, Mr. Vakili seeks a 2018 rate that is $30 an hour below the 2013 rate approved for Ms. Teukolsky. In *Hernandez*, the 2013 rate approved for Laboni Hoq, with 12 years of experience then, was $585 an hour, just $35 below the 2018 hourly rate now sought for Mr. Vakili. Ex. 4, ¶9. This represents a base rate increase of six percent across five years, or 1.1 percent annually.

23. In my experience, rates increase in two ways each year: the base rates rise to bring rates in accord with market rates and step increases apply to the individual attorney rates as they gain more experience. Several courts have recognized that annual increases in rates may well be more than any increase in the cost-of-living. For example, in *Charlebois v. Angels Baseball, LP*, 2012 U.S. Dist. LEXIS 91069, cv 10-0853 DOC (C.D. Cal. May 30, 2012), the Court rejected the defense argument that the rate sought by plaintiff's counsel should be limited to what was awarded in prior years. "[C]ourts routinely recognize that fee rates increase over time based on a variety of factors." 2012 U.S. Dist. LEXIS 91069, *24.

24. The Court in *Charlebois* also cited to the decision in *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07-1512 ABC (OPx), 2012

WL 843623, *7 (C.D. Cal. Feb. 16, 2012), approving an increase of approximately 10 percent in one year because "[i]t is common practice for attorneys to periodically increase their rates for various reasons, such as to account for expertise gained over time, or to keep up with the increasing cost of maintaining a practice." This same principle was also applied in *Armstrong v. Brown*, 94-cv-002307 CW (N.D. Cal. Aug. 8, 2011) Dkt. #1919. Responding to the State's argument that the proposed increases in rates from 2008 to 2010 for plaintiffs' attorneys were too great, the Court noted that the 5 percent increase in rates each year "reflects only the across-the-board rise in firms' overall rates, not the increase in individual attorney's hourly rates for the additional experience accrued over the two-year period." *Id.* at *5.

25. Attached at Exhibit 5 is a 2017 order by Judge Staton approving a fee award to Talia Inlender at Public Counsel at $585 an hour, just $5 an hour below the rate now sought for Bardis Vakili, who had an additional year of experience in 2017. I provided a supporting fee declaration in the case and am aware that Ms. Inlender is a 2007 law graduate.

26. Attached at Exhibit 6 is the Declaration of Anna Rivera in support of the motion for attorney fees in *Garcia v. Los Angeles County Sheriff's Department*, 2:09-cv-08943-DMG-SH (C.D. Cal. 2017) [Doc. 443]. The Court's order approves the fees but does not set out specific rates. Among the attorneys for whom fees were sought in *Garcia* was Shawna Parks. I know Ms. Parks and have submitted declarations in support of motions in which she was an attorney. I have also consulted with her on disability issues. Based on that experience, I believe her to be a 1999 law graduate, the same year as Mr. Arulanantham. Both have prestigious backgrounds and enjoy reputations as highly skilled and experienced civil rights lawyers in my experience. Ms. Park's 2017 rate was $745 an hour, just $15 below the rate now sought for Mr. Arulanantham for 2017. Ex. 6, ¶66.

8

27. In *Garcia,* the 2017 rate for Carly Munson, listed as a 2006 law graduate, was $625 an hour and the 2017 rate for Eliot Field, a 2009 law graduate, was $525 an hour. *Id.* By comparison, Plaintiffs request a 2017 rate of $590 an hour for Bardis Vakili, also a 2006 law graduate, and $525 an hour for Carmen Iguina, a 2010 law graduate. In my opinion, Ms. Iguina's experience justifies an award at the same rate as Mr. Field despite the fact that he graduated a year earlier. Ms. Iguina clerked for Judge Stephen Reinhardt on the Ninth Circuit and is now clerking for Justice Sotomayor at the United States Supreme Court.

28. Attached at Exhibit 7 is a true and correct copy of the Declaration of Peter Bibring filed in support of the motion for post-appeal attorney fees in *Vasquez v. Ruckaukus*, 8:09-cv-01090-VBF-RNB. The Court's order approving the fees does not specify the rates approved. *Id.* [Doc. 532]. The district court approved fees for Peter Eliasberg and Peter Bibring, both attorneys at the ACLU of Southern California. I have worked extensively with both and have also provided supporting fee declarations in their cases, including in *Vasquez*. On that basis, I understand Mr. Eliasberg to be a 1994 law graduate and Mr. Bibring to be a 2002 law graduate. The 2014 rate for Mr. Eliasberg, with 20 years of experience, was $730 an hour. By comparison, with 19 years of experience, Mr. Arulanantham requests a rate of $785 an hour. The difference between the rate requested by this motion for Ahilan Arulanantham and the rate approved for Peter Eliasberg in 2014 is only $55 an hour. That is a 7.5 percent increase across four years, or 1.8 percent annually. Even taking into consideration the additional year of experience Peter Eliasberg had in 2014, the annual increase in the rate remains at about two percent annually.

