UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTA RAMOS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>    Defendants. | Case No. 18-cv-01554-EMC<br><br>**ORDER RE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**<br><br>Docket No. 228 |

The Court **DEFERS** ruling on Plaintiffs' motion for attorneys' fees and **STAYS** proceedings pending a decision by the Supreme Court in *Lackey v. Stinnie*, No. No. 23-621. The Court exercises its discretion to stay pursuant to *Landis v. North Am. Co.*, 299 U.S. 248 (1936). *See 23andMe, Inc. v. Ancestry.com DNA, LLC*, No. 18-cv-02791-EMC, 2018 U.S. Dist. LEXIS 188327, at *7 (N.D. Cal. Nov. 2, 2018) (noting that "*Landis* is generally applied where there is a request to stay proceedings pending a decision in a *different* case") (emphasis in original). *Compare Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 824 (9th Cir. 2020) (indicating that the standard for a stay as articulated in *Nken v. Holder*, 556 U.S. 418 (2009), applies where the issue is whether there should be a stay pending appeal in the same case). Under *Landis*, there are "'three non-exclusive factors'" that are considered in deciding whether a stay is appropriate pending a decision in a different case:

> (1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" A district court's concern for the last factor, which courts refer to as "judicial efficiency," "standing alone is not necessarily a sufficient ground to stay proceedings."

*In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024).

Neither party has claimed any real injury or hardship should a stay be issued or not. Accordingly, in this case, the focus is on the orderly course of justice.  The Court agrees with the government that *Stinnie* has the potential to be dispositive of the pending motion or at least could inform the decision in this case.  *See Stinnie v. Holcomb*, 77 F.4th 200, 203 (4th Cir. 2023) (en banc) (addressing the issue of whether a plaintiff "who wins a preliminary injunction but – for whatever reason – does not secure a final judgment" can "qualify as a prevailing party").  As a result, a stay is appropriate, particularly as a stay should not be unduly lengthy.  *Stinnie* is now set to be heard by the Supreme Court in October 2024.  The parties shall file a status report within two weeks after the Supreme Court issues its decision in *Stinnie*.

**IT IS SO ORDERED**.

Dated: August 15, 2024

_____
EDWARD M. CHEN
United States District Judge