1  Ahilan T. Arulanantham (SBN 237841)
   arulanantham@law.ucla.edu
2  Stephany Martinez Tiffer (SBN 341254)
   martineztiffer@law.ucla.edu
3  CENTER FOR IMMIGRATION LAW AND
   POLICY, UCLA SCHOOL OF LAW
4  385 Charles E. Young Dr. East
   Los Angeles, CA 90095
5  Telephone: (310) 825-1029

6  Emilou H. MacLean (SBN 319071)
   emaclean@aclunc.org
7  Michelle (Minju) Y. Cho (SBN 321939)
   mcho@aclunc.org
8  ACLU FOUNDATION
   OF NORTHERN CALIFORNIA
9  39 Drumm Street
   San Francisco, CA 94111-4805
10 Telephone: (415) 621-2493
   Facsimile: (415) 863-7832

Attorneys for Plaintiffs National TPS Alliance, et
al. in related case *National TPS Alliance, et al. v.
Noem et al.*, No. 25-cv-1766
*[Additional Counsel Listed on Next Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CRISTA RAMOS, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>KRISTI NOEM, *et al.*,<br><br>    Defendants. | Case No. 3:18-cv-1554<br><br>***NATIONAL TPS ALLIANCE, ET AL.*, PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIV. L.R. 3-12 AND 7-11**<br><br>Hon. Edward M. Chen<br><br>Previously Related Case: Nos. 3:19-cv-00731<br><br>Case for Which Relation is Sought: *National TPS Alliance et al. v. Noem et al.* (Case No. 25-cv-1766) |

1  Additional Counsel for Plaintiffs National TPS Alliance, *et al.*

2  Jessica Karp Bansal (SBN 277347)
   jessica@ndlon.org
3  Lauren Michel Wilfong (pro hac vice forthcoming)
   lwilfong@ndlon.org
4  NATIONAL DAY LABORER
   ORGANIZING NETWORK
5  1030 S. Arroyo Parkway, Suite 106
   Pasadena, CA 91105
6  Telephone: (626) 799 3566

7  Eva L. Bitran (SBN 302081)
   ebitran@aclusocal.org
8  ACLU FOUNDATION
   OF SOUTHERN CALIFORNIA
9  1313 West 8th Street
   Los Angeles, CA 90017
10 Telephone: (213) 977-5236

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### *NATIONAL TPS ALLIANCE, ET AL.* PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE CASES

Pursuant to Civil Local Rule 3-12(b) and 7-11, Plaintiffs in *National TPS Alliance, et al. v. Noem, et. al.*, Case No. 25-cv-1766 (N.D. Cal. Feb. 19, 2025) ("*National TPS Alliance*") respectfully request that the *National TPS Alliance* case be related to *Ramos, et al. v. Nielsen et al.*, No. 3:18-cv-1554 (N.D. Cal. filed Mar. 12, 2018) and *Bhattarai, et al. v. Nielsen, et al.*, Case No. 3:19-cv-00731 (N.D. Cal. filed Feb. 10, 2019), two prior lawsuits that challenged unlawful decisions to end protections under the Temporary Protected Status ("TPS") statute, and which the Court already determined were related to each other (collectively, "*Ramos*"). *Ramos*, Case No. 3:18-cv-1554, Dkt. 142. Plaintiffs have not obtained a stipulation from Defendants because they are filing this motion concurrently with filing the complaint. Decl. of Emilou MacLean in Support of Motion to Relate Cases ¶ 3 ("MacLean Decl.").

**I.   INTRODUCTION AND APPLICABLE STANDARD**

Civil Local Rule 3-12 requires parties to "promptly" alert the court whenever a party knows or learns that an action filed in this district is related to an action "which is or *was* pending in this District," by filing an administrative motion in the lowest-numbered case. N.D. Cal. Civ. L.R. 3-12(b). Actions are related "when: (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). Both requirements are met here. Indeed, in *Ramos*, the Court granted an earlier motion to relate because of the overlap of Administrative Procedures Act ("APA") and Fifth Amendment Anti-Discrimination claims challenging unlawful TPS decisions. *Ramos*, Dkt. 142. Plaintiffs in *National TPS Alliance* similarly assert APA and Equal Protection claims to challenge an unlawful decision to end TPS protections.

