UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CRISTA RAMOS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.: 3:18-cv-1554<br>Case for Which Relation is Sought:<br>*National TPS Alliance et al. v. Kristi Noem, et al.* (Case No. 3:25-cv-1766)<br><br>DEFENDANTS' OPPOSITION TO MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED<br><br><br>Hon. Edward M. Chen |

Defendants, Kristi Noem, Secretary of Homeland Security ("DHS"), et al., hereby oppose Plaintiffs' (National TPS Alliance, et al. (hereinafter "NTPSA")) Motion to Consider Whether the Cases Should be Related because the above-captioned cases – which were brought seven years apart – do not concern substantially the same parties, property, transaction, or event, as required by Local Rule 3-12(b), and it will not be unduly burdensome to conduct the case before a different judge. *See* N.D. Cal. Civ. L.R. 3-12(a). Since NTPSA cannot show that these two cases are sufficiently related, the Court should reject Plaintiffs' use of the related-case mechanism, deny Plaintiffs' motion and reassign the matter pursuant to General Order 44.

I. **PROCEDURAL HISTORY**

   A. **The National TPS Alliance Action**

On February 19, 2025, NTPSA filed their Complaint in the Northern District of California. *National TPS Alliance, et al. v. Kristi Noem, et al.*, No. 25-cv-1766-EMC (hereinafter

1

Defendants' Opposition to
Plaintiffs' Motion to Relate Cases
18-cv-1554-EMC

referred to as "*NTPSA* Docket"), ECF No. 1; *see also Ramos*, ECF No. 250-1. NTPSA noted on the Civil Cover Sheet attached to the Complaint that the case should be related to *Ramos et al. v. Nielsen, et al.*, No. 3:18-cv-1554.[1] *NTPSA* Docket, ECF No. 1-1. Also on February 19, 2025, and before serving Defendants, NTPSA filed the instant Motion requesting that this Court determine whether the *National TPS Alliance*, No. 25-cv-1766, is related to *Ramos v. Nielsen*, No. 3:18-cv-1554-EMC. ECF No. 249. On February 20, 2025, the Court ordered Defendants to respond by February 25, 2025. ECF. No. 251.

The *NTPSA* Complaint challenges two of Secretary Noem's recent decisions relating to the Temporary Protected Status ("TPS") designation for Venezuela: (1) vacating a recently-published decision extending the 2023 designation of Venezuela for TPS, *Vacatur of 2025 Temporary Protected Status Decision for Venezuela*, 90 Fed. Reg. 8805 (Feb. 3, 2025; and (2) terminating the 2023 TPS designation for Venezuela, *Termination of the October 3, 2023 Designation of Venezuela for Temporary Protected Status*, 90 Fed. Reg. 9040 (Feb. 5, 2025). *NTPSA* Docket, ECF No. 1, *see also Ramos*, ECF 250-1. Specifically, NTPSA alleges that Secretary Noem does not have authority to vacate a previously issued TPS extension and, even if she did, the decision to vacate the extension was arbitrary and capricious in violation of the Administrative Procedure Act ("APA"). *Id.* at ¶¶ 3-4. The Plaintiffs further claim that Secretary Noem's termination of the 2023 Venezuela designation for TPS is unlawful and erroneous. *Id.* at ¶ 5.

---

[1] On February 21, 2025, the Court entered a docket entry assigning *NTPSA v. Noem* to Judge Chen and noted the filing date of February 19, 2025. *NTPSA* Docket, ECF No. 38.

Defendants' Opposition to
Plaintiffs' Motion to Relate Cases
18-cv-1554-EMC

     **B.**     **The *Ramos* Action**

On March 12, 2018, the *Ramos* Plaintiffs filed their Complaint in the Northern District of California. *See Ramos*, ECF No. 1. The original Complaint alleged that then-Secretary of Homeland Security Kirstjen Nielsen unlawfully terminated TPS designations for El Salvador, Haiti, Nicaragua, and Sudan, and that this action was contrary to the Plaintiffs' constitutional rights and the APA. Specifically, the Plaintiffs alleged that the TPS designations for the four countries had been in effect for decades, such that many TPS recipients now had minor United States citizen children who had the right to reside in the country with their parents. *Ramos*, ECF No. 1 at ¶ 8. The Plaintiffs also alleged that Secretary Nielsen's departure from decades of consistent interpretation and corresponding practice violated the APA. *Ramos*, ECF No. 1 at ¶ 11.