29. The 2014 award to Peter Bibring at $640 an hour also supports the 2014 rate of $680 an hour sought for Ahilan Arulanantham. In 2014, Mr. Bibring had three years less experience than Mr. Arulanantham had in 2014. The difference

9

between their rates is only $40, which is 6.25 percent over three years, or approximately two percent a year.

30. Attached at Exhibit 8 is the 2014 order awarding fees in *Rodriguez v. County of Los Angeles*, cv-10-6342 CBM (C.D. Cal. 2014). The Court approved a rate of $600 for Kevin LaHue and $500 for Caitlin Weisberg, both at the firm of firm of Kaye, McLane, Bednarski & Litt. I am very familiar with all of the attorneys at the firm. Mr. Litt and I have co-counseled several cases over the past 25 years. More recently, I have worked with Dave McLane and other attorneys at the firm. In addition, I provided a declaration in support of Plaintiffs' fee motion in *Rodriguez*. On these bases, I am aware that Mr. LaHue is a 2004 law graduate and Caitlin Weisberg is a 2008 law graduate.

31. The 2014 award of $600 an hour to Kevin LaHue, then with 10 years of experience, is $80 less than the 2014 rate requested for Ahilan Arulanantham, who had five more years of experience in 2014 than Kevin LaHue. Again, the annual differential is a minimal increase of approximately 2.7 percent a year. In the same vein, the 2014 rate for Kevin La Hue is $40 an hour higher than the 2016 rate requested for Bardis Vakili, when he had 10 years of experience. The 2014 rate of $500 an hour for Ms. Weisberg, with six years of experience, is the same rate sought for Ms. Iguina in 2016, with the same amount of experience.

32. Attached at Exhibit 9 is the Declaration of Olu Orange, submitted in support of Plaintiffs' motion for approval of attorney fees in conjunction with the Court's approval of the class settlement in *Christian Rodriguez v. City of Los Angeles*, 2:11-cv-01135-DMG-PJW [Doc. 386-2]. Based on my review of the district court docket and my discussion with Mr. Orange, I understand that the parties reached a settlement of the attorney fees just a few days before the fee motion was scheduled to be heard. *Id.* [Doc. 403].

33. I am personally familiar with Olu Orange. He was a member of the legal team for a First Amendment class-action case I coordinated in 2007. Based on my personal interaction with Mr. Orange and my review of his declaration in *Rodriguez*, I believe him to be a 1998 law graduate. Mr. Orange's 2016 rate, when he had 16 years of experience, was $765 an hour. Ex. 9, ¶44.

34. Set out below is a chart that summarizes the comparative rates discussed in the preceding paragraphs. The chart identifies the exhibit to my declaration, the name of the attorney, the rate year used for the award, the amount of experience the attorney had at the time and the hourly rate.

| Ex. | Attorney | Year | Experience | Rate |
| --- | --- | --- | --- | --- |
| 2 | Ahilan Arulanantham | 2015 | 16 | $710 |
| 2. | Bardis Vakili | 2015 | 9 | $535 |
| 2. | Victor Leung | 2015 | 6 | $490 |
| 2. | Marisol Orihuela | 2015 | 7 | $510 |
| 3. | Eliot Tiomkin | 2015 | 11 | $650 |
| 4. | Lauren Teukolsky | 2013 | 13 | $600 |
| 4. | Laboni Hoq | 2013 | 12 | $585 |
| 5. | Talia Inlender | 2017 | 10 | $585 |
| 6. | Shawna Parks | 2017 | 18 | $745 |
| 6. | Carly Munson | 2017 | 11 | $625 |
| 6. | Eliot Field | 2017 | 8 | $525 |
| 7. | Peter Eliasberg | 2014 | 20 | $730 |
| 7. | Peter Bibring | 2014 | 12 | $640 |
| 8. | Kevin LaHue | 2014 | 10 | $600 |
| 8. | Caitlin Weisberg | 2014 | 6 | $500 |
| 9. | Olu Orange | 2016 | 18 | $765 |

11

35. Based on all of the foregoing and the attached exhibits, it is my opinion that the rates sought by Plaintiff's counsel in this motion are reasonable rates of compensation for attorneys of comparable skill, experience and reputation.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of August, 2018, in Santa Monia, California.

*Carol A. Sobel*

CAROL A SOBEL