## II. *NATIONAL TPS ALLIANCE* AND *RAMOS* ARE RELATED.

### A. *National TPS Alliance* And *Ramos* Involve The Same Parties And Substantially Similar Events And Claims.

Both *National TPS Alliance* and *Ramos* concern challenges to the process for evaluating and terminating TPS. Both involve the same core defendants: the Secretary of Homeland Security (in their official capacity), the United States Department of Homeland Security ("DHS"), and the United States of America. In addition, both concern the same core conduct: unlawful decisions to end TPS protections in violation of the APA and the Fifth Amendment. *Compare Ramos*, Dkt. 1 ¶¶ 9–11, *with* MacLean Decl., Ex. 1 ¶¶ 4–6. Specifically, both challenge the process that DHS and the Secretary employed to terminate TPS, alleging deviations from past practice and invidious discrimination. To the best of Plaintiffs' knowledge, no other district court in the Ninth Circuit has considered APA and Fifth Amendment claims relating to TPS. Finally, both actions include requests to preclude enforcement of TPS terminations, which raise jurisdictional questions already considered in *Ramos*.

### B. Relating *National TPS Alliance* And *Ramos* Will Conserve Judicial Resources And Avoid Inconsistent Results.

The *Ramos* Court resolved a number of legal and factual issues in *Ramos* that are likely to be presented again in *National TPS Alliance*. In *Ramos*, the Court decided a motion to dismiss, resolving a variety of jurisdictional and merits arguments relating to the types of APA and Anti-Discrimination claims asserted in *National TPS Alliance*. Defendants likely will renew some or all of those arguments in an effort to dispute the claims in *National TPS Alliance*. Second, in *Ramos*, the Court issued rulings on a host of discovery-related matters, such as whether Defendants must provide discovery and whether Defendants can shield from discovery evidence relating to discriminatory intent and their interpretation of, and purported compliance with, the TPS statute as "deliberative." Plaintiffs anticipate similar discovery issues will arise in *National TPS Alliance*. Third, in *Ramos*, the Court resolved a dispute concerning the proper scope of the administrative record in cases that include both APA and constitutional discrimination claims, and Plaintiffs in *National TPS Alliance* will similarly seek production of the administrative record and evidence related to their Anti-Discrimination claim. Fourth, in *Ramos*, the Court considered whether

1 | Defendants had deviated from past TPS practice, which required a detailed factual inquiry into the
2 | program's history involving many of the same facts that *Plaintiffs* in National TPS Alliance
3 | anticipate will be necessary to resolve their claim that Defendants have, once again, deviated from
4 | past practice without explanation. Fifth, in *Ramos*, the Court considered whether equitable relief was
5 | needed to prevent irreparable harm to TPS holders. Plaintiffs in *National TPS Alliance* also expect to
6 | seek emergency relief under the APA to postpone the effective date of TPS decisions, which will
7 | require making a similar determination about irreparable harm in the context of TPS litigation. That
8 | motion will seek relief based on similar legal theories as in *Ramos*, and many of the legal issues and
9 | standards will overlap with those presented in *Ramos*.

Given the close relation between the underlying facts and complexity of the overlapping issues in *Ramos* and *National TPS Alliance*, assigning *National TPS Alliance* to a different judge would cause undue burden and expense, and may lead to conflicting results. In short, the *Ramos* Court reviewed and opined on a number of legal and factual issues that are either the same as, or at least substantially similar to, those now raised in *National TPS Alliance*.

The *Ramos* Court is therefore best situated to preside over *National TPS Alliance* to avoid undue duplication of labor and expense, and eliminate the risk of "conflicting results" on matters that will bear on the rights of hundreds of thousands of individuals. Civ. L.R. 3-12(a)(2).

## III.  CONCLUSION

For the foregoing reasons, the *National TPS Alliance* Plaintiffs request that *National TPS Alliance* be related to *Ramos* pursuant to Civil L.R. 3-12(b) and 7-11.

Date:  February 19, 2025

Respectfully submitted,

ACLU FOUNDATION
OF NORTHERN CALIFORNIA

 /s/ *Emilou MacLean*
Emilou MacLean
Michelle (Minju) Y. Cho

Ahilan T. Arulanantham
Stephany Martinez Tiffer
CENTER FOR IMMIGRATION LAW AND
POLICY, UCLA SCHOOL OF LAW

Eva L. Bitran
ACLU FOUNDATION
OF SOUTHERN CALIFORNIA

Jessica Karp Bansal
Lauren Michel Wilfong (pro hac vice pending*)
NATIONAL DAY LABORER
ORGANIZING NETWORK

Attorneys for Plaintiffs National TPS Alliance *et al.* in *National TPS Alliance et al. v. Noem et al.*, No. 25-cv-1766

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record. I further certify that I caused true copies of the foregoing to be served by process service First Legal to defendants in *National TPS Alliance et al. v. Noem et al.*, Case No. 25-cv-1766 together with the Complaint and Summons in that case, by the following:

1. Hand delivery by process server on all defendants via the Process Clerk at the Northern District of California United States Attorney's Office, and

2. Certified U.S. First Class Mail delivery on all defendants at their official Federal mail stop address.

/s/ *Emilou MacLean*
Emilou MacLean