On August 24, 2023, the *Ramos* Plaintiffs filed an Amended Complaint, substituting then-Secretary of Homeland Security Alejandro Mayorkas for the prior Secretary Nielsen. *Ramos*, ECF No. 204. This Amended Complaint – i.e., the case at issue in Plaintiffs' motion to relate – was filed over five years after the original Complaint in *Ramos* and contains new claims based on polices enacted by a different Secretary of Homeland Security. *Id*. Specifically, Plaintiffs conceded that, through a temporary injunction and subsequent new TPS designations (Haiti and Sudan) and/or extensions (El Salvador, Honduras, Nepal, and Nicaragua) by the new Secretary, Plaintiffs were able to maintain their TPS. *Id.* at ¶ 5. However, Plaintiffs alleged that DHS failed to disavow the prior Secretary's interpretation of the statute, rendering Plaintiffs vulnerable to future TPS terminations based on the same legal theory utilized by the previous Secretary. *Ramos*, ECF No. 240 at ¶¶ 5, 8. The Amended Complaint also challenged the deadlines and registration fees imposed by the new TPS designations/extensions enacted by Secretary Mayorkas. *Id.* at ¶ 6.

On December 28, 2023, this Court granted the Defendants' motion to dismiss. ECF No. 222. Upon the *Ramos* Plaintiffs' notice that they did not intend to file another amended complaint, ECF No. 225, the Court ordered the case dismissed and entered a final judgment in favor of the Defendants. ECF Nos. 226, 227. The only outstanding issue in *Ramos* is that of attorney's fees.

## II.   THE CASES ARE NOT RELATED UNDER LOCAL RULE 3-12(a)

Under Civil Local Rule 3-12, related actions are those that: (1) "concern substantially the same parties, property, transaction, or event;" and (2) where "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. Civ. L.R. 3-12(a). The claims set forth in the *Ramos* action are not sufficiently related to the claims alleged in the *NTPSA* case under Local Rule 3-12(a) because they do not involve "substantially the same parties, property, transaction, or event." N.D. Cal. Civ. L.R. 3-12(b). Indeed, they do not share *any* of those features.

As a preliminary matter, to the extent the *Ramos* Plaintiffs make reference to the original Complaint filed in 2018, Plaintiffs' Motion to Relate, at 2, any such comparisons are improper, as that complaint was superseded by the Amended Complaint filed in 2023. For example, the NTPSA Plaintiffs contend that both cases "concern the same core conduct: unlawful decisions to end TPS protection in violation of the APA and Fifth Amendment" and "both [actions] challenge the process that DHS and the Secretary employed to terminate TPS, alleging deviation from past practice and discrimination." Plaintiffs' Motion to Relate, at 2. However, as Plaintiffs' citation makes clear, they seek to relate to the original *Ramos* Complaint filed seven years ago, not the Amended Complaint, which was filed after those challenged terminations had already been

mooted by subsequent administrative action. *See, e.g.*, Order Granting Defs.' Mot to Dismiss at 1, ECF No. 222.

Moreover, even if this Court were to look at the original *Ramos* Complaint to determine relation, that case dealt with decisions made by a different Secretary of Homeland Security, was filed seven years ago, and focused on the terminations of TPS designations for four other countries (and thus necessarily also had different plaintiffs). By contrast, the *NTPSA* Complaint challenges current Secretary Noem's decision terminating the recent Venezuelan TPS designation. ECF No. 1 at ¶¶ 1-4, 367.

While both lawsuits focus on a decision to terminate TPS country designations, that is where the overlap ends. Here, although Plaintiffs sue DHS, the parties are not the same – the recent decisions were made by a different Secretary. Moreover, each TPS country designation and termination is based on the specific events within the country at the time of the Secretary's decision and is also informed by the opinions of other government agencies, which take in account various foreign policy initiatives. *See* 8 U.S.C. § 1254a(b)(1). Yet, NTPSA's argument boils down to the belief that because the *Ramos* court reviewed jurisdictional claims, discovery requests, and the merits of the APA claims related to the termination of TPS designations for El Salvador, Haiti, Nicaragua, and Sudan, that these same issues will be litigated in *NTPSA*. But this contention is no more than the obviously incorrect argument that every case brought challenging action pursuant to the same statutory provision is inherently related. These surface-level arguments overlook the fact that the administrative records in these cases are wholly different, that the basis for the decision to terminate the TPS designation for any country is fact specific, that the decisions were made by a different official in a different Administration, and that seven years have passed since the decisions at issue in *Ramos*. Plaintiffs are unable show that the cases

"concern substantially the same parties, property, transaction, or event" as required under Local Rule 3-12(a)(1).

Finally, Plaintiffs seem to suggest that any termination of a TPS designation is necessarily unlawful, and allowing NTPSA to be heard by a different judge would "lead to conflicting results." Plaintiffs' Motion to Relate, at 3. Yet, judicial review of each action will be based on different administrative records comprised of separate facts such that assigning a single judge would do little to advance judicial efficiency. *See Nozolino v. Hartford Life & Acc. Ins. Co.*, No. 12-CV-04314-JST, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013) (rejecting claim that cases are related because they involve claims brought under a similar statute and have a similar defendant). Similarly, the cases would not result in an "unduly burdensome duplication of labor and expense" if conducted before different judges because of the seven-year time lapse between the two cases and the resulting vastly different (indeed opposite) procedural postures. *Ramos* is closed after years of extensive proceedings in both this Court and the Ninth Circuit reviewing decisions made in 2017 and 2018, while *NTPSA* has not yet even been served. And as noted, NTPSA involves a different TPS country designation, will entail review of a different administrative record, and involves factual allegation unique to Venezuela. The fact that both cases involve APA claims generally or that some aspect of the government is a defendant does not mean litigating the cases separately will be an unduly burdensome duplication of labor. Accordingly, Plaintiffs have also failed to meet the second prong of the Local Rule 3-12(a) related cases definition.

In short, Plaintiffs appear to believe that because this Court has decided a case involving TPS before, that it must now decide all such cases in perpetuity. But that contravenes "[t]he fundamental rationale for the general rule requiring random assignment of cases," which "is to

ensure greater public confidence in the integrity of the judicial process." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C.2000) (discussing D.D.C. Rule 40.3). The rule Plaintiffs advance would undermine the "guarantees [of] fair and equal distribution of cases to all judges," and encourage the very "public perception or appearance of favoritism in assignments, and [] opportunities for judge-shopping" the random assignment rule is supposed to prevent. *Id.*

### III.   CONCLUSION

In light of Plaintiffs' failure to show that the two cases share substantially the same issues, or that relating the cases would prevent conflicting decisions or conserve judicial resources, Defendants request that this Court deny the Motion to Consider Whether the Cases Should be Related and reassign *NTPSA v. Noem*, No. 25-cv-1766-EMC, pursuant to General Order 44.

Dated: February 25, 2025               Respectfully submitted,

Eric J. Hamilton
Deputy Assistant Attorney General

Andrew I. Warden
Assistant Director

*/s/ Christopher M. Lynch*
CHRISTOPHER M. LYNCH
(D.C. Bar No. 1049152)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St., N.W.
Washington, D.C. 20005
Telephone: (202) 353-4537
Facsimile: (202) 616-8470
Email: Christopher.M.Lynch@usdoj.gov

        Drew E. Ensign
        Deputy Assistant Attorney General
        Civil Division

        Sarah L. Vuong
        Assistant Director

        <u>/s/ *Lauren E. Bryant*</u>
        LAUREN E. BRYANT
        Trial Attorney
        New York Bar No. 5321880
        United States Department of Justice
        Civil Division
        Office of Immigration Litigation
        General Litigation and Appeals Section
        P.O. Box 868, Ben Franklin Station
        Washington, D.C. 20044
        Email: Lauren.e.bryant@usdoj.gov
        Telephone: (202) 305-0134

        *Counsel for Defendants*

Defendants' Opposition to
Plaintiffs' Motion to Relate Cases
18-cv-1554-EMC

## CERTIFICATE OF SERVICE

      I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Dated: February 25, 2025

                                        */s/ Christopher M. Lynch*
                                        Christopher M. Lynch
                                        Trial Attorney